IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-297 LY |
| | § | |
| | § | |
| DAVID ANDREW DIEHL | § | |

**MOTION FOR DISCOVERY AND INSPECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVID ANDREW DIEHL, the Defendant, and moves pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the fifth and sixth amendments to the United States Constitution to order the United States to produce and permit the defendant to inspect, copy or photograph each of the following items of evidence which through due diligence may become known to the government or its agents:

I.

Pursuant to the Local Rules of the Western District of Texas, defense counsel has engaged in informal discovery with the government. Assistant United States Attorneys have informed defense counsel that the government will comply with the requirements of Federal Rule of Criminal Procedure 16 and the United States Constitution.

II.

Diehl is charged in violation of 18 U.S.C. § 2251 (a) and § 2252 (a)(2).

III.

Defendant requests immediate notice and production of any and all statements made by him to law enforcement officers, whether they be written, oral or recorded, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government. Fed. R. Crim. P. 16(a)(1)(A).

IV.

The government may believe that Defendant has a criminal record.  If the government discovers the existence of such a record, the Defendant requests immediate notice and production of the same.  Fed. R. Crim. P. 16(a)(1)(B).

V.

The Defendant requests immediate notice and production of all physical and tangible evidence intended for use by the government in its case-in-chief, and evidence that is material to the  preparation of the defense, Fed. R. Crim. P. 16(a)(1)(C).  While the Defendant has not limited his request, Defendant specifically asks to inspect:

(a) All physical evidence including but not limited to videos;

(b) All expert reports;

(c) All documents and reports regarding the Defendant obtained during the investigation of this case;

(d) All documents or tangible evidence seized from the Defendant;

(e) any electronic files, computer files or records seized or other tangible evidence seized from Defendant;

VI.

The Defendant requests immediate notice and an opportunity to inspect the reports and results of any physical examinations or scientific tests or experiments conducted by the government or its agents, including, but not limited to, negative tests results, chemical, fingerprint, and handwriting analysis. Fed. R. Crim. P. 16(a)(1)(D).

VII.

The Defendant requests: (1) that the government disclose the existence of any and all conversations of the defendant or any alleged co-conspirator, which were recorded by video or audiotape or by any other means by the government agents or informants during the investigation and detection of this alleged offense, (2) that it inform the defendant of the time, place, contents and means of recording these conversations, and (3) that the complete recordings and transcripts thereof be made available to defense counsel immediately so that counsel may determine whether any of these conversations are admissible against Defendant pursuant to Fed. R. Evid. 801(d)(2)(E). See Fed. R. Crim. P. 16(a)(1)(C).

VIII.

The Defendant requests that he be apprised of the substance of any and all statements which the government alleges are admissible against him as the statements of an alleged coconspirator, pursuant to Fed. R. Evid. 801(d)(2)(E). See e.g., United States v. Thevis, 84 F.R.D. 47 (N.D. Ga. 1979).

IX.

The Defendant requests advance notice of any evidence of extrinsic acts by Defendant, which the government plans to introduce pursuant to Federal Rule of Evidence 404(b). Advance notice is necessary to enable Defendant to prepare adequate cross-examination and rebuttal. United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973).

X.

The defense requests a copy of all original notes and memoranda (whether handwritten, audiotaped or otherwise) that may have been made by an investigative agent in this case, including any person who may have been acting in an informer or undercover capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

XI.

The defense requests disclosure whether any government agent, informer, or anyone else acting at the direction or behest of the government, has talked with or communicated with the Defendant since the commencement of adversarial proceedings against Defendant. If so, Defendant requests identification of such individual(s) and disclosure of the surrounding circumstances. See United States v. Henry, 447 U.S. 264 (1980).

XII.

Defendant requests disclosure of any and all witness statements at least twenty-four hours before the witness testifies at trial to enable him to conduct an adequate cross-examination of the witnesses at trial.  This request includes, but is not limited to:  prior testimony including but not limited to grand jury testimony, prior written statements, the witness's reports, reports of prior oral statements, and the witness's notes.

XIII.

