IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | NO. A-10-CR-297 LY |
| DAVID ANDREW DIEHL | § § | |

## MOTION IN LIMINE
## AND COMBINED MEMORANDUM OF LAW

(OTHER CRIMES, WRONGS, AND ACTS)
[RULE 103, 104, 403, 404(b) and 609, F.R.Ev.]

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant, David Andrew Diehl, in the above styled and numbered cause and makes this his Motion in Limine pursuant to Rules 103 and 104 of the Federal Rules of Evidence instructing the attorney for the Government, his representatives and witnesses to refrain from making any direct or indirect reference whatsoever, at trial before the jury of any other extraneous crimes or misconduct of the accused or other defense witnesses other than those specifically set out in the indictment presented in the above entitled and numbered cause or any crimes or misconduct until a hearing has been held outside the presence of the jury to determine the following:

(1)  Whether Defendant or witness was formally charged and convicted within the past ten (10) years of criminal conduct and the conviction carried a maximum punishment of more than one (1) year or criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609, F.R.Ev.

  (2)  If there was no conviction and the conduct is not offered for impeachment purposes, then whether the "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b), F.R.Ev., and then only in rebuttal.

  (3)  Even if said "other crimes" were to constitute one of the Rule 404(b) exceptions, whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading, unnecessary or cumulative pursuant to Rule 403, F.R.Ev.

  (4)  Defendant requests notice of such claimed 404b conduct by him.

And as grounds therefor, the Defendant would respectfully show unto this Honorable Court the following:

  (a)  That the Defendant may wish to take the stand and testify in his own behalf in said cause and may call witnesses on his behalf.

  (b)  That should the attorney for the Government, his representatives, or his witnesses be allowed to introduce evidence, make reference to, cross-examine the Defendant or defense witnesses with respect to, or otherwise leave the jury with an impression with respect to any other and extraneous crimes or misconduct by the accused or his witnesses other than those specifically set out in the indictment presented herein, would allow the attorney for the Government to get before the jury the fact that the Defendant or other defense witnesses committed other and extraneous offenses than the one for which he is on trial herein, which are remote in time and which are not relevant to the question of the Defendant's or other defense witnesses' truthfulness or veracity and

would further allow the attorney for the Government to get before the jury other crimes which do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the Government in their case in chief or which is immaterial and unnecessary to the disposition of this case.

  (c) That an ordinary objection during the course of trial even sustained with proper instructions to the jury will not remove such effect in view of its highly prejudicial content.

  WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Honorable Court to order and instruct the attorney for the Government, its representatives and its witnesses not to elicit or give testimony respecting, allude to, cross-examine respecting, mention or refer to any misconduct or alleged violations of the law, and to instruct the attorney for the Government, his representatives and witnesses not to elicit or give any testimony respecting, cross-examine respecting, mention or refer to any prior convictions in the presence and hearing of the jury until a hearing has been held outside the presence of the jury and before this Honorable Court to determine the above set out factors.  Defendant further requests notice of any alleged 404b conduct by him.

            Respectfully submitted,

            /s/ Stephen M. Orr
            STEPHEN M. ORR
            ORR & OLAVSON, P.C.
            804 Rio Grande Street
            Austin, Texas 78701
            (512) 472-8392
            FAX 473-8417
            Texas Bar No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2010, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Matt Devlin, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

                                             /s/ Stephen M. Orr
                                             STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | NO. A-10-CR-297 LY |
| DAVID ANDREW DIEHL | § § | |

**O R D E R**

On this date came to be considered Defendant's Motion in Limine and Combined Memorandum of Law and said Motion is hereby:

(GRANTED) (Denied)

SIGNED this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE