IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | No. A-10-CR-297 LY |
| § | |
| DAVID DIEHL § | |

**MOTION TO SUPPRESS STATEMENTS**
**and INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW David Diehl, the Defendant in the above styled cause, and moves for suppression of statements allegedly made by him, and would show the Court as follows:

I.

Law enforcement officers may have secured inculpatory admissions from the accused without the accused being first adequately advised of his warnings under the United States Constitution 5th Amendment and may otherwise constitute inadmissible oral statements. Such statements, if admitted into evidence, would be in violation of the United States Constitution 5th and 14th Amendments. Any and all fruits of such statements themselves should be in all things suppressed from evidence.

II.

A.  ANY STATEMENTS MADE BY THE DEFENDANT WERE THE RESULT OF AN INVALID *MIRANDA* WAIVER, AND MUST BE SUPPRESSED.

Even if the Government contends that the Defendant was read his rights and waived them, the Government bears the burden of proving the validity of *Miranda* waiver.  *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).  The relinquishment of the rights inherent in the *Miranda* process must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception."  *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

B.  THE COERCED AND INVOLUNTARY STATEMENTS OF THE ACCUSED MAY NOT BE USED AGAINST HIM AT TRIAL.

Since *Oregon v. Elstad* 470 U.S. 290, 105 S.Ct. 1285 (1985), "the test by which to evaluate whether a defendant's underlying Fifth Amendment right against compelled testimony is still the due process voluntariness test."  *United States v. Cherry,* 794 F.2d 201 (5th Cir. 1986).  "[T]he admission of a confession not obtained in violation of *Miranda* will still violate due process if the confession was given involuntarily."  *United States v. Murphy*, 763 F.2d 202, 205 (5th Cir. 1985).

The question of voluntariness is to be answered "with complete disregard of whether or not [the suspect] in fact spoke the truth."  *Murphy, supra*, at 207.  *See*,

*Rogers v. Richmond, supra*, 365 U.S. at 544, 81 S.Ct. at 741 (1961).  The Constitution demands that in order to be admissible in court, they must be the result of the exercise of "a rational and free will." *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416 (1978).  The statements must be voluntary, or should in all things be suppressed.

C.   ANY TANGIBLE EVIDENCE OBTAINED AS A RESULT OF STATEMENTS MUST BE SUPPRESSED.

Statements given or purportedly given by the defendant may not be the result of coercive interrogation by the officers.  All evidence derived from the Defendant's coerced statements, both testimonials and non-testimonial, must therefore be suppressed.

The Supreme Court has held that the exclusion of derivative evidence as fruit of a poisoned tree can be justified to deter coercive violative of the Fifth Amendment.  *Michigan v. Tucker*, 417 U.S. 433, 94 C.Ct. 2357 (1974). The derivative evidence rule operates "when an actual constitutional violation occurs, as where a suspect confesses in response to coercion." *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445 (1985).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court grant this instant motion and suppress any alleged statements and all fruits thereof.

          Respectfully submitted,

          /s/ Stephen M. Orr
          STEPHEN M. ORR
          804 Rio Grande Street
          Austin, Texas 78701
          (512) 472-8392  Phone
          (512) 473-8417  Fax
          State Bar No. 15317000

## CERTIFICATE OF SERVICE

     I hereby certify that on the 9th day of July, 2010, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Matt Devlin, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

          /s/ Stephen M. Orr
          STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| VS. | §   No. A-10-CR-297 LY |
| | § § |
| DAVID DIEHL | § |

**O R D E R**

on Motion to Suppress Statements

On this day came to be heard the Motion to Suppress Statements filed by Defendant in the above cause and the court hereby orders that such motion be

(granted)                    (denied).

SIGNED AND ORDERED this the _____ day of _____, 2010.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE