IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | No. A-10-CR-297 LY |
| § | |
| DAVID DIEHL § | |

**MOTION FOR BILL OF PARTICULARS
AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David Diehl, Defendant in the above styled and numbered cause, and respectfully moves the court for an order to compel the Government to produce a bill of particulars, and would the court the following:

**I. THE INDICTMENT FAILS TO PROVIDE NOTICE TO THE DEFENDANT**

Under Federal Rule of Criminal Procedure 7(f), a motion for a bill of particulars should be granted where necessary for the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987). The principal function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been indicted, especially in instances where the indictment itself does little more than track the language of the statute allegedly violated. *United States v. Salazar*, 485 F.2d 1272, 1278 (2nd Cir. 1973). The indictment in this case merely tracks the language of the statute involved, and

the defendant cannot divine from the indictment what the government has actually accused him of doing.  The indictment fails to allege the manner and means of each offense.

Specifically, in Counts One and Two, the indictment has mere bare assertions that the materials used have been mailed, shipped, and transported in interstate and foreign commerce. Without further detail in the allegations, asserting how the materials were sent via interstate and foreign commerce, the defendant does not have enough notice to properly defend himself against the allegations.  In addition, Counts One and Two state that the defendant knew and had reason to know that the visual depictions would be transported in interstate and foreign commerce, but fails to allege how precisely the defendant knew or had reason to know.

In all counts the indictment uses the term "visual depiction" without giving notice of the type of visual depiction. By the terms of the indictment the government could be alleging motion picture film, photographs, video, drawings or paintings.

In Counts Three and Four, the indictment includes the bare assertion that a visual depiction had been mailed and had been shipped and transported in interstate and foreign commerce, and it contained materials which had been so mailed and shipped and transported.

The indictment is a bare assertion tracking the language of the statute, and provides the defendant with no notice of how exactly it is alleged that he distributed this material or how any materials had moved in interstate commerce or what the materials were

The defendant cannot defend himself without an adequate allegation of the manner and means of how he violated the statutes involved here.  The assertion that he broke the law, without explaining how, does not provide proper notice of the essential facts of the case. The defendant could prosecuted for any number of "visual depictions" under the general allegations of the indictment.

The defendant is entitled to the requested bill of particulars under the United States Constitution Fifth Amendment due process and double jeopardy provisions and the United States Constitution Sixth Amendment right to effective assistance of counsel.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the court grant this motion, and compel the Government to produce a bill of particulars, as mandated under Federal Rule of Criminal Procedure 7(f).

Respectfully submitted,

/s/ Stephen M. Orr_____
STEPHEN M. ORR
ORR & OLAVSON, P.C.
804 Rio Grande
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
Texas Bar No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2010, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Matt Devlin, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| VS. | § No. A-10-CR-297 LY |
| | § § |
| DAVID DIEHL | § |

**O R D E R**

**on Motion for Bill of Particulars**

On this day came to be heard the Motion for Bill of Particulars filed by Defendant in the above cause and the court hereby orders that such motion be

(granted)            (denied).

SIGNED AND ORDERED this the _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE PRESIDING