IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-297 (LY) |
| | § | |
| DAVID ANDREW DIEHL | § | |


**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**


TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW David Andrew Diehl, the Defendant, by and through his undersigned counsel, and respectfully moves to dismiss the charge against him and would show the Court as follows:

## I. CONGRESS LACKS THE AUTHORITY UNDER THE COMMERCE CLAUSE TO REGULATE WHOLLY INTRASTATE PRODUCTION OF CHILD PORNOGRAPHY

The defendant in this case is charged of two separate counts each under 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a) with the offenses of Sexual Exploitation of a Child/Production of Child Pornography and Distribution of Child Pornography. However, analyzing these two statutes under the factors established by the Supreme Court in determining whether there is a sufficient nexus to establish federal jurisdiction shows that these statutes plainly do not possess a sufficient nexus to justify federal jurisdiction. *United States v. Morrison*, 529 U.S. 598 (2000); *United States v. Lopez*, 514 U.S. 549 (1995).

In Lopez, the Supreme Court identified the following three categories of activity that Congress is permitted to regulate under its commerce power:

> (1) channels of interstate commerce; (2) instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) activities that substantially affect interstate commerce.

*Lopez*, 514 U.S. at 558-59. The Court analyzed the Gun Free School Zones Act of 1990 ("GFSZA"), 18 U.S.C. § 922(q)(1)(A), under the third category (i.e., activities that substantially affect interstate commerce) and determined that the statute was unconstitutional.

In Morrison, the Court established what is now the controlling four-factor test for determining whether a regulated activity "substantially affects" interstate commerce. These considerations are: (1) whether Congress made findings regarding the regulated activity's impact on interstate commerce; (2) whether the statute contains an "express jurisdictional element" that limits it reach; (3) whether the regulated activity is commercial/economic in nature; and (4) whether link between the prohibited activity and the effect on interstate commerce is attenuated. *Morrison*, 529 U.S. at 610-12.

Under the factors described in *Lopez* and *Morrison*, the statutes in question in this case are overboard and extend beyond the authority given to Congress under the Commerce Clause.  An indictment that only alleges the mere production and even distribution of child pornography, without specific allegations of how interstate and/or

foreign commerce was involved in those actions fails to establish requisite nexus to authorize federal jurisdiction over those activities.

Other circuits have applied a later Supreme Court case, concerning the production of medical marijuana in California, to justify the lack of a federal nexus in child pornography cases. *Gonzales v. Raich*, 545 U.S. 1 (2005).  The distinction is the inherent commercial nature of the two activities.  Clearly, the production of medical marijuana is an economic activity, whereas neither the production nor the distribution of child pornography is inherently commercial.  Therefore, to apply the analysis in *Raich* would be erroneous, given the differences between the inherent commercial nature of the two activities.

## II.   18 U.S.C. §§ 2251(a) AND 2252(a) ARE VAGUE, UNCERTAIN, AND IN VIOLATION OF THE UNITED STATS CONSTITUTION FIFTH AMENDMENT DUE PROCESS CLAUSE.

A criminal statute is unconstitutionally vague if it does not define the criminal offense with enough specificity to provide people of ordinary intelligence with notice of what is prohibited or if it fails to provide explicit standards to prevent arbitrary and discriminatory enforcement.  *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983).  With First Amendment issues, the undesirable effect of self-censorship makes this a heightened concern. *Baggett v. Bullitt*, 377 U.S. 360, 372, 12 L. Ed. 2d 377, 84 S. Ct. 1316 (1964).

The language in the statutes do not provide clear and adequate notice of the activity that it regulates.  Ordinary citizens and those charge with enforcing the law cannot readily understand what is prohibited.

## III.   THE INDICTMENT IS OVERLY VAGUE, AMBIGUOUS AND BROAD

In all criminal prosecutions, the accused shall enjoy the right to be informed of the nature and cause of the accusation.  Sixth Amendment, United States Constitution.  The above-styled indictment is overly vague, ambiguous and broad.  The indictment does not provide adequate notice of the offense for which the Defendant is charged.  The indictment does not provide sufficient notice to allow the Defendant to  properly prepare for trial in violation of United States Constitution Fifth Amendment due process and double jeopardy provisions and the United States Constitution Sixth Amendment right to effective assistance of counsel.  The indictment would not serve as an adequate bar to future prosecutions in violation of  the United States Constitution Fifth Amendment double jeopardy provision.

The indictment is a bare assertion tracking the language of the statute, and provides the defendant with no notice of how exactly it is alleged that he distributed this material or how any materials had moved in interstate commerce or what the materials were

The defendant cannot defend himself without an adequate allegation of the manner and means of how he violated the statutes involved here.  The assertion that he broke the law, without explaining how, does not provide proper notice of the essential facts of the case. The defendant could prosecuted for any number of "visual depictions" under the

general allegations of the indictment.  In all counts the indictment uses the term "visual depiction"  without giving notice of the type of visual depiction. By the terms of the indictment the government could be alleging motion picture film, photographs, video, drawings or paintings.

WHEREFORE, PREMISES CONSIDERED, the defendant requests that his motion be in all things granted, and that a ruling on this motion not be delayed until the trial of  this cause.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande St.
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
Texas Bar No. 15317000

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2010, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.


Matt Devlin
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §          NO. A-10-CR-297 (LY)
                                  §
DAVID ANDREW DIEHL                §

**O R D E R**

On this date came on to be considered Defendant's Motion to Dismiss and Incorporated Memorandum of Law and said Motion is hereby:

(GRANTED) (Denied).

SIGNED this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE