**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO THE**
**DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the United States Attorney for the Western District of Texas, files this response to the Defendant's motion filed herein and would show the Court that good cause does not exist for the granting of a bill of particulars under the particular facts of this case and, therefore, said motion should be, in all things, denied.

I.

The purpose of a bill of particulars is to inform the accused of the charge against him with sufficient precision so as to enable such defendant to prepare his defense, to avoid or minimize the danger of surprise at trial, or enable such defendant to plead his acquittal or conviction in bar of further prosecution of the same offense. Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Hawkins, 661 F.2d 436, 451 (5th Cir. 1981), cert. denied, 456 U.S. 991 (1982); United States v. Burgin, 621 F.2d 1352 (5th Cir. 1980); United States v. Haas, 583 F.2d 216 (5th Cir. 1978), cert. denied, 440 U.S. 981 (1979); United States v. Davis, 582 F.2d 947 (5th Cir. 1978), cert.

denied, 441 U.S. 962 (1972); United States v. Beardon, 423 F.2d 805 (5th Cir.), cert. denied, 400 U.S. 836 (1970).

## II.

The Defendant is not entitled to a bill of particulars with respect to information which is already available to him.  Demetree v. United States, 207 F.2d 892 (5th Cir. 1953).  A bill of particulars is not an investigative tool for the defense and is not available as a tool "to obtain detailed disclosure of the Government's evidence prior to trial."  United States v. Burgin, supra; United States v. Hajecate, 684 F.2d 894, 898 (5th Cir. 1983), cert. denied, 102 S.Ct. 2086 (1983); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Anderson, 481 F.2d 685 (5th Cir.), aff'd, 417 U.S. 211 (1974); United States v. Perez, 498 F.2d 51 (5th Cir. 1973); Downing v.  United States, 348 F.2d 594 (5th Cir. 1965).

## III.

An inquiry into the Government's legal or evidentiary theory as to the means by which the Defendant committed specific criminal acts is not a proper subject or purpose for a bill of particulars.  United States v. Hajecate, supra; United States v. Hawkins, supra; United States v. Burgin, supra; United States v. Kilrain, supra; United States v. Anderson, supra; United States v. Leonelli, 428 F.Supp. 880 (S.D. N.Y. 1977); United States v. Bozza, 234 F.Supp.  15 (E.D. N.Y. 1964); United States v. Kahaner, 203 F.Supp. 78 (S.D. N.Y. 1962), aff'd, 217 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836 (1963).

## IV.

If required to furnish particulars, the Government would be unduly confined in its theory of proof.  United States v. Flom, 558 F.2d 1179, 1185-1186 (5th Cir. 1977).

2

V.

A defendant may not use a motion for a bill of particulars to compel the disclosure of a Government's witness list.  United States v. Largent, 545 F.2d 1039 (6th Cir. 1976), cert. denied, 429 U.S. 1098 (1977); United States v. Pena, 542 F.2d 292 (5th Cir. 1976).  In effect, that is what the Defendant is requesting in part.

VI.

The allegations of production and distribution of child pornography in the Superseding Indictment are specific and clear.  To grant a bill of particulars would amount to a disclosure of evidence prior to trial which is not a recognized purpose of a bill of particulars.  United States v. Anderson, supra.

In United States v. Poulin, 588 F.Supp.2d 64 (D. Me. 2008), which also involved a charge of production of child pornography under 18 U.S.C. § 2251(a), the district court denied the defendant's motion for a bill of particulars given that the indictment informed the defendant of (1) the start and end dates of the alleged crime; (2) the jurisdiction within which the alleged crime occurred; (3) the specific nature of the crime; (4) the nexus between the crime and interstate or foreign commerce that the government claimed; (5) the statute under which the defendant was being charged; and (6) the purported applicable penalty provision.  The district court also found it significant that the government took an "open file" approach to discovery, which included preparing a detailed spreadsheet of video footage that the government deemed to be actionable.

In the instant case, the Superseding Indictment meets the significant factors identified in Poulin.  Moreover, the United States has taken a similar, open approach to discovery as the government did in Poulin.  Not only has defense counsel – and the Defendant – been afforded

3

opportunities to review the alleged child pornography itself, which, to date, has been entirely comprised of videos, the United States has provided the defense with numerous witness statements subject to the Jencks Act, which normally would not be required to be disclosed until after the direct examination of each witness at trial.  The defense is also well aware of the true identities of the minor victims identified in the Superseding Indictment.

VII.

The Defendant has stated that the nature of the case at bar necessitates granting his motion for a bill of particulars to prevent surprise and permit him to better understand the nature of the charges against him.  It has been held that absent a showing that the Defendant would be genuinely surprised at trial and, therefore, incur prejudice to him substantial rights, there is no abuse of discretion in denying such a motion.  It is the Government's contention that no such demonstration can be made under the facts of this case, and as such, the Defendant's motion should be denied. United States v. Martino, 648 F.2d 367 (5th Cir. 1981).

In particular, the Superseding Indictment charges Defendant with two counts of Production of Child Pornography and two counts of Distribution of Child Pornography.  The elements of the statutes at issue have been clearly and explicitly alleged, as the Defendant readily concedes; no further allegations, including manner and means, need be included.  The Defendant is well apprised of the fact that he is charged with producing child pornography, and distributing that child pornography via the Internet.  The Defendant has been provided with legally adequate notice of the offenses he will face at trial and is sufficiently protected from double jeopardy.  Accordingly, a bill of particulars is not warranted.

The Defendant also complains that the term "visual depiction" as alleged in the Superseding

4

Indictment is vague.  "Visual depiction," for purposes of the charged offenses, is clearly defined at

18 U.S.C. § 2256(5) (West 2000) and does not include "drawings" or "paintings."  In addition,

discovery that has been, and will continue to be, made available to the defense includes all visual

depictions that the government may introduce at trial.

VIII.

The Defendant is unable to demonstrate any prejudice or point to the withholding of any fact

of information which causes actual surprise or injury.  The Defendant has not been charged with

merely "breaking the law."  Each count of the Superseding Indictment clearly alleges the offense

which he is being charged with violating.  Further, it is well established that generalized discovery

is not a permissible goal of a bill of particulars.  United States v. Hawkins, supra; United States v.

Burgin, supra; United States v. Kilrain, supra; United States v.  Davis, supra; United States v.

Anderson, supra.

In United States v. Davis, supra, a case appealed from the Western District of Texas, the

Fifth Circuit stated:

> The purpose of a bill of particulars is to inform an accused of the charge with suffi-
> cient precision to reduce trial surprise, to enable adequate defense preparation, and
> critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy
> [citations omitted]. The determination of whether a given bill falls within or exceeds
> those permissible purposes is seldom subject to precise line drawing.  More often,
> it is an exercise calling for discreet decisions properly infused with the ambience of
> the trial scene and tailored to fit the facts before the trial judge.  Not surprisingly
> then, in passing on motions for a bill of particulars, a trial court is afforded
> substantial discretion.  When appellants are unable to demonstrate any prejudice or
> point to the withholding of any fact or information which caused actual surprise or
> injury, they have not demonstrated abuse of that discretion.  Defendants have so
> failed . . . .  Furthermore, it is well established that generalized discovery is not a
> permissible goal of a bill of particulars.  Curiously, defendants concede that their
> purpose in filing a bill of particulars was to obtain such discovery.

*Davis*, 582 F.2d at 951.

5

IX.

The Government would respectfully oppose the granting of a bill of particulars and request that the Court deny the Defendant's motion.  The charges are stated precisely in the language of the statute, and the offenses involved are unmistakenly identified.  Further, once convicted or acquitted, the Defendant could surely plead double jeopardy successfully were he again to be so charged.

X.

From the Superseding Indictment and other information presently available to the Defendant, he is adequately knowledgeable of the charge against him to prepare for trial, to avoid surprise and to plead double jeopardy in the event of a new prosecution, which is the purpose of a bill of particulars to apprise him of where material information is lacking.

In even very complex cases, trial courts have exercised their discretion in denial of motions for a bill of particulars and have upheld on appeal.  See United States v. Martino, supra.

XI.

WHEREFORE, premises considered, the Government urges the Court to deny the Defendant's Motion for a Bill of Particulars in this cause.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

By:     **/s/ Matthew Devlin**
                _____

MATTHEW B. DEVLIN
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas  78701
(512) 916-5858
Fax  (512) 916-5854
State Bar No. 00795012

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Stephen M. Orr, Esq.
804 Rio Grande Street
Austin, Texas  78701
(512) 472-8392
Fax (512) 473-8417
State Bar No. 15317000
*Attorney for Defendant*

**/s/ Matthew Devlin**
_____

MATTHEW B. DEVLIN
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

Came on to be considered the Defendant's Motion for Bill of Particulars, and the United States' response in opposition thereto, and the Court, having considered same, finds said motions lack merit and should be denied.  Accordingly,

**IT IS ORDERED** that the foregoing motion be, and is hereby, DENIED.

**SIGNED** this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE