**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2010 OCT 19  PM 4: 45

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | CRIMINAL NO.  **A-10-CR-297 LY** |
| | § | |
| **Plaintiff,** | § | |
| | § | **S E C O N D** |
| | § | **S U P E R S E D I N G** |
| **v.** | § | **I N D I C T M E N T** |
| | § | |
| | § | |
| **DAVID ANDREW DIEHL,** | § | [Vio: 18 U.S.C. § 2251(a) – Sexual |
| | § | Exploitation of a Child / Production of Child |
| **Defendant.** | § | Pornography (10 counts)] |
| | § | |
| | § | |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**Sexual Exploitation of a Child / Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

In or about June 2000, in the Western District of Texas, the Defendant,

**DAVID ANDREW DIEHL**

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #1,"

a female child known to the Grand Jury then under the age of eighteen years, to engage in sexually

explicit conduct, namely, masturbation and the lascivious exhibition of the genitals and pubic area

of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which

visual depiction was transported in interstate and foreign commerce, and mailed.

The visual depiction included, but was not limited to, one or more of the following videos

of child pornography:

        1.     A video approximately 3 minutes and 49 seconds in duration, which was recorded inside a tent, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #1. Jane Doe #1 is seen mostly laying on her back.

        2.     A video approximately 3 minutes and 8 seconds in duration, which was recorded inside a tent, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #1. Jane Doe #1 is seen mostly laying on her front.

        All in violation of Title 18, United States Code, Section 2251(a).

## COUNT TWO
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

        Between in or about February 1999 and November 2000, in the Western District of Texas, the Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #2," a female child known to the Grand Jury then under the age of eighteen years, to engage in sexually explicit conduct, namely, masturbation, oral-genital sexual intercourse, and the lascivious exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce, and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 1 minute and 20 seconds in duration, which was recorded inside a cabin, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #2.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT THREE
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

Between in or about February 1999 and November 2000, in the Western District of Texas, the Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #2," a female child known to the Grand Jury then under the age of eighteen years, to engage in sexually explicit conduct, namely, genital-genital, oral-genital and anal-genital sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce, and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 3 minutes and 4 seconds in duration, which was recorded in a bedroom of Defendant's DIEHL's former residence in Austin, Texas, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #2.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT FOUR
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

Between in or about February 1999 and November 2000, in the Western District of Texas, the Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #2," a female child, and "John Doe," a male child approximately 3 years old, who are known to the Grand Jury and were then under the age of eighteen years, to engage in, and assist another person to engage in, sexually explicit conduct, namely, oral-genital sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce, and mailed.

In particular, the visual depiction consists of a video comprised of two video segments of child pornography that is approximately 7 minutes and 8 seconds in total duration. The video segments were recorded in a bathroom and a bedroom of Defendant DIEHL's former residence in Austin, Texas.

1.      The first video segment (approximately 3 minutes and 24 seconds in duration) was recorded in a bathroom and depicts Jane Doe #2 and John Doe engaged in sexually explicit conduct in a bathtub.

2.      The second video segment (approximately 3 minutes and 44 seconds in duration) was recorded in a bedroom and depicts Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #2. Jane Doe #2 is nude and wearing a man's tie around her.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT FIVE
**Sexual Exploitation of a Child / Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

Between in or about February 1999 and November 2000, in the Western District of Texas, the Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #2," a female child known to the Grand Jury then under the age of eighteen years, to engage in sexually explicit conduct, namely, oral-genital and anal-genital sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce, and mailed.

In particular, the visual depiction consists of a video compilation of one or more video segments of child pornography that is approximately 48 minutes and 12 seconds in total duration. Several video segments were recorded in one or more bedrooms and a bathroom of Defendant DIEHL's former residence in Austin, Texas.

1.      The first video segment (approximately 6 minutes and 20 seconds in duration) was recorded in a bedroom and depicts Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #2.

2.      The second video segment (approximately 9 minutes and 38 seconds in duration) was

recorded in a bedroom and depicts Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #2, which includes the Defendant DIEHL's use of an instrument appearing to be a vibrator on Jane Doe #2.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIX
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

Between February 1999 and November 2000, in the Western District of Texas, the Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #3," a female child known to the Grand Jury then between the ages of two and four years, to engage in sexually explicit conduct, namely, oral-genital sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction of such sexually explicit conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which visual depiction was transported in interstate and foreign commerce, and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 34 seconds in duration, which was recorded in a bedroom of Defendant DIEHL's former residence in Austin, Texas, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #3,

to include forcibly grabbing Jane Doe #3's head and ejaculating into her mouth.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT SEVEN
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

Between February 1999 and November 2000, in the Western District of Texas, the

Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #3,"

a female child known to the Grand Jury then between the ages of two and four years, to engage in

sexually explicit conduct, namely, oral-genital sexual intercourse, masturbation, and the lascivious

exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction

of such sexually explicit conduct, which visual depiction was transported in interstate and foreign

commerce, and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 5

minutes and 2 seconds in duration, which was recorded in a bedroom of Defendant DIEHL's former

residence in Austin, Texas, depicting, among other things, Defendant DIEHL engaged in sexually

explicit conduct with Jane Doe #3.

In violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHT
**Sexual Exploitation of a Child / Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

Between February 1999 and November 2000, in the Western District of Texas, the

Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #3,"

a female child known to the Grand Jury then between the ages of two and four years, to engage in

sexually explicit conduct, namely, oral-genital sexual intercourse, masturbation, and the lascivious

exhibition of the genitals and pubic area of a person, for the purpose of producing a visual depiction

of such sexually explicit conduct, which visual depiction was transported in interstate and foreign

commerce, and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 4

minutes and 21 seconds in duration, which was recorded in a bedroom of Defendant DIEHL's former

residence in Austin, Texas, depicting Defendant DIEHL engaged in sexually explicit conduct with

Jane Doe #3.

All in violation of Title 18, United States Code, Section 2251(a).

<u>COUNT NINE</u>
**Sexual Exploitation of a Child / Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

Between February 1999 and November 2000, in the Western District of Texas, the

Defendant,

**DAVID ANDREW DIEHL**

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #3,"

a female child known to the Grand Jury then between the ages of two and four years, to engage in

sexually explicit conduct, namely, oral-genital sexual intercourse and the lascivious exhibition of

the genitals and pubic area of a person, for the purpose of producing a visual depiction of such

sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce,

and mailed.

The visual depiction included, but was not limited to, one or more of the following videos

of child pornography:

       1.    A video approximately 26 seconds in duration, which was recorded in a

bedroom of Defendant DIEHL's former residence in Austin, Texas, depicting Defendant DIEHL

engaged in sexually explicit conduct with Jane Doe #3.

       2.    A video approximately 16 seconds in duration, which was recorded in a

bedroom of Defendant DIEHL's former residence in Austin, Texas, depicting Defendant DIEHL

engaged in sexually explicit conduct with Jane Doe #3.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT TEN
### Sexual Exploitation of a Child / Production of Child Pornography
### [18 U.S.C. § 2251(a)]

Between February 1999 and November 2000, in the Western District of Texas, the

Defendant,

### DAVID ANDREW DIEHL

did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely, "Jane Doe #3,"

a female child known to the Grand Jury then between the ages of two and four years, to engage in

sexually explicit conduct, namely, oral-genital sexual intercourse and the lascivious exhibition of

the genitals and pubic area of a person, for the purpose of producing a visual depiction of such

sexually explicit conduct, which visual depiction was transported in interstate and foreign commerce,

and mailed.

In particular, the visual depiction consists of a video of child pornography approximately 41

seconds in duration, which was recorded in a bedroom of Defendant DIEHL's former residence in

Austin, Texas, depicting Defendant DIEHL engaged in sexually explicit conduct with Jane Doe #3.

All in violation of Title 18, United States Code, Section 2251(a).

A TRUE BILL:

**ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002**

JOHN E. MURPHY
United States Attorney

By: _____

MATTHEW B. DEVLIN
Assistant United States Attorney