UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CRIMINAL NO. A-10-CR-297 LY |
| § | |
| **DAVID ANDREW DIEHL,** § | |
| § | |
| **Defendant.** § | |
| § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO THE
DEFENDANTS' MOTION TO DISMISS INDICTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the United States Attorney for the Western District of Texas, files this response in opposition to the Defendant's Motion to Dismiss (hereinafter "Motion to Dismiss" or "Defendant's Motion") [Court Document No. 45 filed in this cause], would show the Court that dismissal of the counts charging a violation of 18 U.S.C. § 2251(a)[1] is not warranted and, therefore, said motion should be, in all things, denied.

I.

The Defendant's Motion is not a model of clarity, but appears to seek dismissal of the Section 2251(a) charges on the following: (1) that Section 2251(a) does not contain a sufficient interstate or foreign commerce nexus under the Constitution's Commerce Clause to justify federal

---

[1] The Defendant filed his Motion on September 24, 2010, with respect to the First Superseding Indictment, which charged the Defendant with violations of 18 U.S.C. §§ 2251(a) and 2252(a). On October 19, 2010, the Second Superseding Indictment was handed down by the Grand Jury, which charged the Defendant only with violations of 18 U.S.C. § 2251(a). Accordingly, the United States will construe the Defendant's Motion to apply to the Section 2251(a) charges contained in the Second Superseding Indictment. Since the Second Superseding Indictment does not allege any violations of Sections 2252 or 2252A, the Defendant's Motion to Dismiss is rendered moot as to any such charges.

jurisdiction over intrastate production of child pornography, and, thus, is unconstitutional, under United States v. Morrison, 529 U.S. 598 (2000) and United States v. Lopez, 514 U.S. 549 (1995); (2) that Section 2251(a) is vague, uncertain, and violates the Fifth Amendment's Due Process Clause; and (3) the counts alleging violations of Section 2251(a) are overly vague, ambiguous, and broad, and, thus, violate due process, double jeopardy, and assistance of counsel protections.

II.

The Defendant's Commerce Clause argument cannot be sustained. First, as charged in this case, the production of child pornography was not purely intrastate. Each of the Section 2251(a) counts set forth in the Second Superseding Indictment allege that the visual depiction of child pornography was mailed or actually transported in interstate or foreign commerce. The Second Circuit has specifically found that this jurisdictional element satisfied constitutional muster under the Commerce Clause. United States v. Griffith, 284 F.3d 338, 347-48 (2nd Cir. 2002). In *Griffith,* the Second Circuit further found that because the child pornography had been "actually transported" in interstate commerce, *Lopez* and *Morrison* did not apply to challenge the constitutionality of that jurisdictional element because the activity was not purely intrastate. Id. Second, several circuits have upheld the constitutionality of Section 2251(a) (and Section 2252) against Commerce Clause attacks even in light of *Lopez* and *Morrison*, as to the other jurisdictional elements in Section 2251(a). *See* United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000) (possession of child pornography and materials-in-commerce element); United States v. Jeronimo-Bautista, 425 F.3d 1266 (10th Cir. 2005) (production with materials-in-commerce element); United States v. Holston, 343 F.3d 83 (2nd Cir. 2003) (production with materials-in-commerce element).

Accordingly, Section 2251(a), using its "actually transported" jurisdictional element, is a

constitutionally valid exercise of Congress' authority under the Commerce Clause.

III.

Section 2251(a) is not vague and uncertain, and adequately specifies the conduct it seeks to prohibit.

The basic elements of Production of Child Pornography under Section 2251(a), as charged in each of Counts 1-10 of the Second Superseding Indictment, are:

1. at the time, the victim was a real person under the age of eighteen years;

2. the defendant employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. the visual depiction was mailed or actually transported across state lines or in foreign commerce.

*See* Pattern Jury Instructions, Criminal Cases, Eleventh Circuit, No. 82 (2010); Manual of Model Criminal Jury Instructions, Ninth Circuit, No. 8.181 (2010).

The Defendant fails to show that Section 2251(a) or any portion of it is "vague." In fact, the Defendant fails to point out what, if any, specific provision or term in Section 2251(a) he deems to be "vague." The elements of Section 2251(a) are simple, easily understood by people of ordinary intelligence, and are sufficiently specific in delineating the prohibited conduct. Moreover, the terms "sexually explicit conduct" and "visual depiction" are clearly defined at 18 U.S.C. § 2256. Even though Section 2251(a) has existed without substantial modification for over 20 years, the Defendant cannot cite a single case that has found Section 2251(a) vague or ambiguous.

Accordingly, the Defendant's challenge to Section 2251(a) fails and should be denied.

IV.

The Defendant's contention that the charged offenses are vague, ambiguous, and overbroad similarly should be rejected. Each of Counts One through Ten of the Second Superseding Indictment tracks the statutory elements of Section 2251(a). In addition, each count of the Second Superseding Indictment goes beyond the statutory elements to describe the particular visual depiction(s) constituting the basis for that count. There is nothing vague or ambiguous about any of the charges, nor are do the charges purport to encompass visual depictions not constituting child pornography.

The Defendant's complaint essentially amounts to a request for a preview of the government's case-in-chief, which he has also sought by filing a Motion for a Bill of Particulars. The United States' response to the Defendant's Motion for a Bill of Particulars applies equally to the Defendant's third argument in his Motion to Dismiss. The Defendant has been afforded every opportunity for discovery, and is well aware of the facts that the government intend to prove at trial. The visual depictions which form the basis for each of the charged counts, which consist of several videos, have been made available to the defense. The Second Superseding Indictment, as well as previous indictments, along with discovery materials, have sufficiently informed him of the essential facts of the case. The Defendant is well aware of the alleged criminal conduct which has given rise to the charges in the Second Superseding Indictment. Most significantly, the Defendant does not cite any caselaw holding that a charge that merely tracks the language of Section 2251(a) is constitutionally infirm.

Accordingly, the Defendant's claim that the Section 2251(a) counts are constitutionally deficient because they are vague, ambiguous, and broad should be denied.

V.

WHEREFORE, premises considered, the Government urges the Court to DENY the Defendant's Motion to Dismiss.

                                                Respectfully submitted,

                                                JOHN E. MURPHY  
                                                United States Attorney

By:        **/s/ Matthew Devlin**  
                                                _____  
                                                MATTHEW B. DEVLIN  
                                                Assistant United States Attorney  
                                                816 Congress Avenue, Suite 1000  
                                                Austin, Texas  78701  
                                                (512) 916-5858  
                                                Fax  (512) 916-5854  
                                                State Bar No. 00795012

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 21, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen M. Orr, Esq.  
804 Rio Grande Street  
Austin, Texas  78701  
(512) 472-8392  
Fax (512) 473-8417  
State Bar No. 15317000  
*Attorney for Defendant*

                                                **/s/ Matthew Devlin**  
                                                _____  
                                                MATTHEW B. DEVLIN  
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | CRIMINAL NO. A-10-CR-297 LY |
| **DAVID ANDREW DIEHL,** | § § | |
| **Defendant.** | § § § | |

## ORDER

Came on to be considered the Defendant's Motion to Dismiss [Court Document No. 45 filed in this cause], and the United States' response in opposition thereto, and the Court, having considered same, finds said motion lacks merit and should be denied.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Court Document No. 45] be, and is hereby, DENIED.

**SIGNED** this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE