## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## NOTICE OF OTHER CRIMES, WRONGS, AND ACTS
## PURSUANT TO FED. R. EVID. 404(b) & 609

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and, pursuant to Fed. R. Evid. 404(b) and 609, hereby gives notice to the Defendant of the following crimes, wrongs, and acts the United States may introduce at trial in this case:

1.    That on one or more occasions in or about 1990 and 1991, in the State of Ohio, and elsewhere, the Defendant is alleged to have committed the offenses of Unlawful Sexual Contact with a Minor, Assault, and Menacing/Stalking as defined by Ohio law.  The victim of these offenses, A.S., was then under 18 years of age, while the Defendant was approximately 29 years of age.

Among other things, the Defendant was emotionally and physically abusive toward the victim; the Defendant told the victim that he had videotaped the two of them having sex; the Defendant threatened to kill the victim and her family; and the Defendant went to the victim's home with a firearm.

The United States intends to present evidence of the facts and circumstances surrounding any

and all of those offenses.

2.      On or about October 17, 1991, the Defendant was convicted in Cause No. CRB9108759 in the Vandalia Municipal Court, Vandalia, Ohio, of the offense of Menace/Stalking. The Defendant received a sentence of 30 days in jail (suspended) and a fine of $250.

3.      That on one or more occasions in or about 1996, in Travis County and Bastrop County, Texas, and elsewhere, the Defendant is alleged to have committed the offense of Sexual Assault of a Child.  The victim of this offense was Keri Jenkins, who, at the time, was under 18 years of age, while the Defendant was then approximately 34 years of age.  The United States believes that the facts relating to this conduct are not extrinsic to the offenses charged in the Second Superseding Indictment.  Nevertheless, in an abundance of caution, the United States hereby gives notice that it may present evidence of the facts and circumstances surrounding this offense.

4.      That on one or more occasions between 1999 and 2001, in Williamson County, Texas, the Defendant is alleged to have committed the offense of Sexual Assault of a Child.  The victim of this offense was a female child, S.B., who was then under the age of 18 years old.  The United States believes that the facts relating to this conduct are not extrinsic to the offenses charged in the Second Superseding Indictment.  Nevertheless, in an abundance of caution, the United States hereby gives notice that it may present evidence of the facts and circumstances surrounding this offense.

5.      That on one or more occasions in or about 2000, in Travis County, Bastrop County, and/or Williamson County, Texas, and elsewhere, the Defendant is alleged to have committed the offense of Aggravated Sexual Assault of a Child.  The victim of this offense was a female child, Jane Doe #1, who is the victim of the crime alleged in Count One of the Second Superseding Indictment,

2

and who was then under the age of 18.  The United States believes that the facts relating to this conduct are not extrinsic to the offenses charged in the Second Superseding Indictment. Nevertheless, in an abundance of caution, the United States hereby gives notice that it may present evidence of the facts and circumstances surrounding this offense.

6.      That on one or more occasions in or about 2000, in Travis County, Bastrop County, and/or Williamson County, Texas, and elsewhere, the Defendant is alleged to have committed the offense of Sexual Assault of a Child.  The victims of these offenses were Jane Doe #2 and Jane Doe #3, who are the victims of the crimes alleged in Counts Two through Ten of the Second Superseding Indictment, and who were then under the age of 18.  The United States believes that the facts relating to this conduct are not extrinsic to the offenses charged in the Second Superseding Indictment.  Nevertheless, in an abundance of caution, the United States hereby gives notice that it may present evidence of the facts and circumstances surrounding this offense.

The United States reserves the right to file one or more amended notices as deemed appropriate.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

By:      **/s/ Matthew Devlin**
_____
MATTHEW B. DEVLIN
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas  78701
(512) 916-5858
Fax  (512) 916-5854
State Bar No. 00795012

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 21, 2010, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following:


Stephen M. Orr, Esq.
804 Rio Grande Street
Austin, Texas  78701
(512) 472-8392
Fax (512) 473-8417
State Bar No. 15317000
*Attorney for Defendant*


                                                  **/s/ Matthew Devlin**
                                                  _____
                                                  MATTHEW B. DEVLIN
                                                  Assistant United States Attorney

4