**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | CRIMINAL NO. A-10-CR-297 LY |
| **DAVID ANDREW DIEHL,** | § § | |
| **Defendant.** | § § § | |

**UNITED STATES' MOTIONS TO PROTECT**
**THE PRIVACY OF THE JUVENILE VICTIMS AND WITNESSES**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby respectfully requests the Court to grant appropriate relief as to the following motions concerning the protection of juvenile victims, witnesses, and family members:

1. <u>Motion to Close the Courtroom During the Testimony of the Juvenile Victims and Witnesses.</u>

Title 18, United States Code, Section 3771 provides that a victim of a crime has several rights, including "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §3771(a)(8) (2004). When the victim is a juvenile, Title 18, United States Code, Section 3509 provides additional protections. Section 3509(e) provides that:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. §3509(e) (2001).  In addition, section 3509(d)(3) states:

    (A)    On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

    (B)    A protective order issued under subparagraph (A) may –
        (i)    provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

        (ii)    provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. §3509(d)(3) (2009).  This case involves charges of the sexual exploitation of minors and production of child pornography that occurred in or about 1999 and 2000.  The four victims of these offenses set forth in the Second Superseding Indictment – Jane Doe #1, Jane Doe #2, Jane Doe #3, and John Doe (the "Juvenile Victims") – were under the age of 18 when the offenses occurred.  In addition, there are other alleged victims of sexual abuse who were, and remain, under the age of 18 at the time of the alleged criminal conduct, including Jane Doe #3, John Doe, and two other child victims (identified in the Government's 404(b) Notice as "A.S." and "S.B.").  In order to spare the Juvenile Victims and their families further trauma, the government respectfully requests that the courtroom be closed during the juveniles' testimony, including that of Jane Doe #1 and any other child victim.  Closing the courtroom during their testimony will help alleviate the trauma and embarrassment they may suffer due to the nature and subject matter of their testimony and will prevent disclosure of the juveniles' identities.

    The United States Supreme Court has recognized that, while "the press and general public have a constitutional right of access to criminal trials," this right is not absolute.  *Globe Newspaper*

*Co. v. Superior Court*, 457 U.S. 596, 603, 606 (1982). The circumstances in which the press and general public may be barred from a criminal trial are limited; the justification for denying them access "must be a weighty one." *Id.* at 606. The Court stated that, where the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 607. While the Court acknowledged that "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest, the Court found that this interest did not justify a mandatory closure of the courtroom. *Id.* at 607-08. Instead, the trial court must determine on a case-by-case basis whether closure is necessary to protect the welfare of the juvenile. *Id.* at 608.

The factors to be considered are: "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." *Id.* In this case, all the Juvenile Victims except Jane Doe #1 are under 18 years of age,[1] but all were under 18 (some were well under 18) when the alleged offenses were committed. The crimes charged necessarily include sexual assault of a child. The intent of Section 3509 is to protect child victims of crime. These factors weigh heavily upon closing the courtroom during the juveniles' testimony. Accordingly, to protect the privacy of, and prevent embarrassment or detriment to, the Juvenile Victims, the government respectfully requests that the courtroom be closed during their testimony. The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case. *See* 18 U.S.C. §3509(e).

---

[1] Currently, Jane Doe #1 is 21 years old; Jane Doe #2 is 19 years old; Jane Doe #3 is 14 years old; and John Doe is 14 years old. Although Jane Doe #1 and Jane Doe #2 are now over the age of 18, they will still be included as "juveniles" for purposes of these motions.

In *Globe Newspaper Co.*, the Supreme Court found that the state statute at issue, which required mandatory closure of the courtroom to the press and public during the testimony of minor victims in criminal sex offense trials, violated the First Amendment. In a footnote to its holding, however, the Court stated:

> We emphasize that our holding is a narrow one: that a rule of mandatory closure respecting the testimony of minor sex victims is constitutionally infirm. In individual cases, and under appropriate circumstances, the First Amendment does not necessarily stand as a bar to the exclusion from the courtroom of the press and general public during the testimony of minor sex-offense victims. But a mandatory rule, requiring no particularized determinations in individual cases, is unconstitutional.

*Globe Newspaper Co.*, 457 U.S. at 611 n.27. Unlike that statute, Title 18, United States Code, Section 3509(e) does not require automatic closure whenever a minor victim testifies in a sexual assault case. Rather, it requires a determination that "requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate." 18 U.S.C. §3509(e). The statute also dictates that the trial court's order closing the courtroom "shall be narrowly tailored to serve the Government's specific compelling interest." *Id.* A case-by-case determination of whether the courtroom should be closed is in accord with the Supreme Court's decision in *Globe Newspaper Co*. *See Globe Newspaper Co.*, 457 U.S. at 609 ("That interest [safeguarding the physical and psychological well-being of a minor] could be served just as well by requiring the trial court to determine on a case-by-case basis whether the State's legitimate concern for the well-being of the minor victim necessitates closure. Such an approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest."). Further, unlike the facts in *Globe Newspaper Co.*, the names of the minor victims have been kept confidential

throughout this matter. Finally, the Defendant will not be prejudiced by the closure since he will be present in the courtroom to hear the evidence against him, as well as to confront the juvenile victims. Although Jane Doe #1 and A.S. are now over the age of 18, the United States believes that, because they were victimized when they were under the age of 18, there is sufficient justification to provide Jane Doe #1 and A.S. with the child victim and witness protections of Section 3509.

2. <u>Motion to Protect the Identity of the Juvenile Victims' Parents and Family Members and to Prevent the Media from Taking Pictures of the Juvenile Victims and Their Parents/Family Members.</u>

To further protect the identity of the Juvenile Victims and prevent them further trauma in this matter, the government requests that the identity of the parents and family members of the juveniles be kept confidential, and that no one be allowed to photograph, draw, or otherwise record an image of the juveniles or their parents.

As previously stated, Title 18, United States Code, Section 3509(d)(3)(A) provides "the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." Section 3509(d)(3)(B)(ii) further provides that the protective order issued by the court may "provide for any other measures that may be necessary to protect the privacy of the child."

Preventing the disclosure of the names of parents and family members will further protect the privacy of the Juvenile Victims by preventing the inference of their identity by the media or other persons inside and outside the courtroom. The revelation of the true identity of any of the

Juvenile Victims will likely cause emotional trauma. Accordingly, the government respectfully requests that the parents and family members of any of the Juvenile Victims be known only as the parents, mother, or father (or other relation) of Jane Doe #1, Jane Doe #2, Jane Doe #3, or John Doe, etc..

To further protect the identity of the Juvenile Victims and their parents/family members, the government requests that the Court enter a protective order preventing the media from photographing, drawing, or otherwise recording the image of the Juvenile Victims or their parents/family members. Allowing the media to record images of the Juvenile Victims and their parents/family members will result in additional trauma, since it will most likely result in the disclosure of their identities.

    Respectfully submitted,

    JOHN E. MURPHY
    United States Attorney

By:    **/s/ Matthew Devlin**

    _____
    MATTHEW B. DEVLIN
    Assistant United States Attorney
    816 Congress Avenue, Suite 1000
    Austin, Texas  78701
    (512) 916-5858
    Fax  (512) 916-5854
    State Bar No. 00795012

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen M. Orr, Esq.
804 Rio Grande Street
Austin, Texas  78701
(512) 472-8392
Fax (512) 473-8417
State Bar No. 15317000
*Attorney for Defendant*

                                            **/s/ Matthew Devlin**
                                            _____
                                            MATTHEW B. DEVLIN
                                            Assistant United States Attorney