```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
                            AUSTIN DIVISION

UNITED STATES OF AMERICA,      )   AU:10-CR-00297(1)-LY
                               )
   Plaintiff,                  )
                               )
VS.                            )   AUSTIN, TEXAS
                               )
DAVID ANDREW DIEHL,            )
                               )
   Defendant.                  )   FEBRUARY 8, 2011

            ***********************************************
                    TRANSCRIPT OF BENCH TRIAL VERDICT

                   BEFORE THE HONORABLE LEE YEAKEL

                            VOLUME 2 OF 2
            ***********************************************

APPEARANCES:

FOR THE PLAINTIFF:         MATTHEW B. DEVLIN
                           ASSISTANT UNITED STATES ATTORNEY
                           816 CONGRESS AVENUE, SUITE 1000
                           AUSTIN, TEXAS 78701

FOR THE DEFENDANT:         STEPHEN M. ORR
                           ORR & OLAVSON
                           804 RIO GRANDE
                           AUSTIN, TEXAS 78701

COURT REPORTER:            ARLINDA RODRIGUEZ, CSR
                           200 WEST 8TH STREET
                           AUSTIN, TEXAS 78701
                           (512) 916-5143
```

Proceedings recorded by computerized stenography, transcript produced by computer.

```
10:04:39   1        (Open Court, Defendant present)
10:04:39   2              THE COURT:  Let the record reflect that we're here
10:04:41   3   this morning on United States v. David Andrew Diehl, Criminal
10:04:46   4   Number A-10-CR-297-LY, which the Court conducted a bench trial
10:04:53   5   yesterday.  I'll hear announcement from the parties at this
10:04:55   6   time.
10:04:56   7              MR. DEVLIN:  Matthew Devlin for the United States,
10:04:58   8   Your Honor.
10:04:58   9              MR. ORR:  Steve Orr for Mr. Diehl, Your Honor.  We're
10:04:59  10   ready.
10:04:59  11              THE COURT:  All right.  And the record reflects that
10:05:01  12   Mr. Diehl, the defendant, is in fact present in the courtroom.
10:05:04  13              Both sides rested and closed the evidence in this
10:05:10  14   case yesterday and presented summations to the Court.  And the
10:05:15  15   Court recessed for the evening to deliberate, and I will render
10:05:22  16   my verdict here this morning.  I'll make a few comments in the
10:05:31  17   nature of findings and conclusions before rendering any
10:05:35  18   verdict.
10:05:35  19              This defendant, David Diehl, is charged in the second
10:05:37  20   superseding indictment with ten counts of sexual exploitation
10:05:41  21   of a child and production of child pornography, in violation of
10:05:48  22   Title 18, United States Code, Section 2251(a).  That section
10:05:53  23   makes it a crime for any person to employ, use, persuade,
10:05:56  24   induce, entice, or coerce a minor to engage in sexually
10:06:00  25   explicit conduct for the purpose of producing a visual
```

10:06:03  1  depiction of the conduct, if the visual depiction has been
10:06:10  2  transported in interstate commerce or mailed.
10:06:13  3          Among the evidence the Court has presented to it is
10:06:18  4  the agreed stipulation of facts and evidence that was entered
10:06:23  5  into by the parties in this case, and the Court has thoroughly
10:06:28  6  considered each and every part of that stipulation.  The Court
10:06:34  7  further has carefully considered the testimony of the witnesses
10:06:41  8  that testified yesterday, Special Agent Sean Mullen of the
10:06:45  9  Federal of Bureau of Investigation; Ms. Kerry Jenkins, the
10:06:51 10  former wife of the defendant; Mr. Kennedy -- excuse me --
10:06:59 11  Mr. Kenneth Courtney, a former friend of the defendant; and
10:07:05 12  then, lastly, the testimony of the defendant's son.
10:07:12 13          In addition, the Court has reviewed each of the
10:07:16 14  exhibits that were introduced by the Government to the extent
10:07:19 15  that, with regard to the video portions, the Court reviewed
10:07:27 16  Government's Exhibit 13, which was the compilation of all of
10:07:33 17  the video snippets.  And I have further reviewed the other
10:07:41 18  exhibits which were not in video format.  So I have thoroughly
10:07:45 19  reviewed everything in this case.
10:07:51 20          This defendant, David Diehl, may be found guilty of
10:07:54 21  this crime only if the Government proves each of the following
10:07:59 22  elements beyond a reasonable doubt:  One, an actual minor; that
10:08:01 23  is, a real person who was less than 18 years of age was
10:08:04 24  depicted.  The Court finds beyond any doubt that an actual
10:08:11 25  minor; that is, a real person who was less than 18 years of

```
10:08:15   1   age, was depicted.  Each of Jane Does 1, 2, and 3 satisfy that
10:08:22   2   paragraph of section 2251(a).
10:08:26   3              The second thing the Government must prove beyond a
10:08:28   4   reasonable doubt is that the defendant, David Diehl, employed,
10:08:32   5   used, persuaded, induced, enticed, or coerced the minor to take
10:08:38   6   part in sexually explicit conduct for the purpose of producing
10:08:42   7   a visual depiction.  For example, a videotape or a digital
10:08:47   8   video of the conduct.
10:08:49   9              The exhibits, including Government's Exhibit 13,
10:08:53  10   which the Court reviewed -- I believe it was 13.  Am I correct
10:08:58  11   on that?  That was the compilation.
10:09:00  12              MR. DEVLIN:  That was the compilation.  And as well
10:09:02  13   as 7, which was separate as well because that couldn't be on
10:09:06  14   the compilation.
10:09:08  15              THE COURT:  -- clearly satisfies the videotape or
10:09:10  16   digital video component.  The events portrayed on those items
10:09:21  17   were sexually explicit and clearly, again, beyond any doubt in
10:09:28  18   the Court's mind reflect that the defendant, at a minimum,
10:09:33  19   employed the minors, Jane Does 1, 2, and 3, to take part in
10:09:40  20   sexually explicit conduct and did in fact produce a visual
10:09:44  21   depiction of that.
10:09:47  22              Where issue is primarily joined between the
10:09:51  23   Government and the defendant is in the third element, that the
10:09:55  24   visual depiction was mailed or actually transported in
10:09:58  25   interstate or foreign commerce.  The Court observes that
```

10:10:03   1  Section 2251(a) of Title 18 of the United States Code provides
10:10:09   2  that punishment may be imposed on a defendant if the defendant
10:10:13   3  knows or has reason to know that such visual depiction will be
10:10:17   4  transported or transmitted using any means or facility of
10:10:22   5  interstate or foreign commerce or in affecting interstate or
10:10:26   6  foreign commerce or mailed, if the visual depiction was
10:10:30   7  produced or transmitted using materials that have been mailed,
10:10:33   8  shipped, or transported in or affecting interstate or foreign
10:10:36   9  commerce by any means, including by computer, or if the visual
10:10:41  10  depiction has actually been transported or transmitted using
10:10:45  11  any means or facility of interstate or foreign commerce or
10:10:49  12  in affecting interstate or foreign commerce or travel.
10:10:54  13            That is what I have termed during the trial, that
10:10:57  14  last portion I read, the third clause of Subsection (a) of
10:11:02  15  Section 2251, the third clause of the interstate nexus
10:11:07  16  requirement.
10:11:08  17            So I focus here on whether the visual depiction has
10:11:15  18  actually been transported or transmitted using any means or
10:11:20  19  facility of interstate or foreign commerce or in affecting
10:11:23  20  interstate or foreign commerce or mailed.  The defendant
10:11:31  21  asserts that there is a scienter test, that he had to have
10:11:37  22  intended that transportation and that there is no evidence of
10:11:40  23  that.
10:11:41  24            In *Runyan,* which we discussed yesterday, the Fifth
10:11:51  25  Circuit examined the interstate nexus.  But the basic facts of

10:11:55  1   *Runyan* involved more the first clause of the interstate nexus
10:12:07  2   paragraph of Subsection (a) of Section 2251.  That was whether
10:12:11  3   the person knows or has reason to know that the visual
10:12:14  4   depiction will be transmitted in interstate commerce.
10:12:19  5            However, the ruling in Runyan is instructive here,
10:12:23  6   where -- and I think and, in my opinion, and I hold that it
10:12:27  7   applies to all three of the interstate nexus provisions of
10:12:32  8   Subsection (a).  And that portion on page 239 of the *Runyan*
10:12:38  9   opinion, where the Fifth Circuit says:  "We join the
10:12:41 10   First Circuit in holding that transmission of photographs by
10:12:45 11   means of the Internet is tantamount to moving photographs
10:12:48 12   across state lines and thus constitutes transportation in
10:12:52 13   interstate commerce for the purposes of Title 18, United States
10:12:56 14   code, Section 2251."
10:12:59 15            Here the evidence is clear, and the Government has
10:13:04 16   proved beyond a reasonable doubt, that the production of the
10:13:10 17   visual depictions occurred within the Western District of
10:13:14 18   Texas, within the State of Texas, and that thereafter these
10:13:22 19   depictions or copies of depictions or however you want to refer
10:13:29 20   to it on the interstate -- I mean, on the Internet were in fact
10:13:36 21   seized in the States of Maryland, New Jersey, Indiana,
10:13:44 22   Australia, and Arizona, depending on which of the counts of the
10:13:48 23   indictment you were looking at.
10:13:49 24            The Court of course takes notice that those states
10:13:52 25   that the Court just mentioned are not the State of Texas.  Even

```
10:13:57   1   the foreign state is not the State of Texas.  Obviously, the
10:14:02   2   depictions moved from the State of Texas to those states in
10:14:08   3   some manner.
10:14:12   4               The Court finds that it defies common sense to say
10:14:16   5   therefore that the depictions did not move in interstate
10:14:18   6   commerce.  And I reject the defense's argument that it takes
10:14:21   7   more than what has been shown by the Government to show that,
10:14:24   8   under the third interstate nexus clause of Subsection (a) of
10:14:31   9   Section 2251, that more had to be shown.
10:14:34  10               The facts are clear beyond a reasonable doubt that
10:14:40  11   the production of the child pornography occurred within the
10:14:46  12   state of Texas and that it appeared in other states and,
10:14:52  13   therefore, the Court finds that is enough to show that it had
10:14:57  14   been transported or transmitted using any means or facility of
10:15:01  15   interstate or foreign commerce.
10:15:04  16               The Government argues that there is no scienter
10:15:19  17   requirement with regard to the third clause.  The defendant
10:15:24  18   argues that there is.  The Court has reviewed all of the
10:15:28  19   authorities presented by each party including the lengthy
10:15:35  20   article from volume 22 of the Hawaii Law Review, beginning
10:15:42  21   page 73.  The Court finds that law review article instructive
10:15:48  22   but does not establish that there is a scienter or mens rea
10:15:54  23   requirement.  Looking particularly in the language in the law
10:15:57  24   review article on page 13, the author appears to concede that
10:16:03  25   there is not when he states each of the statutes.  And he's
```

```
10:16:08   1  referring to 2252 and 2251, there in the Court's opinion, says
10:16:21   2  that they would either expressly require either the movement of
10:16:24   3  or the intent to move the child pornography itself.  The Court
10:16:27   4  has held that there was movement of the child pornography
10:16:35   5  itself.
10:16:37   6              The author then argues throughout the article that
10:16:41   7  the -- it is poor policy and that the Congress should not be
10:16:45   8  federalizing each and every crime and that the Congress is in
10:16:53   9  fact removing traditional things or traditional enforcement
10:16:59  10  that was previously left to the states.
10:17:01  11              The author may or may not be correct on that.  The
10:17:04  12  fact is that Congress is federalizing more and more crimes.
10:17:08  13  And I hope that, in this particular case, under this particular
10:17:14  14  statute, that the Congress did in fact federalize what the
10:17:21  15  Congress found to be the crime.  And that is the employment,
10:17:30  16  use, persuasion, inducement, enticement, or coercion of any
10:17:34  17  minor to engage in sexually explicit conduct for the purpose of
10:17:43  18  producing any visual depiction of such conduct.
10:17:49  19              Here we have visual depictions of sexually explicit
10:17:53  20  material involving employment of a minor that did in fact move
10:18:01  21  in interstate commerce.  Therefore, I find the Government has
10:18:03  22  satisfied its burden on all three of the elements of the
10:18:08  23  statute.
10:18:09  24              Therefore, in accordance with those findings and
10:18:12  25  conclusions which I have rendered here this morning in Open
```

10:18:16   1  Court at the conclusion of yesterday's trial, I find beyond a
10:18:20   2  reasonable doubt that the defendant, David Diehl, is guilty of
10:18:24   3  the offense charged in count 1 of the second superseding
10:18:27   4  indictment, guilty of the offense charged in count 2 of the
10:18:31   5  second superseding indictment, guilty of the offense charged in
10:18:34   6  count 3 of the second superseding indictment, guilty of the
10:18:38   7  offense charged in count 4 of the second superseding
10:18:41   8  indictment, guilty of the offense charged in count 5 of the
10:18:45   9  second superseding indictment, guilty of the offense charged in
10:18:49  10  count 6 of the second superseding indictment, guilty of the
10:18:53  11  offense charged in count 7 of the second superseding
10:18:56  12  indictment, guilty of the offense charged in count 8 of the
10:19:00  13  second superseding indictment, guilty of the offense charged in
10:19:04  14  count 9 of the second superseding indictment, and guilty of the
10:19:08  15  offense charged in count 10 of the second superseding
10:19:12  16  indictment.
10:19:13  17              And I have signed a verdict to that effect, which I
10:19:16  18  now pass to the clerk for entry in the record of this Court.
10:19:23  19              Sentencing will be set at a later date, and an order
10:19:29  20  will be forthcoming.
10:19:32  21              Now, if you will give me a moment before we recess, I
10:19:35  22  have something I need to review here.
10:20:00  23              All right.  I have received this morning a letter
10:20:04  24  dated October the 2nd, 2011 from the defendant, David Diehl,
10:20:13  25  which complains of both his attorney and the Government

```
10:20:18   1  attorney.  Ms. Jones, I am passing this to you at this time,
10:20:22   2  and please file that in the record and make copies for both
10:20:28   3  Mr. Orr and Mr. Devlin.  I will say before I close this record
10:20:34   4  that I think, in my opinion, the defendant has been extremely
10:20:39   5  well represented in this case.  I believe that Defendant's
10:20:45   6  counsel, Mr. Orr, has made every argument that could possibly
10:20:49   7  be made on the defendant's behalf in this case.
10:20:52   8           I simply find beyond a reasonable doubt and,
10:20:57   9  actually, in my mind, beyond any doubt that the defendant is
10:21:02  10  guilty of the offenses that were charged in the second
10:21:06  11  superseding indictment.
10:21:10  12           Mr. Devlin, Mr. Orr, do either of you have anything
10:21:13  13  you would like to present this morning or anything you need to
10:21:17  14  address with the Court while I have you present?
10:21:20  15           MR. DEVLIN:  No, Your Honor.
10:21:21  16           THE COURT:  Mr. Orr?
10:21:21  17           MR. ORR:  No, Your Honor.
10:21:22  18           THE COURT:  Then at this time the Court is in recess,
10:21:25  19  and sentencing will be set at a later date.
10:21:28  20       (End of transcript)
          21
          22
          23
          24
          25
```

**UNITED STATES DISTRICT COURT** )

**WESTERN DISTRICT OF TEXAS** )

    I, Arlinda Rodriguez, Official Court Reporter, United States District Court, Western District of Texas, do certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

    I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States

    WITNESS MY OFFICIAL HAND this the 7th day of March 2011.

                      /S/ Arlinda Rodriguez
Arlinda Rodriguez, Texas CSR 7753
Expiration Date: 12/31/2012
Official Court Reporter
United States District Court
Austin Division
200 West 8th Street, 2nd Floor
Austin, Texas 78701
(512) 916-5143