IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | No. A-10-CR-297 LY |
| DAVID DIEHL | § § § | |

**RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVID DIEHL, Defendant in the above entitled and numbered cause, and respectfully submits this response to the Government's sentencing memorandum and would show the Court as follows:

I.

The Government spends a great deal of time in its sentencing memo determining what the sentencing guidelines would be, were the 2010 guidelines to be applied to Mr. Diehl's case. While this might be an interesting hypothetical, it has absolutely no bearing on what the appropriate sentence in Mr. Diehl's case should be. The offenses committed by Mr. Diehl all occurred sometime between 1999 and 2000. Both the statute at the time and the guidelines at the time treated the offenses very differently than the current statute and guidelines. Utilizing the current guideline calculations is an *ex post facto* application of the law against former offenses. As is often pointed out in the realm of more recent and more lenient guidelines for offenses, specifically base cocaine offenses, new statutes

and guidelines are only retroactive when specifically declared to be so by Congress and when not barred by the *ex post facto* clause of Article One, section 9 of the United States Constitution. With no such declaration in the relevant statute possible in Mr. Diehl's case, a discussion of a set of "what if" guidelines were the offenses to be committed today is irrelevant and has no bearing on what Mr. Diehl's sentence should be. The Government's reliance on inapplicable law is indicative that the Government would rather focus on what they wish the law to be rather than what is.

II.

The cases cited by the Government also have little bearing on Mr. Diehl's sentence. To begin with, none of them share an important fact in this case: offenses that all occurred over a decade ago. In addition, each of those cases involves other offenses in addition to the production of child pornography. Mr. Diehl was not charged with, nor found guilty of, transporting a minor over state lines, or distribution of child pornography, or receiving pornography. Finally, all of the cases cited were from 2008 or later, after Congress had changed both the statute and the guidelines from the ones applied to Mr. Diehl's case. These are not similar cases to Mr. Diehl's, so the sentences in these cases are not relevant to Mr. Diehl's sentencing.

III.

The Government mentions aggravating factors as well. To begin with, claiming the actual charges that Mr. Diehl has been convicted of as an aggravating factor is in effect double dipping. Mr. Diehl has been found guilty of producing child pornography, the details of which have been scored based on the content within. To then say the

actions contained within the videos are also an aggravating factor is inherently unfair. In addition, the Government claims that there can be no doubt that Mr. Diehl uploaded the videos to the Internet, or caused them to be uploaded. While it cannot be argued that the videos were not somehow uploaded to the Internet, there is no evidence that Mr. Diehl himself actually had anything to do placement of those videos on the Internet. If it was indeed so certain, Mr. Diehl should have been charged with distribution, which he was not. Even the testimony provided at trial falls flat in proving this claim, as the Government's only witness who could testify on the matter, Ken Courtney, had to admit that in fact Mr. Diehl had not ever traded or provided any pornographic videos to him over the Internet. The credibility of Courtney's testimony regarding Mr. Diehl's uploading videos to the Internet is called into question by his admission that Mr. Diehl, a personal and professional friend, did not provide any pornographic items to him.

## IV.

The Government indicates that it believes Mr. Diehl to have a high likelihood of recidivism. However, Mr. Diehl was examined by Dr. Stephen Thorne, a psychologist, on that very issue. Dr. Thorne found that Mr. Diehl had only a moderate risk of recidivism, especially if given proper counseling during and after his release from incarceration.

## V.

The Government relies on hearsay from Mr. Diehl's sister about comments Mr. Diehl allegedly made regarding other activities characterized as evidence of other sex

crimes. Important to note is that Mr. Diehl's sister was interviewed while she incarcerated for an offense that is left unnamed in the memorandum

VI.

The Government contends that the §3553 factors call for an upward departure in this case. Mr. Diehl re-urges that, with a careful look at all the factors, especially the offenses occurring over a decade ago, Mr. Diehl's own history of being sexually abused, Mr. Diehl's education and work history, and Mr. Diehl's single parenting of his son, that the appropriate sentence in this case would be a downward departure to 120 months.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court consider this Sentencing Memo.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON, P.C.
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
(512) 473-8417 FAX
Texas Bar No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2011, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Matt Devlin, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR