## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. A-10-CR-297 LY** |
| | § | |
| **DAVID ANDREW DIEHL** | § | |

### MOTION TO EXCLUDE VICTIM IMPACT STATEMENT AND TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes David Diehl, Defendant, and moves that the court exclude from the Presentence Report two victim impact statements submitted in reference to a minor child, S. B., and further to moves that the court not allow the testimony or statement of S. B. at Defendant's sentencing hearing and for cause would show:

1. The Presentence Report at Paragraph 37 recites that the investigation uncovered a fourth victim of Defendant's "criminal conduct." The alleged fourth victim was not identified. The Presentence report stated that victim impacted statements had been requested from the victim and her mother but had not yet been received. The Presentence Report Addendum was disclosed to counsel on June 10, 2011. Shortly thereafter, on June 13, 2011 the United States Probation Department faxed to Defendant's counsel two victim impact statements relating to a minor, S. B. One statement was from S. B.'s father and the other from her mother. Defense Counsel has learned that photographs accompanied the statements showing S. B. lying in bed in intensive care and in serious condition.

2. In summary, the victim impact statements alleged that Defendant sexually abused S. B. when she was a child, and threatened to do harm to her family if she told anyone. The implication of

the statements is that Defendant's actions caused S. B. to develop serious psychological problems resulting in an extreme form of eating disorder and in suicide attempts. Defense Counsel has learned that S. B. was present as a previous setting for Defendant's sentencing and will likely appear at his sentencing on October 24, 2011. Defense Counsel anticipates that S. B. will either testify at the sentencing hearing or speak to the court from the podium. Counsel anticipates that S. B. will repeat the allegations made in the victim impact statements.

3. The allegations made by S. B. are highly prejudicial to Defendant. He adamantly denies that he has sexually abused S. B. or threatened her family and has continuously maintained his innocence of these charges since he was first made aware of them. These allegations were first brought to the attention of the authorities in Williamson County in 1998 and investigated by the Williamson County Sheriff's Office in cooperation with the San Diego, California Police Department. The matter was presented by the Williamson County District Attorney's Office to a Grand Jury and a no-bill was returned.

4. The allegations made by S. B. do not form the basis any of the counts of which Defendant was convicted. Here allegations do not state a violation of federal criminal law. Accordingly, S. B. does not have a right to speak at sentencing or to have victim impact statements relating to her considered by the court. The court has discretion as to whether to allow the statements to remain a part of the Presentence Report or otherwise be considered at sentencing. Likewise, the court has discretion as to whether to allow testimony or a statement from S. B. at sentencing.

5. If the allegations are to be considered by the court at sentencing in any form, Defendant in is the position that he must contest them. If S. B. intends to only make a statement to the court, Defendant will have to call her as a witness so that she can be questioned concerning the allegations. Defendant will also have to seek to discover her treatment records from the clinic

where she was treated in order to determine whether any medical determination was made concerning the cause of her eating disorder and the reason for her suicide attempts.[1]

6. Allowing the victim impact statements concerning S. B. and her statement or testimony will needlessly prolong this sentencing hearing, possibly as long as an additional half day. The matter involving S. B. is not relevant conduct in this case and is not considered in the scoring of the Total Offense Level in the Presentence Report. It is a state law matter that has been dealt with by the appropriate state jurisdiction. The statute of limitations has not expires for the alleged conduct and Williamson County may reopen the investigation if it chooses to.

7. Defense Counsel has conferred with Matt Devlin, counsel for the Government, and he **opposes** the relief sought herein.

MEMORANDUM OF LAW

The Crime Victims' Rights Act of 2004 (CVRA) codified as 18 U.S.C. § 3771 grants crime victims certain rights. Among those rights is the right to be reasonably heard at sentencing. 18 U.S.C. § 3771 (a)(4). However, the CVRA defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense…." 18 U.S.C. § 3771 (e). Consequently, one who does not meet the definition of "crime victim" under the CVRA definition has no right to be heard at sentencing. See, *United States v. Sharp,* 463 F.Supp. 556 (E.D.Va. 2006). In this case S. B. is not a victim of a Federal Crime and has no right under the CVRA to be heard at sentencing either in person or through impact statements.

A sentencing court has wide discretion in determining what evidence to consider at sentencing. *United States v. Davis,* 76 F.3d 82, 84 (5th Cir. 1996). Its decision to exclude evidence

---

[1] Defendant will shortly file a Request for Discovery seeking the name of the clinic in San Diego, California of the clinic where S. B. was residing when she first made these allegations. Once the name is obtained, Defendant will request under F.R.Cr.P. 17 (c) a subpoena for her records from that facility.

is reviewed on an abuse of discretion standard. *United States v. Mitchell,* 366 F.3d 376, 379-380 (5th Cir. 2004).

WHEREFORE, Defendant prays that the court exercise its discretion to exclude the victim impact statements regarding S. B. from the Presentence Report, to not consider the statements for any purpose at Defendant's sentencing and to exclude S. B.'s the testimony or oral statement to the court at Defendant's sentencing.

/s/ E.G. Morris_____
E.G. Gerry Morris
Attorney for Defendant
SBN: 14477700
608 W. 12th Street, Suite "B"
Austin, Texas 78701
Phone: 512-478-0758
Fax: 512-478-0784

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of October, 2011, I electronically filed the Motion to Exclude Victim Impact Statement and Testimony using the CM/ECF system which will send notification of such filing to the following:

Matthew Devlin  
Assistant United State Attorney  
816 Congress, suite 1000  
Austin TX 78701  
(512) 916-5858  
Fax (512) 916-5854  
Attorney for the Government

                                  /s/ E.G. Morris_____  
                                  E. G. Morris

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| DAVID ANDREW DIEHL | § | |

**ORDER**

The Court has on this day considered Defendant David Diehl's Motion to Exclude Victim Impact Statement and Testimony.  The Court, having considered the Motion is of the opinion that it is meritorious.

IT IS ORDERED that the victim impact statements regarding S. B. are hereby excluded from the Presentence Report and will not be considered by the court at sentencing   It is further ordered that no testimony or statement from S. B. will be heard or considered at sentencing in this case.

Signed this ____ day of October, 2011.

_____
Judge Lee Yeakel