UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. A-10-CR-297 LY** |
| | § | |
| **DAVID ANDREW DIEHL** | § | |

### MOTION TO DISCLOSE POTENTIAL MITIGATING EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes David Diehl, Defendant, and requests that the court order the Government to disclose certain information that may lead to evidence relevant to mitigation of punishment in this case would show as follows:

1. In the Presentence Report prepared for this case at Paragraph 37, mention is made of a fourth victim of Defendant's "criminal conduct." The Presentence Report nor the Addendum identified this individual. After the Addemdum to the Presentence Report was disclosed to Defense Counsel on June 10, 2011, by fax on June 13, 2011, the United States Probation Officer forwarded to Defense Counsel two victim impact statements relating to a minor child S. B. In summary, the victim impact statements relate that S. B., while in a treatment facility near San Diego, California undergoing treatment for an eating disorder, made allegations that she had been sexually abused as a child by Defendant. One of the victim impact statements relates that S. B. nearly died as a result of a suicide attempt. Photographs accompanying the statements showed S. B. in very serious condition in a hospital bed. The implication of the statement is that the suicide attempt was the result of the alleged sexual abuse. The statements further aver that

   Defendant told S. B. that he would hurt her family is she reported the alleged sexual abuse. The statements indicate that her attempted suicide was also related to this alleged threat.

2. Defendant adamantly denies that he sexually abused or threatened S. B. If the victim impact statements are to be considered by the court at sentencing or if S. B. is allowed to present testimony or a statement at sentencing[1] Defendant must defend against the allegations. In order to adequately defend against these allegations Defendant needs information from S. B.'s treatment records at the San Diego, California treatment facility to determine what information S. B. gave her treatment professional concerning the alleged abuse by Defendant and whether a medical judgment was made as to the cause of her eating disorder or suicide attempts.

3. Defendant has previously received discovery materials from the Government concerning S. B.'s allegations. However, in these materials the name of the San Diego facility was blacked out. Defense Counsel has discussed this issue with Matt Devlin, counsel for the Government. He has confirmed that his copies of the discovery material do contain the name of the treatment facility but that he will not release the name unless ordered by the court to do so. Defendant needs the name of the facility so that he may issue a subpoena for the treatment records so that they may be used at the sentencing hearing in this case.

## MEMORANDUM

Due process requires the disclosure of evidence material to punishment as well as to guilt or innocence. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The requested information will allow Defendant to obtain information that he believes will show that the psychological and physical

---

[1] Defendant has this day filed a Motion to Exclude Victim Impact Statement and Testimony seeking to exclude the victim impact statements and testimony or oral statement of S. B. If the court grants that motion this motion will be moot.

distress suffered by S. B. was not a result of any actions of his. Thus, the information is material to sentencing in this case.

WHEREFORE, Defendant prays that the court order the Government to disclose to Defendant the name of the treatment facility in San Diego, California where S. B. was treated for an eating disorder.

/s/ E.G. Morris
E.G. Gerry Morris
Attorney for Defendant
SBN: 14477700
608 W. 12th Street, Suite "B"
Austin, Texas 78701
Phone: 512-478-0758
Fax: 512-478-0784

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of September, 2011, I electronically filed the Motion to Disclose Potential Mitigating Evidence using the CM/ECF system which will send notification of such filing to the following:

Matthew Devlin  
Assistant United State Attorney  
816 Congress, suite 1000  
Austin TX 78701  
(512) 916-5858  
Fax (512) 916-5854  
Attorney for the Government

                                              /s/ E.G. Morris_____  
                                              E. G. Morris

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. A-10-CR-297 LY** |
| | § | |
| **DAVID ANDREW DIEHL** | § | |

## ORDER

The Court has on this day considered Defendant David Diehl's Motion to Disclose Potential Mitigating Evidence. The motion is here by GRANTED.

IT IS ORDERED that the Government shall disclose to Defendant's Counsel the name of the treatment facility in San Diego, California where S. B. underwent treatment for an eating disorder..

Signed this _____ day of October, 2011.

_____
Judge Lee Yeakel