IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. A-10-CR-297-LY |
| | § | |
| DAVID DIEHL | § | |

## ORDER

Before the Court is Defendant's Motion to Exclude Victim Impact Statement and Testimony filed October 6, 2011 (Doc. #110). Defendant seeks to have the Court exclude the live testimony at sentencing of a person who identifies herself as an additional victim of Defendant, but whose allegations do not form the basis of the counts of which Defendant was convicted and for which Defendant is being sentenced. The Court held a conference on October 17, 2011, to address the motion, at which the parties were represented by counsel. Following discussion of the motion, the Court took the motion under advisement. Having considered the motion, the argument of counsel, and the applicable law, the Court finds that the motion should be denied for the reasons to follow.

"The sentencing judge has wide discretion, largely unlimited in scope, in the kind and source of the information he considers in determining punishment." *United States v. Ochoa*, 659 F.2d 547, 549 (5th Cir. 1981) (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)). At sentencing, the district judge may consider information outside the record without regard to its admissibility under the rules of evidence applicable at trial so long as it has some indicia of reliability. *United States v. Davis*, 76, F.3d 82, 84 (5th Cir. 1996) (internal quotations omitted). *See also United States v. Garcia*, 693 F.2d 412, 416 (5th Cir. 1982). The district judge shall determine whether take into consideration the information presented at sentencing, as well as the weight to be given to the information received. *See Garcia*, 693 F.2d at 414.

The Crime Victims' Rights Act of 2004 ("CVRA"), codified as 18 U.S.C. § 3771, grants crime victims certain rights, including the right to be reasonably heard at sentencing. 18 U.S.C. § 3771(a)(4). *See also* FED. R. CRIM P. 32 (i)(4)(B). Nothing in the CVRA or the Rules, however, diminishes the discretionary authority of the Court to receive information from a wider range of affected individuals under federal law:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. It is undisputed that the person who is the subject of Defendant's motion is not a crime victim under the CVRA. The district court continues, however, to maintain virtually unfettered discretion in allowing affected individuals to present information to the court at sentencing. *See Roberts v. United States,* 445 U.S. 552, 556 (1980) ("Two Terms ago, we reaffirmed the fundamental sentencing principle that a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.") (internal quotations omitted). *See also United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 924 (9th Cir. 2001). Accordingly,

**IT IS ORDERED** that Defendant's Motion to Exclude Victim Impact Statement and Testimony filed October 6, 2011 (Doc. #110) is **DENIED**. In so ruling, the Court makes no ruling

on the weight it may give any statements presented to the Court or whether the Court will consier

such statement at all in determining an appropriate sentence to impose.

SIGNED this ___19th___ day of October, 2011.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE