UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| DAVID ANDREW DIEHL | § | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

Now comes David Diehl, Defendant, and submits the following additional information to the court for consideration in determining his sentence.

1. As an additional response to the Government's Sentencing Memorandum, Defendant offers the following case as an example of a case closely analogous to his. In *United States v. Counentos,* 651 F.3d 809 (8th Cir. 2011), the defendant was prosecuted in 2010 for Production of Child Pornography and Possession of Child Pornography based on incidents that happened in 2001 or 2002. The conduct involved video taping two girls, around six and eight years old, after persuading them to remove their clothes and engage in sexual conduct. A third girl, at age four of five, was persuaded to engage in oral sex with the defendant.

The case fell under the a version of the guidelines with the same base offense level and available enhancements as are available in Defendant's case. The sentence in *Counertos* was 120 months after a trial.

Defendant urges that this case is more closely analogous to Defendant's than any of those cited in the Government's memo because it involved conduct during the same time frame with

**Defendant's Supplemental Sentencing Memorandum – Page 1**

victims of the approximate same age.  The conduct was also similar.  Defendant urges that the court take this case into consideration in determining its sentence.

2. Defendant has conducted his own research into sentencing issues in this case.  He has composed the following memorandum and requested that Counsel file it with the court.

"According to the sentencing commission statistics there were around 175 § 2G2.1 exploitation cases in 2008.  In 1999 there was a fraction of this number of cases.

In nearly every case reviewed it is clear the defendants either (1) intended to shoot the video or take pictures for private consumption only or to use his/her materials to trade for more.  What is absent from nearly all cases is trading or producing for monetary gain and yet, *United States v. Mugan*, 441 F.3d 622 (8th Cir. 2006) (which contains a very thorough analysis of Congress' intent) makes it clear that congress created such tough sentences to stop the "multibillion dollar child pornography industry."

Sentencing in 1978 went from a maximum of 10 years and no minimum to a maximum of 30 years in 2003 with a minimum of 15 years.  During this same period a closely related charge, !8 U.S.C. § 2241 (c) "Aggravated Sexual Abuse of a Child" usually yielded much lower sentences.

In *United States v. Roberts,* 313 F.3d 1050 (8th Cir. 2002) Mr. Roberts was given 45 months for intercourse with a 4 year old as an example.

In *United States v. Guy,* 282 F.3d 991 (8th Cir. 2002) Mr. Guy was convicted of § 2241 (c) where he forcibly raped a child and received a sentence of 110 months.  In *United States v. Johnson,* 519 F.3d 816 (8th Cir. 2007) Mr. Johnson was sentenced to 152 months for 5 counts of Aggravated Sexual Assault § 2241 (c).  In *United States v. Petiou,* (Counsel was unable to locate a citation) it is made very clear that "Congress clearly intended the exploitation statutes to

**Defendant's Supplemental Sentencing Memorandum – Page 2**

eradicate the commercial chain of child pornography." *United States v. Smith,* 795 F.2d 845 (9th Cir. 1996) discusses the unusual circumstances under which the commercial purpose got lost.

In 2006 Adam Walsh, the narrator of America's Most Wanted was one of the people influential in eliminating departures further elevating the minimum and maximum of the statute and adding a variety of enhancements that applied in nearly every defendant to the statutory maximum. There was no further distinguishing between offenders regardless of criminal history, duration of abuse, kind of abuse or anything else. Around 1998, two influential people, (1) the United States Attorney for the Eastern District of New York, Alan Vinegrad and (2) Troy Stabenow, a federal prosecutor brought awareness to significant flaws in sexual exploitation sentencing. In *United States v. Grober,* 624 F.3d 592 (3rd Cir. 2010) it's pointed out that sentences have gone from an average of 15 months in 1996 to an average of 63 months in 2006. In effect the sentences quadrupled in 10 years. Is should be noted according to Commission statistics this has done little to curb the impulsive nature of this crime and lower offending rates. In *United States v. Dorvee,* 616 F.3d 174 (2nd Cir. 2010) it becomes clear that the guideline changes that went into effect in 2003 and then again in 2006 were not based on the empirical analysis normally followed by the sentencing commission. The changes were instead the result of direct Congressional intervention.

The net effect was sentences that go against the goal of 18 U.S.C. § 3553 which is to avoid similar sentences to dissimilar conduct.

With consideration to the above mentioned facts more and more district courts have afforded significant downward variances. A good example of a downward variance case is *United States v. Smart,* 518 F.3d 800 (10th Cir. 2008). This § 2251(a) case gave serious consideration to § 3553 factors to craft a sufficient sentence.

**Defendant's Supplemental Sentencing Memorandum – Page 3**

In sentencing Mr. Diehl we ask the court to make such a distinction and hope to establish that Mr. Diehl's case is out of the heartland of the typical case. The first factor that makes Mr. Diehl's case different than most are the age of the charges. The charges predate the 2003 Protect Act and the 2006 amendments. Technology has also changed extensively. A good reference case from the same time period in the Western District of Texas is *United States v. Crow,* 164 F.3d 229 (5th Cir. 1999) where the defendant got 97 months without a variance on a § 2251(a) charge.

Another case in that time frame was *United States v. Blackwell,* 75 Fed.Appx. 294 (5th Cir. 2003) from the Southern District of Texas where the defendant got 116 months for a § 2251(a) charge.

The second factor that distinguishes Mr. Diehl's case is the fact he self corrected his behavior shortly after his crimes occurred. No further victims have come forward and there is no evidence of further crimes after a year and a half long investigation.

The last factor that distinguishes Mr. Diehl's case is the lack of evidence that would associate him with relevant conduct such as collecting or trading child porn or of chatting or enticing people to trade porn.

Mr. Diehl did not make videos to trade and he denies having any interest in child porn.

The primary sentencing factor we hope the court uses to sentence Mr. Diehl is his likelihood of recidivism. Mr. Diehl was raising his 13 year old gainfully employed at the time of arrest and there is no evidence of further violations in the last decade. We also hope the court gives consideration to what other district courts have noticed in the last few years. The history of the statute and its commercial purpose are not applicable to this case. The trend is to give the guidelines less deference. We pray a sentence of 10 years is sufficient. "

**Defendant's Supplemental Sentencing Memorandum – Page 4**

Respectfully Submitted

/s/ E.G. Morris_____
E.G. Gerry Morris
Attorney for Defendant
SBN: 14477700
608 W. 12th Street, Suite "B"
Austin, Texas 78701
Phone: 512-478-0758
Fax: 512-478-0784

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of October, 2011, I electronically filed the Defendant's Supplemental Sentencing Memorandum using the CM/ECF system which will send notification of such filing to the following:

Matthew Devlin
Assistant United State Attorney
816 Congress, suite 1000
Austin TX 78701
(512) 916-5858
Fax (512) 916-5854
Attorney for the Government

                                                  /s/ E.G. Morris_____
                                                  E. G. Morris