**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| **Plaintiff.** § | | |
| § | | |
| v. § | CRIMINAL NO. A-10-CR-297 LY | |
| § | | |
| **DAVID ANDREW DIEHL,** § | | |
| § | | |
| **Defendant.** § | | |

**UNITED STATES' RESPONSE TO COURT'S ORDER CONCERNING THE
PRODUCTION OF WARRANT RETURNS AND AN INVENTORY OF PROPERTY**

COMES NOW the United States, and, pursuant to the Court's Order to produce search warrant returns and an inventory of property to the Defendant [Document #157], hereby responds as follows:

1. Search warrant returns for the following warrants are attached hereto (all cause numbers pertain to filings in the U.S. District Court for the Western District of Texas, Austin Division):

   a. Cause No. A-10-M-347: In the Matter of the Search of Yahoo! Inc., 701 First Avenue, Sunnyvale, California 94089, for records and other information relating to the email accounts "softpod@yahoo.com" and "mediapod@yahoo.com" and user accounts "softpod" and "mediapod."

   b. Cause No. A-10-M-355: In the Matter of the Search of Google, Inc, 1600 Amphitheatre Parkway, Mountain View, California 94043, for records and other information relating to the email account cyberpods@gmail.com.

   c. Cause No. A-10-M-526: In the Matter of the Search of Two (2) Computer Hard Drives and One (1) Mobile Smartphone.

2. The following is a listing of all property believed to belong to the Defendant, which is currently in the possession of the Federal Bureau of Investigation, Austin Resident Agency, 12515 Research Blvd., Building 7, Suite 400, Austin, Texas 78759:

- a. Apple iPhone 32GB with protective case;

- b. Seagate Barracuda 7200 250GB hard drive s/n 6RY5KCF8 removed from custom built black computer with name "Ultra" visible through plexiglass side panel;

- c. Maxtor Diamond Max 21 500 GB hard drive s/n 9QG2Y6D0 removed from custom built black computer with name "Ultra" visible through Plexiglas side panel; and

- d. Records and information, including content of email, for the following email accounts: *cyberpods@gmail.com, softpod@yahoo.com,* and *mediapod@yahoo.com.* The United States notes that this evidence was obtained directly from Google and Yahoo! pursuant to federal search warrants, noted above, and not from the Defendant or any of the Defendant's computers.

If the Defendant believes that the FBI is in possession of other items belonging to him that are not listed herein, he should notify the FBI and/or the undersigned as soon as possible.

          Respectfully submitted,

          RICHARD L. DURBIN, JR.
          Attorney for the United States, Acting Under
          Authority Conferred by 28 U.S.C. § 515

          /s/ *Matthew Devlin*

By: _____
          MATTHEW B. DEVLIN
          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I hereby certify that I have provided a copy of the document to the following non-CM/ECF participant in accordance with the provisions of Fed. R. Crim. P. 49:

David A. Diehl
Reg. No. 53214-018
United States Penitentiary Tuscon
P.O. Box 24550
Tuscon, Arizona  85734
*Defendant*

/s/ *Matthew Devlin*
_____
MATTHEW B. DEVLIN
Assistant United States Attorney

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
2010 JUN -1 AM 11:28
CLERK
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Yahoo! Inc., 701 First Avenue, Sunnyvale, California 94089, for records and other information relating to the email accounts "softpod@yahoo.com" and "mediapod@yahoo.com" and user accounts "softpod" and "mediapod" | )<br>)<br>)  Case No. A-10-M-347<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
Yahoo! Inc., 701 First Avenue, Sunnyvale, California 94089

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Records and other information relating to the email accounts "softpod@yahoo.com" and "mediapod@yahoo.com" and user accounts "softpod" and "mediapod," as set forth in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____May 8, 2010_____
                                                                                      *(not to exceed 10 days)*
☐ in the daytime 6:00 a.m. to 10 p.m.   ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge _____Robert Pitman_____.
                                                                                      *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                              ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4/29/10 2:45pm      _____
                                                                         *Judge's signature*

City and state: Austin, TX                ROBERT PITMAN
                                           U.S. MAGISTRATE JUDGE
                                           *Printed name and title*

305C SA 616646 -131

AO 93  (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: 04/29/2010 4:02 pm | Copy of warrant and inventory left with: FAXED TO YAHOO! |
| Inventory made in the presence of : |||

**Inventory of the property taken and name of any person(s) seized:**

1.) CD containing ip logs and content of email accounts softpod@yahoo.com & mediapod@yahoo.com

2.) User profile information for above accounts and subscriber information

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 05/24/2010

_____
Executing officer's signature

SEAN M. MULLEN, Special Agent
Printed name and title

## ATTACHMENT A

To the extent the information is available, you are to provide the following information in either print or a CD-ROM in ASCII or other appropriate format.

**All of the requests set forth below pertain to the following subscriber(s), account(s), screen names; any associated electronic mail accounts; and all other associated accounts (hereinafter referred to collectively as the "Subject Yahoo! Account(s)"):**

| | | |
|---|---|---|
| Re: | Subscriber Name(s): | David Diehl |
| | Username(s): | softpod<br>mediapod |
| | E-mail addresses: | softpod@yahoo.com<br>mediapod@yahoo.com |

A. **All business records for** the Subject Yahoo! Account(s), and any other subscriber account. For each such account and subscriber, the information shall include:

  1. All subscriber full names; residential, business, and mailing addresses; telephone numbers; and e-mail addresses associated with said accounts;

  2. All screen names associated with the subscriber(s) and account(s), and all account names associated with the subscriber(s)

  3. All other identifying information pertaining to said accounts, including, but not limited to, login name, date of birth, social security number, driver's license, billing information (including type and number of credit cards or bank accounts);

  4. Any other record or information pertaining to the subscriber account, including detailed billing records, length of account activation, type of service, special requested services, records of contacts between the subscriber and Yahoo!, or other service notes.

  5. Contents of "Buddy Lists" and "Favorite Web Sites, or similar compilations;

B. **User Connection Logs**, including FTP and TELNET logs, for all connections between the Subject Yahoo! Account(s) to any of Yahoo!'s computers for the time period beginning November 13, 1997, through and including the date of this warrant, to include, for each connection:

1. Connection time and date;

2. Disconnect time and date;

3. Method of connection (e.g., dial-up, telnet, ftp, http);

4. Location, telephone number, and IP address from where connection originated;

5. Data transfer volume (e.g., bytes);

6. The subscriber account associated with the connection;

7. IP address and Domain Names of any non-Yahoo! computers to which user was connected;

8. For each connection type of service used (e.g. Instant Messenger, Chat Rooms, World Wide Web, Email, IRC);

C. **The contents of all electronic communications**, including, but not limited to, all electronic mail of any kind (whether opened or unopened), all attachments, and all other electronic communications that were sent from, sent to, sent through, or received by the Subject Yahoo! Account(s) or that were placed or stored in directories or files owned or controlled by any such account(s), at any time on or after November 13, 1997, through and including the date of this warrant.

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
JUN -1 AM 11:28
WESTERN DISTRICT COURT
TEXAS
BY_____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>**Google, Inc, 1600 Amphitheatre Parkway, Mountain View, California 94043, for records and other information relating to the email account "cyberpods@gmail.com"** | )<br>)<br>)   Case No. A-10-M-355<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
**Google, Inc, 1600 Amphitheatre Parkway, Mountain View, California 94043**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Records and other information relating to the email account "cyberpods@gmail.com" as set forth in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  ~~Apr~~ May 9, 2010
                                                                    *(not to exceed 10 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.    ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge ___Robert Pitman___.
                                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                                     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4/30/10 2:45p     _____
                                                                     *Judge's signature*
City and state: Austin, TX              **Robert Pitman**
                                                                     **U.S. Magistrate Judge**
                                                                     *Printed name and title*

305C-SA-61666-132

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: 04/30/2010 4:43pm | Copy of warrant and inventory left with: FAXED TO Google |
| Inventory made in the presence of : ||||

**Inventory of the property taken and name of any person(s) seized:**

1.) CD containing IP login history and content of email account cyberpods@gmail.com

2.) Letter from Google, Inc.

**Certification**

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 05/28/2010

_____
Executing officer's signature

SEAN M. MULLEN, Special Agent
Printed name and title

## ATTACHMENT A

To the extent the information is available, you are to provide the following information in either print or a CD-ROM in ASCII or other appropriate format.

All of the requests set forth below pertain to the following subscriber(s), account(s), screen names; any associated electronic mail accounts; and all other associated accounts (hereinafter referred to collectively as the "Subject Google Account(s)"):

Re:  Subscriber Name:     David Diehl

     E-mail addresses:    cyberpods@gmail.com

A.  **All business records** for the Subject Google Account(s), and any other subscriber account. For each such account and subscriber, the information shall include:

   1. All subscriber full names; residential, business, and mailing addresses; telephone numbers; and e-mail addresses associated with said accounts;

   2. All screen names associated with the subscriber(s) and account(s), and all account names associated with the subscriber(s)

   3. All other identifying information pertaining to said accounts, including, but not limited to, login name, date of birth, social security number, driver's license, billing information (including type and number of credit cards or bank accounts);

   4. Any other record or information pertaining to the subscriber account, including detailed billing records, length of account activation, type of service, special requested services, records of contacts between the subscriber and Google, Inc., or other service notes.

   5. Contents of "Buddy Lists" and "Favorite Web Sites, or similar compilations;

B.    **User Connection Logs**, including FTP and TELNET logs, for all connections between the Subject Google Account(s) to any of Google, Inc.'s computers for the time period beginning June 2, 2009, through and including the date of this warrant, to include, for each connection:

1. Connection time and date;

2. Disconnect time and date;

3. Method of connection (e.g., dial-up, telnet, ftp, http);

4. Location, telephone number, and IP address from where connection originated;

5. Data transfer volume (e.g., bytes);

6. The subscriber account associated with the connection;

7. IP address and Domain Names of any non-Google, Inc. computers to which user was connected;

8. For each connection type of service used (e.g. Instant Messenger, Chat Rooms, World Wide Web, Email, IRC);

C.    **The contents of all electronic communications**, including, but not limited to, all electronic mail of any kind (whether opened or unopened), all attachments, and all other electronic communications that were sent from, sent to, sent through, or received by the Subject Google Account(s) or that were placed or stored in directories or files owned or controlled by any such account(s), at any time on or after June 2, 2009, through and including the date of this warrant.

AO 93 (Rev. 01/09) Search and Seizure Warrant

FILED

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

2010 JUL -2 AM 10: 36

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. A-10-M-526
)
**Two (2) Computer Hard Drives and One (1) Mobile** )
**Smartphone** )
)

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Western____ District of ____Texas____
*(identify the person or describe the property to be searched and give its location)*:
**Two (2) Computer Hard Drives and One (1) Mobile Smartphone,** as further described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before   July 8, 2010
                                                          *(not to exceed 10 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__Robert Pitman_____.
            *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*.
☐until, the facts justifying, the later specific date of _____.

Date and time issued:  6/29/10  2:30 pm         _____
                                                  *Judge's signature*

City and state:  Austin, TX                       ROBERT PITMAN
                                                  U.S. MAGISTRATE JUDGE
                                                  *Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
|  | 06/30/2010 2:20pm | Atty. Steve Orr & Kerry Jenkins |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

1.) Black Apple iPhone 32GB in a case-mate with a tire tread pattern on back

2.) Seagate Barracuda 7200 250GB computer hard drive

3.) Maxtor DiamondMax 21 500GB computer hard drive.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 07/02/2010

_____
Executing officer's signature

Sean M. Mullen, Special Agent
Printed name and title

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

1. One (1) black Apple iPhone 32GB in a silicon rubber case-mate with a tire tread pattern on the back, found in the possession of David Andrew Diehl when he was arrested on April 6, 2010.

2. One (1) Seagate Barracuda 7200 250GB computer hard drive bearing serial number 6RY5KCF8.

3. One (1) Maxtor DiamondMax 21 500GB computer hard drive bearing serial number 9QG2Y6D0.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

1. In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8); any visual depiction of a minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2); and child erotica.

2. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files) pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8); to the production, possession, receipt, or distribution of a visual depiction of a minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2); and to the identification of individuals involved in such activities.

3. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

4. Any and all notes, documents, photographs, travel arrangements, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files) pertaining to any travel in interstate and/or foreign commerce by any person for the purpose of engaging in any illicit sexual conduct (as defined in 18

U.S.C. § 2423(f)(1)) with another person, or any travel in interstate and/or foreign commerce by any person who engaged in any illicit sexual conduct with another person, and to the identification of individuals involved in such activities.

5. Any and all records, documents, invoices and materials that concern any accounts with any Internet Service Provider and any Telecommunications Service Provider.

6. Any and all visual depictions of minors.

7. Any and all diaries, notebooks, notes, and any other records, including address books, names, and lists of names and addresses, in any format, pertaining to minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2); or reflecting personal contact and any other activities with such minors.

8. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, of any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

9. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and

passwords for such online storage or remote computer storage.

10. Any and all address books, names, and lists of names and addresses, in any format, of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

11. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records (including, but not limited to photographs, travel arrangements, and correspondence) in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with any travel in interstate commerce and/or foreign commerce by any person for the purpose of engaging in any illicit sexual conduct with another person (as defined in 18 U.S.C. § 2243(f)(1)), or where any person engaged in illicit sexual conduct with another person, and to the identification of individuals involved in such activities.

12. All documents, correspondence, and records pertaining to the email addresses *cyberpods@gmail.com, mediapod@yahoo.com,* and *softpod@yahoo.com.*

13. All electronic versions and images of the documents and things set forth above.

14. Any document, item, or record, in any format, pertaining to the acquisition, possession, ownership, transfer, control, or disposition of any of the foregoing items.

## Inventory of Items

On (1) black Apple iPhone 32GB in a silicon rubber case-mate with a tire tread pattern on the back

One (1) Seagate Barracuda 7200 250GB computer hard drive bearing serial number 6RY5KCF8

One (1) Maxtor DiamondMax 21 500GB computer hard drive bearing serial number 9QG2Y6D0