RECEIVED
FEB 1 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

FILED
FEB 1 - 2013
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | A-10-CR-297-LY |
| DAVID ANDREW DIEHL | § | |
| Defendant | | |

MOTION TO APPEAL COURT ORDER FOR MOTION TO REVISE PSR

Now Comes Defendant David A. Diehl's response to the courts order dated January 7th 2012, regarding Defendants request to modify the PSR and clarify the Courts standing with regard to Defendant's relationship with his son.

In the Courts Jan 7th Order are terms copied from the State of Texas family court order. The Court in this case has no jurisdiction of this family matter, and the fact that the order has any "contact" terms is confussing and misleading. Again appellant is not required to go to both Federal court AND state court for changes in his family custody agreement, that is subject to change over time. In addition Defendant IS NOT ON PROBATION. The officials at USP Tucson are conveniently mislead by statements such as exist in the order dated Jan, 7th, where it appears the Federal government is imposing CUSTODY terms on defendants family relationships. In fact the written state court conditions themselves are not even applicable anymore since Defendants son no longer resides in Texas with his mother. The limitations imposed where imposed

not because of needed limitations on Defendants son but rather because his ex wife "didnt want calls".

Enclosed is a copy of a Texas State court order created in response to Defendant's filed motion for "Contempt of a Court Order". Notice the Defendant is not being accused of "calling on the wrong days". The Order shows that Jessie Shifflett once again misleads this court with her statements. Jessie Shifflett has from the beginning lied to this court by purposely describing actions and scenes in charged videos that didn't exist, leading the court to believe there were additional participants, and alleging that defendant made statements to her during the PSR interview which he didn't make (Steve Orr was present). In addition Mrs Shifflett has sent Defendant hate letters from Jim Bringham, which this court has on file. Forwarding hate male is inappropriate. Jessie Shifflett has abused her position and acted in an unprofessional manner which has had a serious impact on Appellant and his family.

Defendant has recently filed a § 2241 action in the 9th Circuit District Court of Tucson, AZ whereby he makes the claim that USP Tucson personnel are guilty of committing a crime against defendants son and the State of Texas. A Bivens suite will follow based on a the claim of torturious interference with a Texas state court order, and constitutional rights violations.

USP Tucson did NOT block the phone because defendants ex-wife asked them to, nor does USP Tucson have any proof whatsoever Defendant was calling on the "wrong days". USP Tucson illegally took Defendant's phone access AND mail access

(contrary to Jessie Shifflett's statements) to his son because according to them, "THE FBI DIDN'T LIKE MR. DIEHL'S COMMUNICATIONS". USP Tucson has gone so far as to filter any email with Defendant's sons name in it. How far all of this goes and who all is involved is yet to be seen, but what is known is that a United Manager in Washington D.C. has assisted Defendant's ex-wife in an attempting to violate Texas state court orders by entering her in the Victim Notification System (VNS) for a supposed domestic violence charge stemming from 1997.

Defendant's son has went from being extremely well taken care of, and successful, to being homeless, and had to be transferred to his grand parents just to eat. He also, a year ago, tried to tell defendant of someone taking pictures of his brothers and sisters with their cloths off which caused all this (His mother refused to give up her nudist lifestyle, and didn't want defendant to know what happened). USP Tucson personnel, and the FBI effectively silenced defendant's son putting him at significant risk.

Defendant asks this court to revise the January 7th order to eliminate ALL references to custody conditions imposed by the state of Texas. Defendant's son was NOT a part of any charges brought by the government in Defendant's case and should not even be mentioned by the Federal government.

Defendant also wants it on record AGAIN that the PSR filed in this case has unnecessary details that could lead to his murder. Inmates DO get access to the PSR's via the guards. Let this court be informed at this moment that it is DIRECTLY ENDANGERING DEFENDANT'S LIFE! The guards have blurted it out

to other inmates. The guards have taken defendant handcuffed, and put him in another cell with a dangerous inmate and read parts of the PSR to the man and told him to attack Defendant. The comments in the PSR serve no purpose. Their are no programs here at USP Tucson that would benefit Defendant from the PSR information. Re-habilitation is not, nor has it ever been any goal whatsover of the BOP's.

A true and correct copy of this motion was mailed to Mathew Develin on 1-25-2013 by regular mail.

Defendant

David Diehl

1-25-2013

*/s/ David A Diehl*

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### PROBATION OFFICE



**JOE E. SANCHEZ**
CHIEF PROBATION OFFICER
SAN ANTOINO – ADMINISTRATION

**GERARDO LUNA**
DEPUTY CHIEF PROBATION OFFICER
SAN ANTONIO – ADMINISTRATION

ADMINISTRATION
727 E. CESAR E. CHAVEZ BOULEVARD, SUITE A-405
SAN ANTONIO 78206-1208

2450 STATE HIGHWAY 118
ALPINE 79830-2020

501 WEST FIFTH STREET, SUITE 2100
AUSTIN 78701-3822

111 E. BROADWAY STREET, SUITE 200
DEL RIO 78840-5573

700 E. SAN ANTONIO AVUENUE, SUITE 500
EL PASO 79901-7009

100 E. WALL STREET, SUITE P-111
MIDLAND 79701-5200

410 S. CEDAR STREET
PECOS 79772-3200

727 E. CESAR E. CHAVEZ BOULEVARD, SUITE B-310
SAN ANTONIO 78206-1200

800 FRANKLIN AVENUE, SUITE 100
WACO 76701-1934

December 20, 2012

**AUSTIN**

December 20, 2012

David Diehl
Reg. # 53214-018
Federal Correctional Complex
Post Office Box 24550
Tucson, Arizona 85734

RE: Presentence Report and Communication Restrictions

Dear Mr. Diehl:

This letter is in response to your correspondence dated October 8, 2012, addressed to myself and a second letter addressed to The Honorable Lee Yeakel, U.S. District Judge. In your letters, you requested clarification from the Court, again, regarding any restrictions on communication between yourself and your son, Nathaniel Archibald Diehl. As you know, I responded to your first request in August 2012, advising you of the Court's position with regard to communicating with Nathaniel. Please refer to this correspondence, as the Court's position has not changed. Also in your correspondence, you question why the Bureau of Prisons has suspended your telephone privileges for two years and placed you in an isolation unit. Upon speaking with your case manager, Santino Pino, I was advised this decision was made after you continually abused your telephone privileges and violated the Court's order limiting your telephone contact with Nathaniel. As to your concern that your mail is being blocked by prison officials, I was assured that this is not the case. Hopefully, I have answered your questions and concerns. Should you have any additional questions or concerns, please contact me.

Sincerely,

Jessee A. Shifflett

Cc: Lee Yeakel, United States District Judge


CAUSE NO. D-1-FM-10-005993

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| NATHANIEL ARCHIBALD DIEHL | § | |
| | § | 353RD JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | TRAVIS COUNTY, TEXAS |

Filed in The District Court of Travis County, Texas
JUL 06 2012
At 2:31 P.M.
Amalia Rodriguez-Mendoza, Clerk

## ORDER ON MOVANT'S MOTION FOR ENFORCEMENT AND MOTION FOR CONTEMPT

On June 21, 2012, the Court heard *Movant David Diehl's Motion for Enforcement & Motion for Contempt,* and, after reviewing the motion, the response, if any, evidence and arguments, the Court finds as follows:

(1) Respondent Keri Jenkins is ordered, within 10 days of the signing of this order, to submit written correspondence to the United States Penitentiary Tucson and the Federal Bureau of Prisons stating that she consents to the removal of the call block she previously requested that prohibited Movant David Diehl's ability to communicate by telephone with the child Nathaniel Archibald Diehl;

(2) Respondent Keri Jenkins is to submit the above correspondence to the following locations:

USP Tucson
U.S. Penitentiary
ATTN: Warden Aplher
9300 S. Wilmot Road
Tucson, AZ 85706

U.S. Department of Justice
Federal Bureau of Prisons
Central Office
302 First Street, NW
Washington, DC 20534

(3) Respondent Keri Jenkins is ordered to reference Movant David Diehl, Inmate Number 53214018, in the correspondence referenced above.

SIGNED ON July 6, 2012

_____
JUDGE PRESIDING

*Order on Movant's Motion for Enforcement and Motion for Contempt*
ITIO: Diehl, A Child
Cause No. D1-FM-10-005993
353RD Judicial District, Travis County, Texas

1 of 4

```
```
AGREED AS TO FORM ONLY:

*[signature]*
Lucio A. Del Toro
Counsel for David Diehl

*[signature: Paula Pierce]*
Angela Lee
Paula Pierce
Texas Legal Services Center
815 Brazos Street, Suite 110
Austin, Texas 78701
Counsel for Keri Jenkins

AGREED AS TO FORM ONLY:

*/s/ Lucio A. Del Toro*
Lucio A. Del Toro
Counsel for David Diehl

*/s/ Paula Pierce*
Angela Lee
Paula Pierce
Texas Legal Services Center
815 Brazos Street, Suite 110
Austin, Texas 78701
Counsel for Keri Jenkins

Order on Movant's Motion for Enforcement and Motion for Contempt
ITIO: Diehl, A Child
Cause No. D1-FM-10-005993
353RD Judicial District, Travis County, Texas

2 of 4

David Diehl, 53214
United States Peniten
PO Box 24550
Tucson, AZ 85734

7011 3500 0000 4682 0441

⇔53214-018⇔
United States District Crt
Clerk Of Court
200 W 8TH ST
Austin, TX 78701
United States

- Legal Mail -

"SENSITIVE - SPECIAL MAIL PROCEDURES"

FEDERAL CORRECTIONAL COMPLEX
9300 SOUTH WILMOT ROAD
TUCSON, ARIZONA 85756

Date: 01-28-2013

The enclosed letter was processed through special mail procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return to the above address

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE