UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|    Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. A-10-CR-297(01)-LY |
| ) | |
| DAVID ANDREW DIEHL,   ) | |
|    Defendant.   ) | |

## APPLICATION FOR TURNOVER ORDER

Now comes Plaintiff, UNITED STATES OF AMERICA, and applies for a turnover order as follows:

### Background

1. On October 24, 2011, the Court sentenced Defendant DAVID ANDREW DIEHL to 600 months of imprisonment and to pay a special assessment of $1,000 and a $1,000 fine for ten counts of Sexual Exploitation of a Child/Production of Child Pornography in violation of 18 U.S.C. § 1343. (Doc. No. 121). On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding fine. *See* 18 U.S.C. § 3613(c).

2. According to the records of the United States District Clerk, $446.46 has been credited to this judgment debt, leaving a principal balance of $1,553.54 as of September 14, 2015. This judgment bears no interest.

3. The defendant remains in a Federal United States Penitentiary (USP COLEMAN II) in Coleman, Florida. He is scheduled to be released in 2053.

4. The United States Attorney's Office for this district was informed that the Defendant has about $1,800 in his inmate trust account maintained by the Bureau of Prisons

("BOP").[1]

## Argument and Authorities

The United States moves this Court for an order directing BOP to turn over all but $1,000 of these funds to the Clerk of Court as payment towards Defendant's criminal debt.[2] These sums are not exempt from execution. *See* 18 U.S.C. § 3613(a) and (f). This Court has the power to issue a turnover order pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §3001 *et seq*. Although turnover orders are not among the remedies contained in the FDCPA, Section 3003(b) provides that the Act shall not be construed to limit the right of the United States to collect a criminal debt under State law. The applicable state statute is Texas Civ. Prac. & Rem. Code § 31.002. The sentence of imposing a fine created a lien enforceable in the same manner as federal tax lien. *See* 18 U.S.C. § 3572(d); 18 U.S.C. § 3613(c). This lien attaches to all of Defendant's property – real and personal – to include funds held by the BOP in his inmate trust account.[3] *See also* 18 U.S.C. §§ 3613(a)(government enforces judgment imposing a fine against all property and rights to property of the defendant).

Furthermore, 18 U.S.C. §3664(n) states in relevant part:

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

[2] The United States is informed that defendants are generally limited to $320 per month in expenditures from commissary accounts.

[3] The broad definition of "property" under the FDCPA supports this position.

> "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)),…   *See* 28 U.S.C. § 3002(12).

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Accordingly, not only does federal law permit the Government to execute on its lien, it also mandates that Defendant apply these funds to his fine debt.

Despite the foregoing, the Government recognizes that it is beneficial to allow Defendant to retain some funds in his commissary account so that BOP does not incur additional expenses. With that in mind, the Government has requested that BOP only turn over proceeds in excess of $1,000.00 thereby allowing Defendant to retain some of his commissary funds for needed expenditures.

WHEREFORE, the United States respectfully requests that the Court enter an order directing BOP to turn over all but $1,000 from Defendant's inmate trust account to the United States District Clerk and that the United States District Clerk be directed to apply the monies to Defendant's criminal debt.

    Respectfully submitted,

    RICHARD L. DURBIN, JR.
    UNITED STATES ATTORNEY

By: /s/ *Kristy K. Callahan*
    **KRISTY K. CALLAHAN**
    Assistant United States Attorney
    Mississippi Bar No. 101255
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas  78216
    T: (210) 384-7255
    F:  (210) 384-7247
    E-mail: Kristy.Callahan@usdoj.gov

    **STEVEN E. SEWARD**
    Assistant United States Attorney
    Florida Bar No. 29546

601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7259
Facsimile:  (210) 384-7247
E-mail: Steven.Seward@usdoj.gov

**ATTORNEYS FOR UNITED STATES**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **Application for Turnover Order** was electronically filed via the Court's CM/ECF system on **September 15, 2015**, and hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

| | |
|---|---|
| David Andrew Diehl/Register Number: 53214-018<br>USP COLEMAN II<br>U.S. PENITENTIARY<br>P.O. BOX 1034<br>COLEMAN, FL 33521<br>*Defendant* | Andrew T. White<br>DYSINGER & PATRY, LLC<br>249 South Garber Drive<br>Tipp City, OH 45371<br>*Attorney for Defendant* |

/s/ *Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    Plaintiff,    )<br>    )<br>vs.    )<br>    )<br>DAVID ANDREW DIEHL,    )<br>    Defendant.    )  | Case No. A-10-CR-297(01)-LY |

## TURNOVER ORDER

Came on to be considered the application of the United States of America for a Turnover Order in this case. The Court makes the following findings and concludes that the application should be GRANTED.

Defendant DAVID ANDREW DIEHL was found guilty by jury verdict of ten counts of Sexual Exploitation of a Child/Production of Child Pornography, and a judgment was entered in this case on October 24, 2011. (Doc. No. 121). As part of his judgment, Defendant was ordered to pay a special assessment of $1,000 and to pay a $1,000 fine. The sentence of a fine created a lien enforceable by the United States in the same manner as a federal tax lien. *See* 18 U.S.C. §3572(d); 18 U.S.C. § 3613(c). According to the records of the United States District Clerk for the Western District of Texas, $1,553.54 remains outstanding on Defendant's debt, bearing no interest.

**IT IS THEREFORE ORDERED** that the Bureau of Prisons turn over ***all funds in excess of $1,000.00*** currently held in Defendant's inmate trust account maintained by the Bureau of Prisons to the United States District Clerk. The Bureau of Prisons shall leave $1,000.00 in Defendant's inmate trust account.

The check shall be made payable to "United States District Clerk" and shall reference **"U.S. v. DAVID ANDREW DIEHL, Case No. A-10-CR-297(01) LY"** on the memo line. The check shall be mailed to:

> United States District Clerk's Office
> 501 West Fifth St., Suite 1100
> Austin, Texas 78701

**IT IS FURTHER ORDERED** that the United States District Clerk shall apply the amount received as payment towards Defendant's criminal debt.

Dated: _____   _____
**LEE YEAKEL**
UNITED STATES DISTRICT JUDGE