UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  A-10-CR-297(01)-LY |
| | ) | |
| DAVID ANDREW DIEHL, | ) | |
| Defendant. | ) | |

RESPONSE IN OPPOSITION TO MOTION
FOR EMERGENCY TEMPORARY INJUNCTION

The United States of America, Plaintiff herein, files this Response in Opposition to Defendant's Motion for Emergency Temporary Injunction (the "Injunction Motion")[1] (Doc. No. 188), and respectfully states as follows:

1.      On October 24, 2011, the Court sentenced the Defendant to 600 months imprisonment and to pay a special assessment of $1,000.00 and a $1,000.00 fine for ten counts of Sexual Exploitation of a Child/Production of Child Pornography in violation of 18 U.S.C. § 1343 (the "Judgment") (Doc. No. 121).   On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding fine.   *See* 18 U.S.C. § 3613(c).   The Fifth Circuit subsequently affirmed the Judgment.  *See United States v. Diehl,* 775 F.3d 714 (5th Cir. 2015).

2.      In the almost four years since the entry of the Judgment, the Defendant has only paid $446.46 towards his financial obligations under the Judgment, leaving a principal balance of $1,553.54 as of September 14, 2015.  Yet the Defendant holds funds in excess of $1,500.00 in

---

[1] The Injunction Motion can also be considered a response to the Government's Application for a Turnover Order (Doc. No. 187).  Thus, this Response also serves as a Reply to the extent that the Injunction Motion is deemed a response.

his inmate trust account maintained by the Bureau of Prisons, which could be used to pay the Judgment.

3.      Recognizing this, the Government filed its Application for Turnover Order on September 15, 2015 (the "Turnover Application").  (Doc. No. 187).  However, the Government also recognized it would be beneficial to allow the Defendant to retain some of the monies in the commissary account to pay for needed expenditures.  Thus, the Government requested that only amounts in excess of $1,000.00 be turned over from the Defendant's inmate trust account.

4.      In response, the Defendant filed the Injunction Motion.  Distilled to its core, the Defendant appears to argue that: (1) the Government is prohibited from collecting the Judgment because the Defendant is participating in the Inmate Financial Responsibility Program; and (2) the enforcement action is meant to hinder the Defendant's ability to pursue his *pro se* appeal of his conviction to the United States Supreme Court.  Neither contention has any merit.

5.       The Judgment in this case provides for the payment of the special assessment to be made immediately.  With respect to the fine, the Defendant was directed to cooperate fully with the United States Attorney, the Bureau of Prisons, and/or the United States Probation Office to fully pay the fine as soon as possible.

6.      Considering the amounts that the Defendant has maintained in the commissary account, the glacial pace of repayment thus far cannot be considered to be in accordance with the Judgment.  Although the Inmate Financial Responsibility Program encourages and incentivizes inmates to repay their financial obligations, it does not displace the terms of the Judgment.  *See United States v. Coates*, 178 F.3d 681 (3d Cir. 1999).  In *Coates,* then Judge Alito noted that "[a]lthough we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, *see* 28 C.F.R. § 545.10, the plain language of the MVRA,

vesting sole authority in the district courts, *see* 18 U.S.C. § 3664(f)(2) ("[T]he court shall … specify … the manner .. and the schedule … [of] restitution"), contradicts, and thus overrides, the regulations." *Id.* at 685.   Thus, the simple fact that the Defendant is making nominal payments through the Inmate Financial Responsibility Program does not abrogate the terms of the Judgment or the Government's ability to enforce the Judgment.   Other provisions of 18 U.S.C. § 3664 comport with this analysis.  *See* 18 U.S.C. § 3664(k) (requiring that a defendant notify the court and Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, and permitting court to adjust the payment schedule or require immediate payment in full); 18 U.S.C. § 3664(n) (providing that a person who receives substantial resources during incarceration to apply those funds to any restitution or fine still owed).

7.      Likewise, the Government's goal in the turnover is to pursue non-exempt assets to apply to the Judgment.   The funds in the account are unquestionably non-exempt assets. However, as discussed in the Turnover Application, the Government does not wish to leave the Defendant with nothing in his commissary account.  The solution, turnover of only the amounts held in excess of $1,000.00, is an appropriate resolution.   This permits the Defendant to buy necessities (including those necessary to prosecute his appeal) while ensuring that he is not unduly delaying payment of the financial obligations imposed by the Judgment.   As such, the Court should grant the Turnover Application and deny the Injunction Motion.

**WHEREFORE**, the Government respectfully requests that the Court deny the Injunction Motion, grant the Turnover Application, and grant such other and further relief as is just and appropriate.

3

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

By:   /s/ Steven E. Seward
_____
**STEVEN E. SEWARD**
Assistant United States Attorney
Florida Bar No. 29546
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7259
Facsimile:  (210) 384-7247
E-mail: Steven.Seward@usdoj.gov

**KRISTY K. CALLAHAN**
Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7255
Facsimile:  (210) 384-7247
E-mail: Kristy.Callahan@usdoj.gov

**ATTORNEYS FOR UNITED STATES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendant's Motion for Emergency Temporary Injunction was electronically filed via the Court's CM/ECF system on October 1, 2015, and served via United States Postal Service to the following non-CM/ECF participants:

David Andrew Diehl
Reg. No. 53214-018
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, Florida 33521
*Defendant*

Andrew T. White
DYSINGER & PATRY, LLC
249 South Garber Drive
Tipp City, OH 45371
*Attorney for Defendant*

/s/ Steven E. Seward
_____
**STEVEN E. SEWARD**
Assistant United States Attorney

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  A-10-CR-00297(01)-LY** |
| | ) | |
| **DAVID ANDREW DIEHL,** | ) | |
| **Defendant.** | ) | |

**ORDER DENYING DEFENDANT'S MOTION**
**FOR EMERGENCY TEMPORARY INJUNCTION**

On this date came on to be considered Defendant's Motion for Emergency Temporary

Injunction (the "Motion") (Doc. No. 188) and the Government's Response thereto (Doc No.

_____ ).  The Court has carefully considered the motion and finds that it should be denied.

Accordingly, it is ORDERED that the Motion is **DENIED**.

**IT IS SO ORDERED**.


Dated: _____            _____
                                       LEE YEAKEL
                                       UNITED STATES DISTRICT JUDGE