UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**S E A L E D**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff. | § § | |
| v. | § § | CRIMINAL NO. A-10-CR-297 LY |
| DAVID ANDREW DIEHL, | § § § | |
| Defendant. | § § § | |

## MOTION FOR RETURN OF DISCOVERY MATERIALS AND DISCOVERY PROTECTIVE ORDER

The United States of America, by and through undersigned Assistant United States Attorney for the Western District of Texas, hereby files this motion for entry of an order (1) directing defense counsel and Defendant to return all discovery materials provided to them in this case to the United States and (2) prohibiting discovery materials from being disseminated or transferred to the possession, care, custody, or control of Defendant or any third party. In support of such motion, the United States would respectfully show the Court as follows:

Former counsel for Defendant DIEHL, E.G. "Gerry" Morris, has given notice to the United States that he intends to deliver all discovery materials in his possession to Defendant DIEHL. These discovery materials were provided to DIEHL's counsel by the United States during the course of the criminal proceedings for the purpose of fulfilling the government's discovery obligations (hereinafter the "Discovery Materials"). In light of Mr. Morris's notice, the United States requested that the Discovery Materials be returned to the United States.

## Background of the Case

On February 8, 2011, at a bench trial, Defendant DIEHL was convicted of ten counts relating to Production of Child Pornography.  On October 24, 2011, DIEHL was sentenced to a total of 600 months (50 years) imprisonment.  On January 7, 2015, DIEHL's convictions and sentence were affirmed on appeal.  *United States v. Diehl*, 775 F.3d 714 (5th Cir.), *cert. denied,* 136 S. Ct. 213, 193 L. Ed. 2d 163 (2015), *reh'g denied,* 136 S. Ct. 579, 193 L. Ed. 2d 461 (2015).

Defendant DIEHL is currently in the custody of the U.S. Bureau of Prisons (BOP), assigned to the United States Penitentiary – Coleman II, Sumterville, Florida, a high-security BOP penitentiary.  Defendant has exhausted direct appeals and his convictions are final.

## Request for Return of Discovery Materials

The United States requests that the Court issue an order directing defense counsel and Defendant to return the Discovery Materials.

Each disclosure of discovery to defense counsel consisted of one or more CDs or DVDs containing discovery materials in digital format, and included a letter from the United States Attorney's Office that, among other things, stated the following in bold type:

> **Please bear in mind that all discovery materials and the information contained therein are the property of this office and/or the agency or agencies from which they originated.  They are being provided to you for the purpose of fulfilling the prosecution's discovery obligations under the law.  Accordingly, discovery materials and the information contained therein shall not be further disclosed by you and/or your client to any other person or entity except:  (1) to any person or entity assisting you and your client, solely for defense-related purposes and subject to the non-disclosure provisions of this letter; (2) pursuant to court order; (3) in a criminal judicial proceeding arising out of this investigation, consistent with applicable rules and law; or (4) with the express written consent of this office *and* the agency from which the materials or information originated.  We will take all appropriate legal action to prevent or sanction any unauthorized disclosure of discovery materials or the information contained therein.**

> **In addition, in light of the sensitive nature of the discovery materials provided herein, I request that you do <u>not</u> provide your client with copies of the enclosed CD, or any excerpt thereof, while he is in custody, although your client may review them in your presence. If you desire or intend to provide him with copies or excerpts of any such materials, please let me know in advance so that I may obtain a protective order from the court.**

The Discovery Materials are not the property of Defendant or his counsel, but of the United States Attorney's Office, or the agency or entity from which the evidence originated. The Discovery Materials are essentially loaned to the defense for the duration of the criminal proceedings solely for the purpose of fulfilling the Government's discovery obligations. Upon completion of the criminal proceedings, the defense no longer has any legal right to possess or maintain the Discovery Materials. Because the criminal proceedings in this case have terminated and direct appeals have been exhausted, the United States seeks immediate return of the Discovery Materials.

Defendant may not retain the Discovery Materials in anticipation of a possible motion under 28 U.S.C. § 2255. As this Court recently noted in denying a separate motion for discovery filed by Defendant [Doc. No. 201, pertaining to Doc. No. 200], "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2255 Cases permits discovery "for good cause." *See also* <u>Bracy</u>, 520 U.S. at 904 (discussing Rule 6 of the Rules Governing 28 U.S.C. § 2254). A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy</u>, 520 U.S. at 908-09 (internal quotation marks omitted).

In responding to the Government's recent request for return of evidence, Mr. Morris cited Texas Disciplinary Rule of Professional Conduct 1.15(d) as justification to deliver the Discovery Materials to Defendant, which states:

> *(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation.*

Reliance on this provision is not appropriate, in that the Discovery Materials are not "papers relating to the client" in which the defendant or defense attorney have any possessory interest; the Discovery Materials are documents and information that belong *to the Government* that are effectively on loan to the defense solely to fulfill discovery obligations under the law in connection with the adjudication of criminal charges against Defendant. Once the criminal proceedings have concluded, the justification for the defense's possession or access to these documents ceases and the Government is entitled to the immediate return of the Discovery Materials.

## **Request for Discovery Protective Order**

The Discovery Materials include sensitive documents and information pertaining to Defendant's production of several videos of child pornography which depict DIEHL engaging in sexual assaults of minor victims as young as 3 years of age. Even upon return of the Discovery Materials to the United States, Defendant and his counsel may still possess information gleaned from the Discovery Materials. The United States seeks to protect that information from further dissemination, especially information in the possession of Defendant. In addition, should the Court not order the return of the Discovery Materials to the United States, a protective order would

be appropriate to prevent dissemination of the Discovery Materials and the information contained therein.

Title 18, United States Code, Section 3509(d)(3)(B) provides that "the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." In this case, the dissemination of the Discovery Materials and the information contained therein could be detrimental to any or all of the child victims of Defendant's criminal activities.

Moreover, 18 U.S.C. § 3509(d)(1)(A) addresses protecting the privacy of documents and information concerning minors, and provides that:

> *A person acting in a capacity described in subparagraph (B) [including a defendant and the attorney for the defendant] in connection with a criminal proceeding shall . . . keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access . . . .*

Clearly, even if Defendant were permitted to possess any of the Discovery Materials, his status as a federal inmate necessarily prevents him from maintaining the Discovery Materials in a secure place, since he is subject to search at any time and has no practical means for preventing third parties (particularly other inmates) from obtaining the documents and/or the information contained therein.

In addition, the victims in this case have rights protected by federal law that may be jeopardized by allowing the Discovery Materials to be possessed by Defendant. In particular, crime victims have the "right to be reasonably protected from the accused" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(1), (a)(8).

Some of the Discovery Materials that may not disclose information concerning a child may contain personally identifiable information (PII) or other sensitive information pertaining to witnesses that are protected from further disclosure under federal laws relating to privacy of information in the Government's possession. Significantly, federal law protects witnesses – victims and non-victims alike – from intimidation or retaliation. *See* 18 U.S.C. §§ 1512-1514.

This proposed Protective Order is submitted for the purpose of insuring that sensitive information contained in the Discovery Materials is not disseminated to third parties or subject to abuse and misuse by Defendant. In addition, this proposed Protective Order anticipates that Defendant may request additional discovery materials be provided to him and, thus, seeks to address future requests by Defendant to be given such materials. Because Defendant is in a federal prison, he cannot adequately protect any discovery materials, including the Subject Materials, and the sensitive information therein from dissemination to third parties. Accordingly, **it is requested that the proposed Protective Order apply to all discovery materials and information in this case which refer to or pertain to any child or child victim, or any person or entity who may have provided information in this investigation.**

## Conclusion

Because the trial and appeals in this case are completed, and the convictions are final, the proposed Order directs that defense counsel and Defendant shall return all materials and information produced in discovery to the United States Attorney's Office within 30 days of the date of the Order.

In addition, the proposed Order directs that Defendant and any of Defendant's attorney(s) of record (1) not disseminate copies of the Discovery Materials, or any other materials provided to the defense by the Government in the course of the criminal proceedings in this case, to

Defendant or any third parties, and (2) not disseminate information contained therein to Defendant or any third parties, except as may be authorized by this Order or by the Court under separate order.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that (1) the Court to grant this Motion and issue the proposed Order; and (2) that this Motion and the Order be sealed until further order of this Court.

                                         Respectfully submitted,

                                         RICHARD L. DURBIN, JR.
                                         United States Attorney

                                         /s/ *Matthew Devlin*

By:                    _____
                                         MATTHEW DEVLIN
                                         Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I hereby certify that I have provided a copy of the document to the following non-CM/ECF participants in accordance with the provisions of Fed. R. Crim. P. 49:

David A. Diehl
Reg. No. 53214-018
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, Florida  33521
*Defendant*

E. G. (Gerry) Morris, Esq.
608 W. 12th Street, Suite B
Austin, Texas 78701
(512) 478-0758
Email:  egm@egmlaw.com,
*Former Attorney for Defendant*

/s/ *Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**S E A L E D**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff. § | |
| § | |
| v. § | CRIMINAL NO. A-10-CR-297 LY |
| § | |
| DAVID ANDREW DIEHL, § | |
| § | |
| Defendant. § | |
| § | |

**ORDER**

Came on to be considered the United States' Motion for Return of Discovery Materials and Discovery Protective Order, and the Court, having considered the motion and being fully advised in this matter, finds as follows:

1. That the United States provided discovery materials to Defendant and Defendant's various counsel in the course of the criminal proceedings in this case, for the purpose of complying with the Government's discovery obligations under the law, and that it was made clear to the defense that the discovery materials were the property of the Government or the agency/entity from which the matter(s) originated;

2. That because of the nature of the criminal charges in this case, the discovery materials provided to Defendant and Defendant's counsel necessarily referred or pertained to one or more children or child victims, as well as one or more persons or entities who may have provided information in this investigation;

3. That Defendant's convictions are final and direct appeals have been exhausted, and, thus, Defendant no longer has a particularized need to possess any discovery materials;

4. That that Defendant is in the custody of the Federal Bureau of Prisons, serving the 600-month sentence imposed on him in this case, and that because of Defendant's status as an inmate, Defendant is not in a position to store discovery materials in a secure place nor adequately protect discovery materials from dissemination to third parties. Accordingly,

**IT IS ORDERED** that all documents, records, items, and other materials, in any format (written, electronic, or digital), produced by the Government in discovery in the above-captioned case filed against Defendant DIEHL (the "Discovery Materials") shall be returned to the United States Attorney's Office, including all copies thereof that may have been made by the defense, no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's attorney(s) of record, current or former, and members of the defense team shall not duplicate or provide copies of the Discovery Materials, or any other discovery materials, to Defendant or third parties. Defendant, Defendant's attorney(s) of record, and members of the defense team shall not disseminate any information contained in the Discovery Materials to any individual, organization, or other entity, except as may be authorized by this Order or by the Court under separate order.

**IT IS FURTHER ORDERED** that Defendant shall not possess, or have care, custody, or control, of any of the Discovery Materials.

**IT IS FURTHER ORDERED** that, if Defendant's attorney(s) of record desires to disclose any Discovery Materials, or make available or communicate any information contained in such materials, to any other person, organization, or entity, including to Defendant, Government's counsel must first be so advised and seek to reach an informal resolution of or agreement on the

matter.  If an agreement cannot be reached, Defendant's attorney(s) of record shall apply to the Court for relief from this Order.

**IT IS FURTHER ORDERED** that, if Defendant, Defendant's attorney(s) of record, or any member of the defense team, violates any term or condition of this Order, such person or persons may be held in contempt of court and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.  Further, if Defendant violates any term or condition of this Order, Defendant may be subject to a sentencing enhancement for obstruction of justice and/or to prosecution for any criminal charges relating to Defendant's violation.

**IT IS FURTHER ORDERED** that the Government's Motion and this Order be sealed until further order of this Court.

**SIGNED** at Austin, Texas, on this _____ day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE