UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Movant.** | § | |
| | § | |
| **v.** | § | CAUSE NO. A-16-CV-1124-LY |
| | § | [A-10-CR-297-LY] |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files this response in opposition to Movant David Andrew Diehl's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255 [Doc. No. 209]. The United States of America urges that the Motion should be denied and would respectfully show the Court as follows.

## PROCEDURAL HISTORY

On May 4, 2010, Movant Diehl was charged in a two-count Indictment with Sexual Exploitation of a Child/Production of Child Pornography, in violation of 18 U.S.C. § 2251, and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). On August 3, 2010, a four-count Superseding Indictment was filed, charging Diehl with two counts of Sexual Exploitation of a Child/Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and

two counts of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).On October 19, 2010, a ten-count Superseding Indictment was filed, charging Diehl in all ten counts with Sexual Exploitation of a Child/Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

On December 3, 2010, Diehl filed a First Amended Motion to Dismiss in which he alleged, among other things, that 18 U.S.C. § 2251 "is unconstitutional in that it allows federal prosecution based on the transport of visual depictions through interstate commerce without requiring that the defendant be involved in said transport." On December 21, 2010, after a hearing, the trial court denied said motion.

On December 15, 2010, the United States filed a Motion to Protect the Privacy of the Juvenile Victims and Witnesses, requesting, among other things, to close the courtroom during the testimony of minors, pursuant to 18 U.S.C. §§ 3509 and 3771. On December 21, 2010, after a hearing, this Court granted said motion.

On January 31, 2011, the parties filed an Agreed Stipulation of Facts and Evidence under seal [Doc. No. 78], which was signed by counsel for the government, counsel for Movant, and Movant (hereinafter referred to as the "Stipulation") (Exhibit B-3).

On February 7, 2011, Diehl filed a Waiver of Right to Trial by Jury, requesting a trial before the district court judge, which the court granted. On February 7-8, 2011, a bench trial was held before this Court [Doc. Nos. 91 and 92] (Exhibit B-1 and B-2, Transcripts of Trial, February 7-8, 2011, Volumes 1 and 2). On February 8, 2011, this Court returned a verdict of Guilty as to all ten counts in the Second Superseding Indictment.

On July 20, 2011, Diehl's trial counsel, Stephen Orr, Esq., was granted leave to withdraw by this Court [Doc. No. 107], and E.G. (Gerry) Morris, Esq. entered his appearance on Diehl's behalf [Doc. No. 106].  Mr. Morris represented Diehl at sentencing.

On October 24, 2011, this Court sentenced Diehl to imprisonment for 200 months on each of Counts 1, 3, and 6, to run consecutively, for a total of 600 months; and imprisonment for 200 months on each of Counts 2, 4, 5, 6, 7, 8, 9, and 10, to run concurrently to each other and to the sentences imposed for Counts 1, 3, and 6.  As to each count, this Court imposed a 5-year term of supervised release, to run concurrently; a fine of $1000 per count, to run concurrently (total fine of $1000), and a special assessment of $100 per count, for a total special assessment of $1000. (Exhibit C, Sentencing Hearing Transcript).  The Judgment was filed on October 25, 2011.

On November 1, 2011, Diehl filed a notice of appeal of the district court's judgment.  On March 29, 2013, Diehl filed his *pro se* appeal.  Diehl's appeal asserted nine issues on appeal, which were summarized as follows in the Government's Reply Brief filed on March 24, 2014 (Exhibit E, Government's Reply Brief):

1.      Whether Diehl's counsel was ineffective because he failed to raise a statute of limitations defense to the second superseding indictment that did not exist as a matter of law?

2.      Whether Diehl's counsel was ineffective even though he twice objected to the jurisdictional nexus for, and the constitutionality of, 18 U.S.C. § 2251(a)?

3.      Whether the Fifth Circuit should affirm Diehl's 600-month sentence because the record demonstrates it is procedurally sound and substantively reasonable? (A distillation of the essence of Movant's appellate issues 3 through 8).

     4.       Whether the Fifth Circuit can affirm the district court's *sua sponte* forfeiture order because Diehl's substantial rights were not violated nor does it seriously affect the integrity of the proceedings?

No other issues were raised in Diehl's appeal, including any issues related to the Rule 29 motion, the Stipulation, any allegedly improper closing of the courtroom, or any allegations of prosecutorial misconduct that could have been raised prior to sentencing. *See* Exhibit D, Movant's Appeal Brief.

On January 29, 2015, the United States Court of Appeals for the Fifth Circuit issued a published opinion affirming the conviction and sentence, and issued its mandate. *U.S. v. Diehl*, 775 F.3d 714 (5th Cir. 2015) (Exhibit F, Fifth Circuit Opinion).  On July 15, 2015, Diehl filed a petition for writ of certiorari in the United States Supreme Court.  On October 5, 2015, the United States Supreme Court denied the petition for certiorari.

On October 6, 2016, Diehl filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The envelope sent to the Court containing his motion was postmarked October 3, 2016 [Doc. No. 209-2].  On October 17, 2016, this Court issued an order directing that the United States file an answer or response to Diehl's Section 2255 motion within sixty (60) days of the date the United States received notice of the motion.

On October 6, 2016, a copy of the 2255 Motion was emailed to Messrs. Orr and Morris. On November 2, 2016, a copy of the court's order was emailed to Mr. Orr.  On November 8, 2016, a copy of the court's order was emailed to Mr. Morris.  On November 28, 2016, Mr. Morris provided the United States with an affidavit addressing claims against him raised in Diehl's Section 2255 motion.  (Exhibit H, hereinafter the "Morris Affidavit"). On November 29, 2016,

Mr. Orr provided the United States with an affidavit addressing claims against him raised in Diehl's Section 2255 motion.  (Exhibit G, hereinafter the "Orr Affidavit").

## ISSUES PRESENTED

Movant alleges ten grounds supporting his claim for habeas relief.

In Ground One, Movant alleges that "[t]he statute of limitations expired was on all counts" and that "18 U.S.C. § 3283 does not apply to Chapter 110 offenses."  He elaborates that his counts of conviction occurred prior to 2001.  He further states that "since [Section] 3283 is not applicable to 18 U.S.C. § 2251, all charges should be dismissed."  This issue was raised by Movant in his direct appeal.  The Fifth Circuit addressed the issue and resolved it against Movant.

In Ground Two, Movant claims that his counsel was ineffective "for failure to know the law" which resulted in his conviction.  It appears that Movant claims that, "over the years," 18 U.S.C. § 2251 "changed significantly." Movant claims a "difference" between the 1999 and 2008 versions of the statute, and further claims his counsel did not understand the "difference." As best as it can be reasonably discerned, Movant's claim appears to be focused on the statute's interstate nexus requirement providing the basis for federal jurisdiction.  This issue was raised by Movant in his direct appeal.  The Fifth Circuit addressed the issue in the context of the 2000 version of the statute, and resolved it against Movant.  Movant also alludes to a pretrial motion concerning how Section 2251 is unconstitutional because it violates the First Amendment.  Movant did not raise the First Amendment allegation in his appeal.

In Ground Three, Movant asserts that counsel was ineffective for failing to object to [Movant's] indictment being amended," which, upon further explanation, he claims that the jurisdictional language of the 2008 version of the statute was used to establish federal jurisdiction.

This appears to be a rehashing of the claim asserted in Ground Two.  This issue was raised by Movant in his direct appeal.  The Fifth Circuit addressed the issue and resolved it against Movant.

In Ground Four, Movant claims that counsel was ineffective for "failing to object to [the 2008 version of] 18 U.S.C. § 2251 being applied to [Movant's] case."  He asserts that the 2008 version of the statute was used "throughout the entire trial" and that this was prohibited as an ex post facto application of the statute.  Again, this appears to be a rehashing of the claims asserted in Grounds Two and Three.  This issue was raised by Movant in his direct appeal.  The Fifth Circuit addressed the issue and resolved it against Movant.

In Ground Five, Movant claims that counsel was ineffective for "failing to argue an appropriate defense."  He further states that "at trial, counsel failed to argue that reproductions of visual depictions that were used as trial evidence and in [the Stipulation] were 'productions' of third parties, not [of Movant]."  He also complains that counsel failed to "explain" comments in the case of *United States v. Runyon* regarding "use of a facility of Interstate Commerce clause" [sic].  As best as can be reasonably discerned from this allegation, it appears that Movant may be referring to the allegations contained in his First Amended Motion to Dismiss filed on December 3, 2010, in which he alleged, among other things, that 18 U.S.C. § 2251 "is unconstitutional in that it allows federal prosecution based on the transport of visual depictions through interstate commerce without requiring that the defendant be involved in said transport."  On December 21, 2010, after a hearing, the trial court denied said motion.  This issue was raised by Movant in his direct appeal.  The Fifth Circuit addressed the issue and resolved it against Movant.

In Ground Six, Movant avers that counsel was ineffective for "moving for a rule [sic] 29 during the trial" because "there was no jury."  Presumably, this is a claim that counsel was ineffective for making a motion for judgment of acquittal under Fed. R. Crim. P. 29, because, as

Movant asserts, the motion "resulted in [the Court's] having to make credibility statements [the Court] would not have had to make."  In support of his allegation, Movant states: "The Rule 29 renewal was simply unnecessary where the trial was nothing more than a determination of whether the United States has jurisdiction of the case."  Movant also asserts that raising a Rule 29 motion "caused the record to be dubious for appellate review," thus resulting in prejudice because the Court "could have inferred [Kenneth] Courtney's[1] testimony was truthful."

In Ground Seven, Movant asserts that counsel was ineffective for "failing to subject the prosecution's case to meaningful adversarial testing" and "[c]ounsel's advice to stipulate to all essential facts was per se ineffective."  Movant supports his claim by stating that he "assented to the Stipulation under sway of the fallacious belief that he was merly [sic] agreeing at most to be at most [sic] the progenitor and creator of incorporeal depiction, not that he 'recorded, created, and produced the visual depiction (in digital format)."  The United States interprets this claim to mean that Movant asserts that he personally created the originals of the child pornography admitted as exhibits, not any copies, and stipulating that he produced the copies introduced in court constituted ineffective assistance.   In other words, Movant admits he did produce and record child pornography, but he produced the original child pornography in an analog format, not a digital format; hence, because the child pornography presented to the court were digital copies of analog originals and he did not produce copies, counsel was ineffective for entering into the Stipulation stating that Movant "produced" those exhibits.

---

[1] Kenneth Courtney testified at trial during the government's case-in-chief.  At the time of trial, Courtney was serving a term of imprisonment in Florida as a result of a state conviction for one or more child pornography offenses. Courtney's child pornography offense(s) were unrelated to Movant's child pornography activities. Courtney provided testimony concerning the interstate nexus of child pornography produced by Movant.

In Ground Eight, Movant asserts that "United States v. Austin, 432 F.3d 598 (5th Cir.) [sic] is no longer good law in light of new Supreme Court precedent," claiming that his sentence constituted an "ex post facto violation of the Constitution," as well as asserting that he was not provided notice about an upward variance on his sentence, nor was it foreseeable.

In Ground Nine, Movant claims counsel was ineffective for failing "to object to a pre-trial order stating the [courtroom] would be closed when non-minors testified," which Movant alleges violated his right to a public trial. Movant claims this ruling "influenced [Movant's] decision on pursuing a jury trial" and "[t]he net result was a bench trial hearing where suddenly the court changed directions when [Movant's] witness, a juvenile under 18, took the stand."

In Ground Ten, Movant alleges that "the cumulative effect of prosecutorial misconduct" at virtually every stage of the proceedings "resulted in a manifest miscarriage of justice, contributing to the wrongful conviction and thirty year upward variance." Movant asserts several misstatements of facts and law that he claims resulted in a substantial upward variance in his sentence and affected the court's determination of federal jurisdiction. Movant sets forth eleven alleged misstatements of law and fact; alleges the prosecutor offered personal opinions about guilt and Movant's credibility; alleges three instances claiming the prosecutor vouched for the credibility of government witnesses; alleges the prosecutor withheld exculpatory evidence; and alleges the prosecutor "failed to disclose the true nature of the circumstances under which government witness Kenneth Courtney testified."

None of the claims asserted by Diehl offer a basis for relief in his case because: (1) he is procedurally barred from raising many of the claims for the first time in a Section 2255 petition as he has failed to establish (a) "cause" excusing his failure to raise these claims on direct appeal, or (b) "actual prejudice" that resulted from any alleged errors; (2) several of his claims were raised

by him on direct appeal and rejected by the Fifth Circuit Court of Appeals; (3) a Section 2255 petition cannot serve to provide relief for several of his claims; (4) although a Section 2255 petition may be the proper process to seek relief for some of his allegations, Diehl has failed to make the required factual showing or offer of proof in support of his claims to establish that relief should be granted; and (5) Diehl has failed to make a factual showing or offer of proof to satisfy the *Strickland v. Washington* standard governing his claims that his trial counsel provided ineffective assistance of counsel during their representation of him, or that any ineffective assistance prejudiced him.

In addition, Diehl's sentence was well within the statutory maximum, and was not otherwise manifestly unjust.  Consequently, he has failed to present any evidence which establishes that his sentence is a "complete miscarriage of justice," or that his sentence is a transgression of constitutional or jurisdictional dimension. Diehl's claims provide no legal basis for § 2255 relief for the reasons stated herein.

Accordingly, the Court should deny Diehl relief and dismiss his petition.


## ARGUMENT AND AUTHORITIES

There are generally four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could

not have been asserted on direct appeal, and, would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 844 F.2d 203, 205-206 (5th Cir. 1988).

Although a defendant may raise an ineffective assistance of counsel claim in a Section 2255 motion, a defendant's collateral attack on a conviction "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, a defendant who raises a constitutional or jurisdictional claim for the first time on collateral review, when those claims could have been asserted on direct appeal, must show both cause for the procedural default and actual prejudice due to any such errors. *Placente*, 81 F.3d at 558. Diehl's 600-month term of imprisonment was within the statutory maximum, within the applicable sentencing guideline range, and was not otherwise manifestly unjust. Consequently, he has failed to present any evidence which establishes that his sentence is a "complete miscarriage of justice," or that his sentence is a transgression of constitutional or jurisdictional dimension. Diehl's claims provide no legal basis for Section 2255 relief.

Arguments raised and rejected on direct appeal cannot be revisited in a Section 2255 proceeding. *United States. v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986); *see also United States v. Santiago*, 993 F.2d 504, 506, n. 4 (5th Cir.1993) (refusing to consider upon habeas petition issues already raised on direct appeal).

<u>Ground One:  Statute of Limitations Applicable to 18 U.S.C. § 2251</u>

As Movant concedes, this claim was fully addressed by the Fifth Circuit in Movant's appeal and was resolved against Movant. *Diehl*, 775 F.3d at 719-21. When a federal prisoner raises a

claim that has been decided on direct review, he ordinarily cannot later attempt to relitigate that claim in a Section 2255 proceeding. See *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) (collecting cases); *Kastenbaum v. United States*, 588 F.2d 138, 139 (5th Cir. 1979) (per curiam); *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997); *Argencourt v. United States*, 78 F.3d 14, 16 n.1 (1st Cir. 1996); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992); *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986) (per curiam) (citing cases); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988); *Thompson v. United States*, 7 F.3d 1377, 1378-79 (8th Cir. 1993) (per curiam); *cf. United States v. Scrivner*, 189 F.3d 825 (9th Cir. 1999).   The Fifth Circuit squarely and thoroughly addressed this issue and Movant has not demonstrated exceptional circumstances warranting relitigation of his claim.

Accordingly, Movant is entitled to no relief regarding Ground One of his motion.

<u>Grounds Two, Three, and Four:  Ineffective Assistance for "Failure to Know the Law;"<br>Ineffective Assistance for Failing to Object to Amended Indictment; and<br>Ineffective Assistance for Failing to Object to Use of 2008 Statute</u>

Like Ground One, the claims set forth in Grounds Two, Three, and Four were addressed by the Fifth Circuit in Movant's appeal, and were resolved against Movant.  The Fifth Circuit recognized that the district court identified the issue and Movant failed to show prejudice.  *Diehl*, 775 F.3d at 721, 722 n.2.  Articulating these claims as ineffective assistance allegations does not allow Movant to revisit them in a 2255 motion.  The Fifth Circuit reviewed Movant's allegations

in the context of the 2000 version of the statute and found that interstate nexus requirement was met.

Accordingly, Movant is entitled to no relief as to Grounds Two, Three, and Four.


Ground Five:  Ineffective Assistance for "Failure to Argue Appropriate Defense"

Movant alleges that the child pornography introduced in his trial were "productions of third parties," not the originals that he produced.  This issue was addressed by the Fifth Circuit in Movant's appeal and was resolved against Movant.  *Diehl*, 775 F.3d at 721-22.  The Fifth Circuit's analysis of proof of interstate nexus used the version of the statute in effect at the time of Movant's offenses, which is the essential relief Movant seeks.

Even so, Movant's claim fails.  Although a violation of 18 U.S.C. § 2251 is commonly referred to as "production" of child pornography, the gravamen of the offense is the perpetrator's use, inducing, enticing, persuading, coercing, or employing of a minor, coupled with the intent that the minor engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct (plus proof of interstate nexus).  At the time of the offenses, "visual depiction" was defined as including "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."  18 U.S.C. § 2256 (1996). The statute never refers to an "original" visual depiction, but *any* visual depiction, which can include a copy – of film, video, or data.

While Movant declares that the child pornography introduced at his trial were "productions of third parties," Movant fails to articulate his claim any further.  It is clear that they were "visual depictions," regardless of whether they were the originals or copies of the originals.

Accordingly, Movant is entitled to no relief as to Ground Five

Ground Six:  Ineffective Assistance for Making a Rule 29 Motion for Acquittal

Although Movant could have asserted on direct appeal his claim regarding the "improper" Rule 29 Motion for Judgment of Acquittal, Movant did not do so.  Movant has not shown cause for the procedural default, and certainly not shown actual prejudice attributable to the Rule 29 motion.  Movant has attempted to couch this issue as an ineffective assistance of counsel claim against his trial counsel, but, at its core, it merely contests the appropriateness and outcome of the Rule 29 motion.  Accordingly, Movant has no legal basis for relief.

Even so, Movant's claim fails.  Movant was tried in a bench trial, not before a jury.  "Rule 29 has no real application when a case is tried by the court since the plea of not guilty asks the court for a judgment of acquittal." Moore's Federal Practice § 629.02[3] (3d ed.2002).  A plea of not guilty is the "functional equivalent" of a Rule 29 motion in a bench trial. See *Hall v. United States*, 286 F.2d 676, 677 (5th Cir.1960) ("The plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary.").  Caselaw addressing the propriety of a Rule 29 motion at a bench trial has generally addressed whether such a motion is required to preserve a sufficiency-of-the-evidence claim on appeal.  Circuits have concluded that it is not, for the foregoing reasons.  See, e.g., *United States v. Grace*, 367 F.3d 29, 34 (1st Cir. 2004) ("The district court must conduct the same analysis of the law and the evidence whether it evaluates a motion for acquittal under Rule 29 or adjudicates a not guilty plea.")

Movant cites no precedent supporting his contention, nor asserts facts establishing prejudice.  That the district court was asked to analyze the facts twice – upon the Rule 29 motion and the subsequent verdict – instead of once should have inured to Movant's benefit, since it gave the district court the opportunity to revise its credibility determinations as it saw fit.  Movant

appears to assert that the Rule 29 motion caused the judge to make credibility determinations that the judge would not have otherwise made, and that these determinations were unfavorable to Movant.  As noted, the judge would necessarily have to make these credibility determinations in adjudicating Movant's not guilty plea.  Although Movant disagrees with the judge's credibility findings, Movant has alleged no facts showing that he was prejudiced by the judge's actions in this regard.  In light of the court's multiple guilty verdicts, which were affirmed by the Fifth Circuit, no prejudice ensued.

Accordingly, Movant is entitled to no relief as to Ground Six.

<u>Ground Seven:  Ineffective Assistance for Entering into the Stipulation</u>

Although Movant could have asserted on direct appeal his claim regarding the Stipulation, Movant did not do so.  Movant made no assertions whatsoever on appeal regarding the Stipulation. Movant has not shown cause for the procedural default, nor prejudice attributable to the error he alleges.  Articulating these claims as ineffective assistance allegations does not allow Movant to raise them in a 2255 motion.

Even so, Movant's claim is without merit.  As described in the Orr Affidavit, Movant had valid and reasonable tactical reasons for entering into the Stipulation.  "Much of the case was stipulated because it was going to be proven anyway, to get the government to agree to acceptance [of responsibility reduction under the Sentencing Guidelines] and to prevent [a minor victim known to Movant] from having to testify as a witness.  [Movant] did not want to plead guilty but he also did not want a jury trial."  Orr Affidavit at 4.

Movant's focus at trial was solely on proof of the interstate nexus element.  See Orr Affidavit at 5.  As noted by the Fifth Circuit, the district court specifically found that the visual

depictions moved across state lines.  In addition, the Fifth Circuit specifically concluded that the witness testimony presented at trial "supports a finding that Diehl physically transported the videos in interstate commerce when he shipped his computer across state lines to his ex-wife, and when he moved his computer across state lines multiple times." *Diehl*, at 775 F.3d at 722.  The Fifth Circuit also concluded that "the record includes specific evidence from which the district court could reasonably infer that Diehl himself transported the images across state lines, both physically and via the Internet," and pointed to the testimony of Kenneth Courtney.  *Id*.  The Fifth Circuit did not rely exclusively on the Stipulation in reaching these conclusions.  Movant has shown no prejudice and, thus, has no legal basis for relief.

Accordingly, Movant is entitled to no relief regarding Ground Seven of his motion.

### Ground Eight: "United States v. Austin is no longer good law" – Sentence Was An Ex Post Facto Violation

In asserting that *United States v. Austin* is no longer good law, Movant fails to specify how the legal vitality of that case implicates his constitutional rights.  Nevertheless, as with other grounds asserted in Movant's 2255 Motion, this claim was addressed by the Fifth Circuit in Movant's appeal and was resolved against Movant.  *Diehl*, 775 F.3d at 724.  When a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot later attempt to relitigate that claim in a Section 2255 proceeding. See *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) (collecting cases); *Kastenbaum v. United States*, 588 F.2d 138, 139 (5th Cir. 1979) (per curiam); *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997); *Argencourt v. United States*, 78 F.3d 14, 16 n.1 (1st Cir. 1996); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995);

*Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992); *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986) (per curiam) (citing cases); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988); *Thompson v. United States*, 7 F.3d 1377, 1378-79 (8th Cir. 1993) (per curiam); *cf. United States v. Scrivner*, 189 F.3d 825 (9th Cir. 1999).  The Fifth Circuit squarely and thoroughly addressed this issue and Movant has not demonstrated exceptional circumstances warranting relitigation of his claim.

Even so, Movant assertion is without merit.  From a legal standpoint, Movant fails to support his conclusory claim, with caselaw or other legal authority, that *United States v. Austin*, 423 F.3d 598 (5th Cir 2005) "is no longer good law."  He also fails to demonstrate prejudice or how that case, even if "no longer good law," affects his conviction and sentence in a constitutionally meaningful manner.

Movant's incidental claims of lack of notice and lack of foreseeability are also meritless. Movant's Presentence Investigation Report, which was originally prepared and served on the parties on April 8, 2011, specifically noted the possibility of a variance and the potential reasons supporting it.  (Exhibit A, Presentence Investigation Report, at Part E ("Factors That May Warrant Departure") and Part F ("Variances That May Be Considered in Imposing Sentence"))  In addition, on June 13, 2011 – four months before sentencing – the United States filed a lengthy Sentencing Memorandum [Doc. No. 98] describing aggravating facts and circumstances and urging the court to impose a sentence outside and above the applicable guideline range.  Movant's counsel filed four separate sentencing memoranda and/or responses to the government's sentencing filings [Doc. Nos. 97, 99, 115, and 117].  Movant was well aware of the possibility that the Court could

impose a sentence outside and above the applicable guideline range, including the imposition of consecutive sentences.

Accordingly, Movant is entitled to no relief as to Ground Eight.

<u>Ground Nine:  Failure to Object to Order Regarding Courtroom Closure</u>

Although Movant could have asserted on direct appeal his claim regarding the allegedly "unconstitutional" order by the district court to close the courtroom, Movant did not do so.  Movant has not shown cause for the procedural default, and certainly not shown actual prejudice attributable to the order at issue.  Movant has attempted to couch this issue as an ineffective assistance of counsel claim against his trial counsel, but, at its core, it merely contests the appropriateness of the closure order.  Accordingly, Movant has no legal basis for relief.

Even so, Movant's claim fails.  Movant's claim pertains to the government's Motion to Protect the Privacy of the Juvenile Victims and Witnesses, referenced above.  This motion anticipated that several minor witnesses would testify and was granted prior to Movant's waiver of jury trial, which obviated the need for testimony from child witnesses.  The order applied only to the testimony of minor witnesses.  At the bench trial, the courtroom was never ordered closed, even during the testimony of one minor witness *who was called by Movant*.   There was not even a discussion about closing the courtroom during the bench trial.  As such, Movant shows no basis, and certainly no prejudice, as a result of the court's pretrial ruling.

Accordingly, Movant is entitled to no relief regarding Ground Nine of his motion.

Ground Ten:  "Prosecutorial Misconduct" and its "Cumulative Effect"

Movant's claim regarding prosecutorial misconduct alleges the government made several "misstatements of law and fact," gave "personal opinions about [Movant's] guilt," and "vouched for the credibility of [government witnesses]."  Although Movant could have asserted on direct appeal any and all of these individual claims, Movant did not do so.  Movant has not shown cause for the procedural default, and certainly not shown actual prejudice attributable to any of the alleged transgressions.  Movant has attempted to couch this issue as a prosecutorial misconduct rising to the level of a constitution violation, but, in essence, he disagrees with discrete statements and arguments made during the course of trial and appeal.  Accordingly, Movant has no legal basis for relief.

On the merits, Movant's claims fail.  Notably, several of Movant's individual claims do not concern his conviction or sentence, but dispute statements made during the post-sentence appellate phase contained in the Government's Reply Brief on appeal (Exhibit E).  Other claims reflect Movant's disagreement with arguments made in court during trial and/or sentencing.

The government offers the following responses to Movant's laundry list of "prosecutorial misconduct" (as numbered, and in the order set forth, in "Section K" of Movant's 2255 Motion):

A.1.   This statement, cited by Movant at "Sent. Trans. at 63," was made at sentencing in the course of discussing a non-scoring objection filed by Movant, specifically, his objection that the descriptions of the child pornography should be removed from the PSR because they "might result in physical or mental harm to [Movant]."  Sentencing Transcript at 58.  In other words, Movant did not want detailed descriptions in the PSR of the vile contents of the child pornography Movant produced, perhaps in the event his PSR (which would be in Movant's possession) was inadvertently disclosed to

t, 了

others during his incarceration.  Movant also refers to other statements extracted from the sentencing transcript, which were fair comments on evidence in the record.  Movant has failed to show that the statements were inaccurate or otherwise violated his constitutional rights, particularly since they were made in the context of discussions and arguments at sentencing.  Movant also presents no evidence showing what his version of the "truth" concerning any alleged misstatements.   Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

A.2.   This statement, cited by Movant at "Gov Reply Brief at 10," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record.

A.3.   This statement, for which Movant offered no citation, was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Government's Reply Brief at 12.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record.

A.4.   This statement, cited by Movant at "Government Reply Brief at 25," was allegedly made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record.  It would have been clear to the Fifth Circuit that the witness did not "testify," but did provide information to the court, and whose statement the district court specifically disregarded on the record.  Sentencing Transcript at 106.

A.5.    This statement, cited by Movant at "Government Reply Brief at 33," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence. Nevertheless, it is a fair summary of the facts contained in the record, and constitutes valid argument.  Even if there were any discrepancy, the statutes cited were readily available.

A.6.    This statement, cited by Movant at "Government Reply Brief at 34," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence. Nevertheless, it is a fair summary of the facts contained in the record, and constitutes valid argument.

A.7.    This statement, cited by Movant at "Gov Reply Brief at 39," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record, and constitutes valid argument.

A.8.    There is no citation for the source of this alleged statement, so the existence of it cannot be confirmed or denied.  Assuming it was made, it would have been valid argument.   Movant has shown no prejudice of a constitutional dimension affecting conviction and sentence.

A.9.    This statement, cited by Movant at "Gov Reply Brief at 12," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record, and constitutes valid argument.

A.10.   This statement, cited by Movant at "Gov Reply Brief at 17," was made in the Government's Reply Brief *on appeal*, not at trial or sentencing.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.  Nevertheless, it is a fair summary of the facts contained in the record.

A.11.   There is no citation for the source of this alleged statement, and the undersigned has been unable to find it in any transcript, so the existence of it cannot be confirmed, denied, or addressed.

B.1.    This statement, cited by Movant at "Sent. Trans. at 11," was actually made at page 41 of the Sentencing Transcript.  In light of the primary issue that Movant contested at trial – whether the interstate nexus element was proven – it is a fair summary of the facts contained in the record, and constitutes valid argument. Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

B.2.    This statement, cited by Movant at "Sent. Trans. at 78," was made during arguments given at sentencing.  It is a fair comment on the facts contained in the record, and constitutes valid argument, and the district court was well able to put it into appropriate context.   Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

C.1.    This statement, cited by Movant at "Sent. Trans. 66-80," does not exist in the source cited by Movant.  Even if it did exist, it was made during sentencing arguments, is a fair comment on the facts contained in the record, and constitutes valid argument.  The district court was well aware of the facts and able to put the comment into appropriate context.   Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

C.2.     Movant offers no citation for the source of this alleged statement, so the existence of it cannot be confirmed, denied, or adequately addressed.  Even if the statement was made, and was made by the government, it would have been a fair comment on the facts contained in the record, and constituted valid argument.  The district court was well aware of the facts and able to characterize the evidence in the record for itself.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

C.3.     This statement, cited by Movant at "Sent. Trans. at 83," was made during arguments given at sentencing.  It is a fair comment on the facts contained in the record, constitutes valid argument, and the district court was well able to characterize the evidence in the record for itself.  Accordingly, there is no prejudice of a constitutional dimension affecting conviction and sentence.

D.     Movant claims that exculpatory evidence was withheld by the government concerning Kenneth Courtney's testimony.  Movant simply argues alleged inconsistencies between Courtney's testimony and other evidence.  He does not cite what, if any, "exculpatory evidence" allegedly existed at the time of trial, nor, if it existed, how such evidence would have been "exculpatory."  Moreover, if Movant felt that exculpatory evidence actually existed and was withheld, he could have raised that issue on direct appeal, but he did not.  Movant's lengthy soliloquy simply criticizes Kenneth Courtney's testimony and expresses Movant's disagreement with the weight and effect the court gave to Courtney's testimony.

The government disclosed substantial evidence and information concerning Courtney and his testimony, including a FBI 302 summary of an interview with Courtney,

Courtney's criminal history (including the fact that he was incarcerated for his own child pornography conviction in Florida), and the nature and extent of any promises made to Courtney in connection with his testimony, which were discussed during the course of his testimony.  Movant also explored those areas during his extensive cross-examination of Courtney.  Movant has no basis for his assertion that exculpatory evidence was withheld, but merely views the totality of Courtney's testimony in a different light than the court did.

        E.      This allegation essentially repeats the allegation set forth in paragraph (D) of Section K, asserting that the government "failed to disclose the true nature of the circumstances under which . . . Courtney testified."  The document Movant cites throughout this particular claim, a FBI summary of an interview on November 24, 2010, was provided to Movant's attorney during pretrial discovery.  Moreover, Movant was given an unfettered opportunity to cross-examine Courtney at trial and pursue the issues he raises.  Movant never claimed otherwise, either on appeal or in his 2255 Motion.  He attempts to couch the issue as a "failure to disclose exculpatory evidence," when nothing of the sort occurred.  Movant disagrees with the district court's assessment of Courtney's testimony and credibility, and is grasping at straws to revisit the issue.  Consequently, there is no prejudice of a constitutional dimension affecting conviction and sentence.

Since Movant fails to show that any of these claims individually amounted to a constitutional violation, he certainly cannot show that the "cumulative effect" of them constituted prosecutorial misconduct of a constitutional dimension that "resulted in a miscarriage of justice."

Accordingly, Movant is entitled to no relief regarding Ground Ten of his motion.

<u>Movant is Not Entitled to an Evidentiary Hearing</u>

Because Diehl has alleged no facts concerning any of these claims and because the records of the case conclusively show that his claims are unsupported by the facts and the law, Diehl is not entitled to an evidentiary hearing. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (a Section 2255 petitioner is entitled to an evidentiary hearing unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. McMillen*, 96 Fed. Appx. 219, 221 (5th Cir. 2004).

## **CONCLUSION**

For the foregoing reasons, Diehl's Motion should be DENIED.

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

*/s/ Matthew Devlin*

By: _____

MATTHEW DEVLIN
Assistant United States Attorney

## APPENDIX OF EXHIBITS

| Exhibit | Document |
| --- | --- |
| A* | Movant's Presentence Investigation Report, revised and dated June 8, 2011 |
| B-1 | Transcript – Trial Proceedings on February 7, 2011 (Volume 1 of 2) |
| B-2 | Transcript – Trial Proceedings on February 8, 2011 (Volume 2 of 2) |
| B-3 | Agreed Stipulation of Facts and Evidence filed January 31, 2011 |
| C | Transcript – Sentencing Proceedings on October 24, 2011 |
| D | Movant's Appeal Brief, filed on March 29, 2013 |
| E | Government's Reply Brief on Appeal, filed on March 24, 2014 |
| F | Opinion - *United States v. Diehl*, 775 F.3d 714 (5th Cir. 2015) |
| G* | Affidavit by Stephen Orr, Esq., dated November 29, 2016 |
| H* | Affidavit by E.G. (Gerry) Morris, Esq., dated November 28, 2016 |

* Indicates exhibit is filed herewith under seal.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

I also hereby certify that a true and correct copy of the foregoing was mailed via United States mail to the following non-CM/ECF participant:

David A. Diehl
Reg. No. 53214-018
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, Florida  33521
*Movant/Defendant*

/s/ *Matthew Devlin*

_____
MATTHEW DEVLIN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID ANDREW DIEHL** | § | |
| | § | |
| **Movant.** | § | |
| | § | |
| **v.** | § | CAUSE NO. A-16-CV-1124-LY |
| | § | [A-10-CR-297-LY] |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

## <u>ORDER</u>

Came on to be considered Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255 [Doc. No. 209], and the Court, having considered said motion and the response of the United States in opposition thereto, finds said motion lacks merit.  Accordingly,

**IT IS ORDERED** that Movant's motion be, and is hereby, DENIED.

**SIGNED** on this _____ day of _____, 201____.

_____
UNITED STATES DISTRICT JUDGE