# EXHIBIT B-2

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 2 of 12
Case 1:10-cr-00297-LY Document 92 Filed 03/09/11 Page 1 of 11

1

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
 2                      AUSTIN DIVISION

 3  UNITED STATES OF AMERICA,    )  AU:10-CR-00297(1)-LY
                                 )
 4     Plaintiff,                )
                                 )
 5  VS.                          )  AUSTIN, TEXAS
                                 )
 6  DAVID ANDREW DIEHL,          )
                                 )
 7     Defendant.                )  FEBRUARY 8, 2011

 8        *******************************************
                TRANSCRIPT OF BENCH TRIAL VERDICT
 9
              BEFORE THE HONORABLE LEE YEAKEL
10
                       VOLUME 2 OF 2
11        *******************************************

12  APPEARANCES:

13  FOR THE PLAINTIFF:         MATTHEW B. DEVLIN
                               ASSISTANT UNITED STATES ATTORNEY
14                             816 CONGRESS AVENUE, SUITE 1000
                               AUSTIN, TEXAS 78701
15
    FOR THE DEFENDANT:         STEPHEN M. ORR
16                             ORR & OLAVSON
                               804 RIO GRANDE
17                             AUSTIN, TEXAS 78701

18  COURT REPORTER:            ARLINDA RODRIGUEZ, CSR
                               200 WEST 8TH STREET
19                             AUSTIN, TEXAS 78701
                               (512) 916-5143

20

21

22

23

24  Proceedings recorded by computerized stenography, transcript

25  produced by computer.
```

```
10:04:39   1              (Open Court, Defendant present)
10:04:39   2              THE COURT:  Let the record reflect that we're here
10:04:41   3   this morning on United States v. David Andrew Diehl, Criminal
10:04:46   4   Number A-10-CR-297-LY, which the Court conducted a bench trial
10:04:53   5   yesterday.  I'll hear announcement from the parties at this
10:04:55   6   time.
10:04:56   7              MR. DEVLIN:  Matthew Devlin for the United States,
10:04:58   8   Your Honor.
10:04:58   9              MR. ORR:  Steve Orr for Mr. Diehl, Your Honor.  We're
10:04:59  10   ready.
10:04:59  11              THE COURT:  All right.  And the record reflects that
10:05:01  12   Mr. Diehl, the defendant, is in fact present in the courtroom.
10:05:04  13              Both sides rested and closed the evidence in this
10:05:10  14   case yesterday and presented summations to the Court.  And the
10:05:15  15   Court recessed for the evening to deliberate, and I will render
10:05:22  16   my verdict here this morning.  I'll make a few comments in the
10:05:31  17   nature of findings and conclusions before rendering any
10:05:35  18   verdict.
10:05:35  19              This defendant, David Diehl, is charged in the second
10:05:37  20   superseding indictment with ten counts of sexual exploitation
10:05:41  21   of a child and production of child pornography, in violation of
10:05:48  22   Title 18, United States Code, Section 2251(a).  That section
10:05:53  23   makes it a crime for any person to employ, use, persuade,
10:05:56  24   induce, entice, or coerce a minor to engage in sexually
10:06:00  25   explicit conduct for the purpose of producing a visual
```

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 4 of 12
Case 1:10-cr-00297-LY Document 92-2 Filed 03/09/11 Page 3 of 11

3

```
10:06:03   1   depiction of the conduct, if the visual depiction has been
10:06:10   2   transported in interstate commerce or mailed.
10:06:13   3              Among the evidence the Court has presented to it is
10:06:18   4   the agreed stipulation of facts and evidence that was entered
10:06:23   5   into by the parties in this case, and the Court has thoroughly
10:06:28   6   considered each and every part of that stipulation.  The Court
10:06:34   7   further has carefully considered the testimony of the witnesses
10:06:41   8   that testified yesterday, Special Agent Sean Mullen of the
10:06:45   9   Federal of Bureau of Investigation; Ms. Kerry Jenkins, the
10:06:51  10   former wife of the defendant; Mr. Kennedy -- excuse me --
10:06:59  11   Mr. Kenneth Courtney, a former friend of the defendant; and
10:07:05  12   then, lastly, the testimony of the defendant's son.
10:07:12  13              In addition, the Court has reviewed each of the
10:07:16  14   exhibits that were introduced by the Government to the extent
10:07:19  15   that, with regard to the video portions, the Court reviewed
10:07:27  16   Government's Exhibit 13, which was the compilation of all of
10:07:33  17   the video snippets.  And I have further reviewed the other
10:07:41  18   exhibits which were not in video format.  So I have thoroughly
10:07:45  19   reviewed everything in this case.
10:07:51  20              This defendant, David Diehl, may be found guilty of
10:07:54  21   this crime only if the Government proves each of the following
10:07:59  22   elements beyond a reasonable doubt:  One, an actual minor; that
10:08:01  23   is, a real person who was less than 18 years of age was
10:08:04  24   depicted.  The Court finds beyond any doubt that an actual
10:08:11  25   minor; that is, a real person who was less than 18 years of
```

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 5 of 12
Case 1:10-cr-00297-LY Document 92 Filed 03/09/11 Page 4 of 11

4

|          |    |                                                                       |
|----------|----|-----------------------------------------------------------------------|
| 10:08:15 | 1  | age, was depicted.  Each of Jane Does 1, 2, and 3 satisfy that        |
| 10:08:22 | 2  | paragraph of section 2251(a).                                         |
| 10:08:26 | 3  |            The second thing the Government must prove beyond a        |
| 10:08:28 | 4  | reasonable doubt is that the defendant, David Diehl, employed,        |
| 10:08:32 | 5  | used, persuaded, induced, enticed, or coerced the minor to take       |
| 10:08:38 | 6  | part in sexually explicit conduct for the purpose of producing        |
| 10:08:42 | 7  | a visual depiction.  For example, a videotape or a digital            |
| 10:08:47 | 8  | video of the conduct.                                                 |
| 10:08:49 | 9  |            The exhibits, including Government's Exhibit 13,           |
| 10:08:53 | 10 | which the Court reviewed -- I believe it was 13.  Am I correct        |
| 10:08:58 | 11 | on that?  That was the compilation.                                   |
| 10:09:00 | 12 |            MR. DEVLIN:  That was the compilation.  And as well        |
| 10:09:02 | 13 | as 7, which was separate as well because that couldn't be on          |
| 10:09:06 | 14 | the compilation.                                                      |
| 10:09:08 | 15 |            THE COURT:  -- clearly satisfies the videotape or          |
| 10:09:10 | 16 | digital video component.  The events portrayed on those items         |
| 10:09:21 | 17 | were sexually explicit and clearly, again, beyond any doubt in        |
| 10:09:28 | 18 | the Court's mind reflect that the defendant, at a minimum,            |
| 10:09:33 | 19 | employed the minors, Jane Does 1, 2, and 3, to take part in           |
| 10:09:40 | 20 | sexually explicit conduct and did in fact produce a visual            |
| 10:09:44 | 21 | depiction of that.                                                    |
| 10:09:47 | 22 |            Where issue is primarily joined between the                |
| 10:09:51 | 23 | Government and the defendant is in the third element, that the        |
| 10:09:55 | 24 | visual depiction was mailed or actually transported in                |
| 10:09:58 | 25 | interstate or foreign commerce.  The Court observes that              |

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 6 of 12
Case 1:10-cr-00297-LY Document 92 Filed 03/09/11 Page 5 of 11

5

| | | |
|---|---|---|
| 10:10:03 | 1 | Section 2251(a) of Title 18 of the United States Code provides |
| 10:10:09 | 2 | that punishment may be imposed on a defendant if the defendant |
| 10:10:13 | 3 | knows or has reason to know that such visual depiction will be |
| 10:10:17 | 4 | transported or transmitted using any means or facility of |
| 10:10:22 | 5 | interstate or foreign commerce or in affecting interstate or |
| 10:10:26 | 6 | foreign commerce or mailed, if the visual depiction was |
| 10:10:30 | 7 | produced or transmitted using materials that have been mailed, |
| 10:10:33 | 8 | shipped, or transported in or affecting interstate or foreign |
| 10:10:36 | 9 | commerce by any means, including by computer, or if the visual |
| 10:10:41 | 10 | depiction has actually been transported or transmitted using |
| 10:10:45 | 11 | any means or facility of interstate or foreign commerce or |
| 10:10:49 | 12 | in affecting interstate or foreign commerce or travel. |
| 10:10:54 | 13 | That is what I have termed during the trial, that |
| 10:10:57 | 14 | last portion I read, the third clause of Subsection (a) of |
| 10:11:02 | 15 | Section 2251, the third clause of the interstate nexus |
| 10:11:07 | 16 | requirement. |
| 10:11:08 | 17 | So I focus here on whether the visual depiction has |
| 10:11:15 | 18 | actually been transported or transmitted using any means or |
| 10:11:20 | 19 | facility of interstate or foreign commerce or in affecting |
| 10:11:23 | 20 | interstate or foreign commerce or mailed.  The defendant |
| 10:11:31 | 21 | asserts that there is a scienter test, that he had to have |
| 10:11:37 | 22 | intended that transportation and that there is no evidence of |
| 10:11:40 | 23 | that. |
| 10:11:41 | 24 | In *Runyan,* which we discussed yesterday, the Fifth |
| 10:11:51 | 25 | Circuit examined the interstate nexus.  But the basic facts of |

|||
|---|---|
|10:11:55| 1 *Runyan* involved more the first clause of the interstate nexus|
|10:12:07| 2 paragraph of Subsection (a) of Section 2251.  That was whether|
|10:12:11| 3 the person knows or has reason to know that the visual|
|10:12:14| 4 depiction will be transmitted in interstate commerce.|
|10:12:19| 5           However, the ruling in Runyan is instructive here,|
|10:12:23| 6 where -- and I think and, in my opinion, and I hold that it|
|10:12:27| 7 applies to all three of the interstate nexus provisions of|
|10:12:32| 8 Subsection (a).  And that portion on page 239 of the *Runyan*|
|10:12:38| 9 opinion, where the Fifth Circuit says:  "We join the|
|10:12:41|10 First Circuit in holding that transmission of photographs by|
|10:12:45|11 means of the Internet is tantamount to moving photographs|
|10:12:48|12 across state lines and thus constitutes transportation in|
|10:12:52|13 interstate commerce for the purposes of Title 18, United States|
|10:12:56|14 code, Section 2251."|
|10:12:59|15           Here the evidence is clear, and the Government has|
|10:13:04|16 proved beyond a reasonable doubt, that the production of the|
|10:13:10|17 visual depictions occurred within the Western District of|
|10:13:14|18 Texas, within the State of Texas, and that thereafter these|
|10:13:22|19 depictions or copies of depictions or however you want to refer|
|10:13:29|20 to it on the interstate -- I mean, on the Internet were in fact|
|10:13:36|21 seized in the States of Maryland, New Jersey, Indiana,|
|10:13:44|22 Australia, and Arizona, depending on which of the counts of the|
|10:13:48|23 indictment you were looking at.|
|10:13:49|24           The Court of course takes notice that those states|
|10:13:52|25 that the Court just mentioned are not the State of Texas.  Even|

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 8 of 12
Case 1:10-cr-00297-LY Document 92-2 Filed 03/09/11 Page 7 of 11

7

```
10:13:57   1  the foreign state is not the State of Texas.  Obviously, the
10:14:02   2  depictions moved from the State of Texas to those states in
10:14:08   3  some manner.
10:14:12   4            The Court finds that it defies common sense to say
10:14:16   5  therefore that the depictions did not move in interstate
10:14:18   6  commerce.  And I reject the defense's argument that it takes
10:14:21   7  more than what has been shown by the Government to show that,
10:14:24   8  under the third interstate nexus clause of Subsection (a) of
10:14:31   9  Section 2251, that more had to be shown.
10:14:34  10            The facts are clear beyond a reasonable doubt that
10:14:40  11  the production of the child pornography occurred within the
10:14:46  12  state of Texas and that it appeared in other states and,
10:14:52  13  therefore, the Court finds that is enough to show that it had
10:14:57  14  been transported or transmitted using any means or facility of
10:15:01  15  interstate or foreign commerce.
10:15:04  16            The Government argues that there is no scienter
10:15:19  17  requirement with regard to the third clause.  The defendant
10:15:24  18  argues that there is.  The Court has reviewed all of the
10:15:28  19  authorities presented by each party including the lengthy
10:15:35  20  article from volume 22 of the Hawaii Law Review, beginning
10:15:42  21  page 73.  The Court finds that law review article instructive
10:15:48  22  but does not establish that there is a scienter or mens rea
10:15:54  23  requirement.  Looking particularly in the language in the law
10:15:57  24  review article on page 13, the author appears to concede that
10:16:03  25  there is not when he states each of the statutes.  And he's
```

10:16:08  1  referring to 2252 and 2251, there in the Court's opinion, says
10:16:21  2  that they would either expressly require either the movement of
10:16:24  3  or the intent to move the child pornography itself.  The Court
10:16:27  4  has held that there was movement of the child pornography
10:16:35  5  itself.
10:16:37  6              The author then argues throughout the article that
10:16:41  7  the -- it is poor policy and that the Congress should not be
10:16:45  8  federalizing each and every crime and that the Congress is in
10:16:53  9  fact removing traditional things or traditional enforcement
10:16:59 10  that was previously left to the states.
10:17:01 11              The author may or may not be correct on that.  The
10:17:04 12  fact is that Congress is federalizing more and more crimes.
10:17:08 13  And I hope that, in this particular case, under this particular
10:17:14 14  statute, that the Congress did in fact federalize what the
10:17:21 15  Congress found to be the crime.  And that is the employment,
10:17:30 16  use, persuasion, inducement, enticement, or coercion of any
10:17:34 17  minor to engage in sexually explicit conduct for the purpose of
10:17:43 18  producing any visual depiction of such conduct.
10:17:49 19              Here we have visual depictions of sexually explicit
10:17:53 20  material involving employment of a minor that did in fact move
10:18:01 21  in interstate commerce.  Therefore, I find the Government has
10:18:03 22  satisfied its burden on all three of the elements of the
10:18:08 23  statute.
10:18:09 24              Therefore, in accordance with those findings and
10:18:12 25  conclusions which I have rendered here this morning in Open

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 10 of 12
Case 1:10-cr-00297-LY Document 92 Filed 03/09/11 Page 9 of 11

9

```
10:18:16   1  Court at the conclusion of yesterday's trial, I find beyond a
10:18:20   2  reasonable doubt that the defendant, David Diehl, is guilty of
10:18:24   3  the offense charged in count 1 of the second superseding
10:18:27   4  indictment, guilty of the offense charged in count 2 of the
10:18:31   5  second superseding indictment, guilty of the offense charged in
10:18:34   6  count 3 of the second superseding indictment, guilty of the
10:18:38   7  offense charged in count 4 of the second superseding
10:18:41   8  indictment, guilty of the offense charged in count 5 of the
10:18:45   9  second superseding indictment, guilty of the offense charged in
10:18:49  10  count 6 of the second superseding indictment, guilty of the
10:18:53  11  offense charged in count 7 of the second superseding
10:18:56  12  indictment, guilty of the offense charged in count 8 of the
10:19:00  13  second superseding indictment, guilty of the offense charged in
10:19:04  14  count 9 of the second superseding indictment, and guilty of the
10:19:08  15  offense charged in count 10 of the second superseding
10:19:12  16  indictment.
10:19:13  17           And I have signed a verdict to that effect, which I
10:19:16  18  now pass to the clerk for entry in the record of this Court.
10:19:23  19           Sentencing will be set at a later date, and an order
10:19:29  20  will be forthcoming.
10:19:32  21           Now, if you will give me a moment before we recess, I
10:19:35  22  have something I need to review here.
10:20:00  23           All right.  I have received this morning a letter
10:20:04  24  dated October the 2nd, 2011 from the defendant, David Diehl,
10:20:13  25  which complains of both his attorney and the Government
```

Case 1:10-cr-00297-LY Document 218-2 Filed 12/05/16 Page 11 of 12
Case 1:10-cr-00297-LY Document 92-2 Filed 03/09/11 Page 10 of 11

10

|          |    |                                                                    |
|----------|----|--------------------------------------------------------------------|
| 10:20:18 | 1  | attorney.  Ms. Jones, I am passing this to you at this time,       |
| 10:20:22 | 2  | and please file that in the record and make copies for both        |
| 10:20:28 | 3  | Mr. Orr and Mr. Devlin.  I will say before I close this record     |
| 10:20:34 | 4  | that I think, in my opinion, the defendant has been extremely      |
| 10:20:39 | 5  | well represented in this case.  I believe that Defendant's         |
| 10:20:45 | 6  | counsel, Mr. Orr, has made every argument that could possibly      |
| 10:20:49 | 7  | be made on the defendant's behalf in this case.                    |
| 10:20:52 | 8  |     I simply find beyond a reasonable doubt and, |
| 10:20:57 | 9  | actually, in my mind, beyond any doubt that the defendant is       |
| 10:21:02 | 10 | guilty of the offenses that were charged in the second             |
| 10:21:06 | 11 | superseding indictment.                                            |
| 10:21:10 | 12 |     Mr. Devlin, Mr. Orr, do either of you have anything |
| 10:21:13 | 13 | you would like to present this morning or anything you need to     |
| 10:21:17 | 14 | address with the Court while I have you present?                   |
| 10:21:20 | 15 |     MR. DEVLIN:  No, Your Honor.               |
| 10:21:21 | 16 |     THE COURT:  Mr. Orr?                       |
| 10:21:21 | 17 |     MR. ORR:  No, Your Honor.                  |
| 10:21:22 | 18 |     THE COURT:  Then at this time the Court is in recess, |
| 10:21:25 | 19 | and sentencing will be set at a later date.                        |
| 10:21:28 | 20 | (End of transcript)                                                |
|          | 21 |                                                                    |
|          | 22 |                                                                    |
|          | 23 |                                                                    |
|          | 24 |                                                                    |
|          | 25 |                                                                    |

```
 1  UNITED STATES DISTRICT COURT    )

 2  WESTERN DISTRICT OF TEXAS       )

 3      I, Arlinda Rodriguez, Official Court Reporter, United

 4  States District Court, Western District of Texas, do certify

 5  that the foregoing is a correct transcript from the record of

 6  proceedings in the above-entitled matter.

 7      I certify that the transcript fees and format comply with

 8  those prescribed by the Court and Judicial Conference of the

 9  United States

10      WITNESS MY OFFICIAL HAND this the 7th day of March 2011.

11

12                          /S/ Arlinda Rodriguez
                            Arlinda Rodriguez, Texas CSR 7753
13                          Expiration Date:  12/31/2012
                            Official Court Reporter
14                          United States District Court
                            Austin Division
15                          200 West 8th Street, 2nd Floor
                            Austin, Texas 78701
16                          (512) 916-5143
```