# EXHIBIT B-3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>DAVID ANDREW DIEHL,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL NO. A-10-CR-297 LY |

## AGREED STIPULATION OF FACTS AND EVIDENCE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and the Defendant, DAVID ANDREW DIEHL, by and through his attorney of record, Stephen Orr, Esq., (collectively referred to as the "Parties") and hereby enter into the following stipulation of facts and evidence, and would show the Court as follows:

I.

This case is currently set for jury selection and trial on February 7, 2011, before the Honorable Lee Yeakel, United States District Judge for the Western District of Texas. For purposes of this trial, the Parties freely and voluntarily agree and stipulate to the following facts and evidence. The Parties do not stipulate regarding whether the Defendant is guilty or not guilty of any or all of Counts One through Ten of the Second Superseding Indictment, but the facts stipulated herein may be considered by the fact finder as true and correct without the need for further proof or testimony and in determining whether the Defendant has been proven guilty of any or all of those counts

beyond a reasonable doubt. Moreover, any testimony or evidence stipulated herein may be considered admissible without objection at trial. This stipulation is only for this case, currently set for trial on February 7, 2011. This stipulation is not intended for use in any other court regarding any other case, and is not intended to be used or admissible in any other case.

II.

The Parties hereby agree and stipulate that the following facts and evidence are true, uncontroverted, and are admissible in evidence against the Defendant at trial without objection:

INTRODUCTION

1. The Defendant, DAVID ANDREW DIEHL, was born in 1962. Before, during, and after the Relevant Time Period (defined below), Defendant DIEHL was gainfully employed at various times as a computer programmer, computer software developer, and information technology professional.

2. The "Minor Victims" are the persons known as Jane Doe #1, Jane Doe #2, and Jane Doe #3, and are identified in Counts One through Ten of the Second Superseding Indictment. Jane Doe #1 was born in or about 1989; Jane Doe #2 was born in or about 1991; and Jane Doe #3 was born in or about 1996.

3. The "Relevant Time Period" means the dates relevant to the allegations set forth in the Second Superseding Indictment, namely, the time period beginning in or about February 1999 through at least November 2000, including June 2000. During the Relevant Time Period, Defendant DIEHL and his former wife owned and resided at the a

2

premises located in Austin, Texas 78729. Defendant DIEHL and his former wife bought the premises in or about February 1999 and resided there continuously until they sold and moved out of the premises in or about November 2000.

4. During the Relevant Time Period, Defendant DIEHL personally knew and was acquainted with each of the Minor Victims. One of the Minor Victims is a close relative of Defendant DIEHL who resided with Defendant DIEHL at the residence during a significant portion of the Relevant Time Period. The other two Minor Victims are children of persons who were family friends of Defendant DIEHL and his former wife during the Relevant Time Period.

5. The "Video Exhibits" are the visual depictions marked as Government Exhibits No. 1-1, 1-2, 2, 3, 4-1, 5-1, 5-2, 6, 7, 8, 9-1, 9-2, and 10 in this case, all of which are video recordings in digital format.

6. "Sexually explicit conduct," as the term relates to the Second Superseding Indictment, includes genital-genital and/or oral-genital ("oral sex") sexual intercourse; masturbation; and/or the lascivious exhibition of the genitals and pubic area of one or more of the Minor Victims and/or Defendant DIEHL.

## PRODUCTION OF CHILD PORNOGRAPHY

7. During the Relevant Time Period, the Minor Victims were under the age of 18 years and were actual, living children. In particular, during the Relevant Time Period, Jane Doe #1 was between 10 and 12 years of age; Jane Doe #2 was between 7 and 9 years of age; and Jane Doe #3 was between 2 and 4 years of age.

8. Each of the Video Exhibits consists of a visual depiction of one or more of

3

the Minor Victims engaging in sexually explicit conduct, including genital-genital and/or oral-genital (oral sex) sexual intercourse; masturbation; and/or the lascivious exhibition of the genitals and pubic area of a Minor Victims and/or an adult male. The production of each of the Video Exhibits involved the use of one or more of the Minor Victims engaging in such sexually explicit conduct.

OVERVIEW OF THE VIDEO EXHIBITS

9. All of the Video Exhibits are admissible in evidence without objection at trial.

10. a. Government Exhibit 1-1 is a visual depiction set forth in Count One of the Second Superseding Indictment and is a video approximately 3 minutes and 49 seconds in duration, which was recorded inside a tent, depicting an adult male whose face is not seen, but whose voice is captured by the audio portion of the recording, engaged in sexually explicit conduct with Jane Doe #1, namely, masturbation and the lascivious exhibition of the genitals and pubic area of Jane Doe #1, who is seen mostly laying on her back.

b. Government Exhibit 1-2 is a visual depiction set forth in Count One of the Second Superseding Indictment and is a video approximately 3 minutes and 8 seconds in duration, which was recorded inside a tent, depicting an adult male whose face is not seen, but whose voice is captured by the audio portion of the recording, engaged in sexually explicit conduct with Jane Doe #1, namely, masturbation and the lascivious exhibition of the genitals and pubic area of Jane Doe #1, who is seen mostly laying on her front.

4

c. One or more witnesses giving sworn testimony, including, but not limited to, Jane Doe #1 and Kerry Jenkins, and documentary exhibits admitted into evidence without objection, including medical records pertaining to Defendant DIEHL, business records of the Star Ranch and a Travis County Sheriff's Office motorcycle accident report, would collectively establish the following uncontested facts:

(1) that the visual depictions marked as Government Exhibits 1-1 and 1-2 were recorded, created, and produced in or about June 2000 at the Star Ranch in the Western District of Texas;

(2) that the adult male who appears in the video recordings, whose voice is captured in the audio portion of the video recordings, and who is engaging in sexually explicit conduct with Jane Doe #1 is, in fact, Defendant DIEHL;

(3) that Defendant DIEHL recorded, created, and produced the visual depictions;

(4) that Defendant DIEHL guided and directed Jane Doe #1 to engage in sexually explicit conduct; and

(5) that Defendant DIEHL is the only adult depicted in the visual depictions and the only adult who was present during the production of the visual depictions.

11. a. Government Exhibit 2 is the visual depiction set forth in Count Two of the Second Superseding Indictment and is a video approximately 1 minute and 20 seconds in duration, which was recorded inside a cabin, depicting an adult male engaged in sexually explicit conduct with Jane Doe #2, namely, masturbation, oral-genital sexual intercourse (oral sex), and the lascivious exhibition of the genitals and pubic area of Jane

5

Doe #2 and the adult male.

    b.  One or more witnesses giving sworn testimony, including, but not limited to, Jane Doe #2 and Kerry Jenkins, and documentary exhibits admitted into evidence without objection, including medical records pertaining to Defendant DIEHL, business records of the Star Ranch and a Travis County Sheriff's Office motorcycle accident report, would collectively establish the following uncontested facts:

    (1)  that the visual depiction marked as Government Exhibit 2 was recorded, created, and produced between February 1999 and November 2000 at the Star Ranch in the Western District of Texas;

    (2)  that the adult male who appears in the visual depiction and who is depicted engaging in sexually explicit conduct with Jane Doe #2 is, in fact, Defendant DIEHL;

    (3)  that Defendant DIEHL recorded, created, and produced the visual depiction;

    (4)  that Defendant DIEHL guided and directed Jane Doe #2 to engage in sexually explicit conduct; and

    (5)  that Defendant DIEHL is the only adult depicted in the visual depiction and the only adult who was present during the production of the visual depiction.

  12.  a.  Government Exhibit 3 is the visual depiction set forth in Count Three of the Second Superseding Indictment and is a video approximately 3 minutes and 4 seconds in duration, which was recorded in a bedroom, depicting an adult male engaged in sexually explicit conduct with Jane Doe #2, namely, masturbation; genital-genital and

oral-genital (oral sex) sexual intercourse; and the lascivious exhibition of the genitals and pubic area of Jane Doe #2 and the adult male.

b. Government Exhibit 4-1 is a visual depiction set forth in Count Four of the Second Superseding Indictment and is a video segment approximately 3 minutes and 44 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #2, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of Jane Doe #2 and the adult male. Jane Doe #2 is nude and wearing a man's tie around her.

c. Government Exhibit 5-1 is a visual depiction set forth in Count Five of the Second Superseding Indictment and is a video segment approximately 6 minutes and 20 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #2, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of Jane Doe #2 and the adult male.

d. Government Exhibit 5-2 is a visual depiction set forth in Count Five of the Second Superseding Indictment and is a video segment approximately 9 minutes and 38 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #2, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of Jane Doe #2 and the adult male, and to include the adult male's use of an instrument appearing to be a vibrator on Jane Doe #2.

e. Government Exhibit 6 is the visual depiction set forth in Count Six

7

of the Second Superseding Indictment and is a video approximately 34 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #3, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of the adult male, to include the adult male's forcibly grabbing Jane Doe #3's head and ejaculating into her mouth.

       f.      Government Exhibit 7 is the visual depiction set forth in Count Seven of the Second Superseding Indictment and is a video approximately 5 minutes and 2 seconds in duration, which was recorded in a bedroom and depicts, among other things, an adult male engaged in sexually explicit conduct with Jane Doe #3, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of Jane Doe #3 and the adult male.

       g.      Government Exhibit 8 is the visual depiction set forth in Count Eight of the Second Superseding Indictment and is a video approximately 4 minutes and 21 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #3, namely, masturbation; oral-genital sexual intercourse (oral sex); and the lascivious exhibition of the genitals and pubic area of Jane Doe #3 and the adult male.

       h.      Government Exhibit 9-1 is a visual depiction set forth in Count Nine of the Second Superseding Indictment and is a video approximately 26 seconds in duration, which was recorded in a bedroom and depicts the adult male engaged in sexually explicit conduct with Jane Doe #3, namely, oral-genital sexual intercourse (oral sex), and the lascivious exhibition of the genitals and pubic area of the adult male.

i. Government Exhibit 9-2 is a visual depiction set forth in Count Nine of the Second Superseding Indictment and is a video approximately 16 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #3, namely, oral-genital sexual intercourse (oral sex), and the lascivious exhibition of the genitals and pubic area of the adult male.

j. Government Exhibit 10 is the visual depiction set forth in Count Ten of the Second Superseding Indictment and is a video approximately 41 seconds in duration, which was recorded in a bedroom and depicts an adult male engaged in sexually explicit conduct with Jane Doe #3, namely, oral-genital sexual intercourse (oral sex), and the lascivious exhibition of the genitals and pubic area of the adult male.

13. One or more witnesses giving sworn testimony, including, but not limited to, Jane Doe #2, the mother of Jane Doe #3, and Kerry Jenkins, and documentary exhibits admitted into evidence without objection, including certified deed records and a home video recording, would collectively establish the following uncontested facts:

a. that the visual depictions marked as Government Exhibits Nos. 3, 4-1, 5-1, 5-2, 6, 7, 8, 9-1, 9-2, and 10 were recorded, created, and produced between February 1999 and November 2000 at and within Defendant DIEHL's former residence in Austin, Texas, in the Western District of Texas, which he owned and resided at during the Relevant Time Period;

b. that the adult male who appears in the visual depictions marked as Government Exhibits Nos. 3, 4-1, 5-1, 5-2, 6, 7, 8, 9-1, 9-2, and 10 and who is depicted engaging in sexually explicit conduct with Jane Doe #2 and Jane Doe #3 is, in fact, Defendant DIEHL;

9

   c. that Defendant DIEHL recorded, created, and produced the visual depictions marked as Government Exhibits Nos. 3, 4-1, 5-1, 5-2, 6, 7, 8, 9-1, 9-2, and 10;

   d. that Defendant DIEHL guided and directed Jane Doe #2 and Jane Doe #3 to engage in sexually explicit conduct; and

   e. that Defendant DIEHL is the only adult depicted in the visual depictions marked as Government Exhibits Nos. 3, 4-1, 5-1, 5-2, 6, 7, 8, 9-1, 9-2, and 10 and the only adult who was present during the production of said visual depiction.

  14. Defendant DIEHL's agreement to these stipulations regarding the proffered testimony of witnesses in this cause does not waive his right to cross-examination and all other Sixth Amendment rights and other constitutional rights regarding the testimony of these witnesses in any proceeding in any other jurisdiction in which these witnesses might testify, nor does it waive any right to object to the admission of the videos in question in any other proceeding.

## INTERSTATE NEXUS

  15. One or more law enforcement agents, including Special Agents of the Federal Bureau of Investigation, giving sworn testimony, would collectively establish the following facts which Defendant DIEHL does not contest:

   a. that each of the visual depictions contained in the Video Exhibits was found in digital video format stored on one or more computers, hard drives, and/or other computer storage media at places outside the State of Texas and seized in connection with child pornography investigations that were conducted in and after the Video Exhibits were produced;

      b.      that, in particular, the visual depictions contained in Government Exhibits 1-1, 1-2, 6, and 8 were found on one or more computers and/or computer storage media located in Mesa, Arizona; the visual depictions contained in Government Exhibits 2, 3, 4-1, 5, 7, 9-1, 9-2, and 10 were found on one or more computers and/or computer storage media located in Westminster, Maryland; and one or more of these visual depictions were also found in New Jersey, Indiana, and Australia;

      c.      that each of the Video Exhibits was found in digital video format stored on one or more computers, hard drives, and/or other computer storage media at places outside the State of Texas and seized in connection with those criminal investigations;

      d.      that each of the Video Exhibits was found and recovered in the form of data stored on a computer hard drive and by other electronic means that were capable of being converted into visual images;

      e.      that the visual depictions contained in the Video Exhibits were found outside the State of Texas [struck through] as recently as 2010; and

      f.      that each of the Video Exhibits is currently available on the Internet, and all of them have been available on the Internet since at least 2007.

## ISSUE FOR THIS COURT TO DECIDE

16.    A defendant can be found guilty of violating 18 U.S.C. § 2251(a) only if all the following facts are proven beyond a reasonable doubt:

      First:      that an actual minor, that is, a real person who was less than 18 years old, was depicted;

11

Second: that the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction, *e.g.*, video tape or digital video, of the conduct;

Third: the visual depiction was mailed or actually transported in interstate or foreign commerce.

17. The Parties acknowledge, and Defendant DIEHL does not dispute, that this stipulation constitutes sufficient evidence to establish beyond a reasonable doubt that the Minor Victims were actual minors and under the age of 18 years during the Relevant Time Period and at the time the visual depictions were recorded, created, and produced.

18. The Parties acknowledge, and Defendant DIEHL does not dispute, that this stipulation constitutes sufficient evidence to establish beyond a reasonable doubt that Defendant DIEHL did knowingly and willfully employ, use, persuade, induce, entice, and/or coerce a minor, to wit: the Minor Victims, namely, Jane Doe #1, Jane Doe #2, and Jane Doe #3, to engage in sexually explicit conduct for the purpose of producing the visual depictions of such sexually explicit conduct. The Parties further agree that this conduct occurred in the Western District of Texas.

CONCLUSION

19. By entering into this stipulation of facts, the United States asserts, and Defendant DIEHL does not dispute, that, as to each of Counts One through Ten of the Second Superseding Indictment, the first and second elements of 18 U.S.C. § 2251(a), as set forth in paragraph 15 above, have been proven beyond a reasonable doubt. The only issue remaining is whether sufficient evidence has been introduced to prove the third element, that is, whether this Court has jurisdiction in this case by reason of interstate nexus.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

By:

MATTHEW B. DEVLIN
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858
Fax (512) 916-5854
State Bar No. 00795012

13

Defendant's Signature: I, DAVID ANDREW DIEHL, have carefully read and reviewed the foregoing Agreed Stipulation of Facts and Evidence ("Agreed Stipulation") in its entirety. After giving careful and mature consideration to the making of this Agreed Stipulation, thoroughly discussing the Agreed Stipulation with my attorney, fully understanding my rights with respect to the pending federal criminal charges, and in reliance upon my own judgment and the advice of my attorney, I freely and voluntarily agree to the Agreed Stipulation. I further agree that the Agreed Stipulation may be used to establish facts that may bear upon my guilt as to Counts One through Ten of the Second Superseding Indictment. I am satisfied with the advice my attorney has provided to me in this matter.

_____      1-27-2011
DAVID ANDREW DIEHL            Date
*Defendant*

Defense Counsel Signature: I am counsel for the Defendant, DAVID ANDREW DIEHL, in this case. I have fully explained to the Defendant all of his rights with respect to the pending criminal charges. I have carefully reviewed this Agreed Stipulation in its entirety with the Defendant and provided him with my best professional advice. In my opinion, the Defendant's decision to enter into this Agreed Stipulation is made freely, voluntarily, and with full knowledge of its effects and consequences.

_____      1-27-2011
STEPHEN M. ORR, ESQ.            Date

804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
State Bar No. 15317000
*Attorney for Defendant*

14