Defendant requests production of any and all evidence in the possession of the government or its agents, which would tend to exculpate the defendant, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), or which would impeach the government witnesses, <u>Giglio v. United States</u>, 405 U.S. 150 (1972). This specifically includes, but is not limited to:

> (a) any witness statements or other evidence that suggests that Defendant did not know of or agree to participate in any conspiracy,
>
> (b) any evidence that any persons who may have convinced Defendant to participate in the alleged conspiracy were government agents, informants or persons acting on behalf of the government;
>
> (c) any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications in the United States or in foreign jurisdictions attributed to each witness called by the government, including but not limited to relevant "rap sheets", and/or judgment and commitment orders;
>
> (d) any and all records and information revealing prior misconduct or bad acts attributed to the witness, particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness' truthfulness;

(e) the immigration status of any witness or informant who is not a United States citizen;

(f) any fees, payment of expenses and/or other material rewards given or offered to any government witness or informant;

(g) any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program;" informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony;

(h) any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness; any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against the witness; and probationary, parole, deferred government or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence;

(i) any and all informant files on the witness; the existence and identity of all federal, state and local government files on the witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer;

(j) the existence and identification of each occasion on which each witness who was or is an informer, accomplice, or expert, has testified before any court, grand jury, or other tribunal or body;

(k) any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information.  This request specifically includes information as to the witness' psychiatric history or "basic mental trouble;" the use of "lie detectors" and the results; the witness' use of narcotic or other drugs; and any occasions when the witness may have identified someone other than the defendant as the perpetrator of the alleged crime, failed to identify the defendant as the perpetrator, or failed to make any identification whatsoever.

XIV.

The Defendant requests that the following sentencing information be made immediately available for copy and inspection:

(a)  the name of any victims, the extent of injury and a description of how the injury occurred;

(b)   whether the victim was (1) vulnerable, see Federal Sentencing Guidelines § 3A1.1 (Nov 1, 1987), (2) an official victim, id. at § 3A1.2, and/or (3) whether any victim was restrained, id. at § 3A1.3;

(c)  the defendant's role in the offense, i.e. whether it was (1) aggravating, and to what extent, id. at § 3B1.1, (2) whether there are any mitigating factors, id. at § 3B1.2, and (3) whether the defendant abused a position of trust or used special skill; id. at § 3B1.3;

(d)  whether the defendant obstructed or impeded the proceedings and how, id. at § 3C1.1; and

(e)   whether there are any reasons for a departure from the Sentencing Guidelines.

XV.

Defendant would further show the Court that all of the above items requested are within the exclusive control of the federal government, or other agencies acting in

conjunction with the federal government, that inasmuch as Defendant, and his/her counsel, have no executive power, the materials requested herein are unavailable to Defendant.

WHEREFORE, PREMISES CONSIDERED, the Defendant, prays that this Honorable Court order the United States attorney to produce the above-mentioned evidence to Defendant's counsel for copy and inspection.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON,
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar No. 15317000

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2010, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Matt Devlin, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | NO. A-10-CR-297 LY |
| DAVID ANDREW DIEHL | § | |

**O R D E R**

Having considered the Motion of the Defendant, David Andrew Diehl, for Discovery and Inspection, the Court orders the following with respect to each request:

Defense request for production for copy and inspection:

III.   GRANTED/DENIED.

IV.   GRANTED/DENIED.

V.(a) GRANTED/DENIED.

V.(b) GRANTED/DENIED.

V.(c) GRANTED/DENIED.

V.(d) GRANTED/DENIED.

V.(e) GRANTED/DENIED.

V.(f) GRANTED/DENIED.

V.(g) GRANTED/DENIED.

V.(h) GRANTED/DENIED.

V.(i) GRANTED/DENIED.

V.(j) GRANTED/DENIED.

V.(k) GRANTED/DENIED.

V.(l) GRANTED/DENIED.

V.(m) GRANTED/DENIED.

V.(n)  GRANTED/DENIED.

V.(o)  GRANTED/DENIED.

V.(p)  GRANTED/DENIED.

V.(q)   GRANTED/DENIED.

VI.    GRANTED/DENIED.

VII.   GRANTED/DENIED.

VIII.   GRANTED/DENIED.

IX.    GRANTED/DENIED.

X.     GRANTED/DENIED.

XI.    GRANTED/DENIED.

XII.  GRANTED/DENIED.

XIII.(a) GRANTED/DENIED.

XIII.(b) GRANTED/DENIED.

XIII.(c) GRANTED/DENIED.

XIII.(d) GRANTED/DENIED.

XIII.(e) GRANTED/DENIED.

XIII.(f) GRANTED/DENIED.

XIII.(g) GRANTED/DENIED.

XIII.(h) GRANTED/DENIED.

XIII.(i) GRANTED/DENIED.

XIII.(j) GRANTED/DENIED.

XIII.(k) GRANTED/DENIED.

XIV.(a)  GRANTED/DENIED.

XIV.(b)(1) GRANTED/DENIED.

XIV.(b)(2) GRANTED/DENIED.

XIV.(b)(3) GRANTED/DENIED.

XIV.(c)(1) GRANTED/DENIED.

XIV.(c)(2) GRANTED/DENIED.

XIV.(c)(3) GRANTED/DENIED.

XIV.(d)   GRANTED/DENIED.

XIV.(e)   GRANTED/DENIED.

SIGNED   on the _____day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE