**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| DAVID ANDREW DIEHL, | § | A-10-CR-297-LY |
| Defendant. | § | |
| | | |
| DAVID ANDREW DIEHL, | § | |
| Petitioner, | § | |
| V. | § | |
| | § | A-16-CV-1124-LY-ML |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE:

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of the Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Government's Motion for Return of Discovery Materials and Discovery Order and David Diehl's Motion Under 28 U.S.C. § 2255 were referred to the undersigned for a Report and Recommendation.  Several related motions are also before the undersigned for disposition.  For the following reasons, the undersigned Magistrate Judge now disposes of the related motions and submits this Report and Recommendation to the District Court.

I.    BACKGROUND

In ruling on his direct appeal, the Fifth Circuit exhaustively recounted the facts of Diehl's trial, conviction, and sentence.  *United States v. Diehl*, 775 F.3d 714 (5th Cir. 2015).  Finding no error in the Fifth Circuit's factual recitation, it is repeated below.

In 2010, Diehl was charged with ten counts of sexual exploitation of a child/production of child pornography under 18 U.S.C. § 2251(a). The indictment alleged that in 1999 and 2000, Diehl did knowingly "employ, use, induce, entice, and coerce" three minor females to engage in sexually explicit conduct for the purpose of making visual depictions of such conduct, and that the visual depictions were "transported in interstate and foreign commerce and mailed."

Diehl waived a jury trial and proceeded to a bench trial before the District Court. He entered into an agreed stipulation of facts and evidence wherein he admitted all of the elements of the offenses, except the required interstate commerce nexus. Diehl stipulated that on multiple occasions he induced three minor victims to engage in sexually explicit conduct for the purpose of producing video depictions. As part of its deliberations, the District Court viewed the pornographic images produced by Diehl. According to the evidence, Diehl recorded encounters in which he sexually assaults three minor female victims on multiple separate occasions, including scenes of oral sex, digital penetration, penile penetration, sodomy, lascivious exhibition of the genitals and pubic area of the minors, and masturbation. Jane Doe #1 was approximately 10 years old when the videos were made. Jane Doe #2, a relative of Diehl's, was approximately 8 years old. Jane Doe #3 was approximately 3 years old.

Diehl stipulated that the ten video exhibits introduced by the Government and described in the indictment were created between February 1999 and November 2000 in the Western District of Texas. Diehl further admitted that: (1) each of the videos was found stored on one or

more computers, or other computer storage media, at places outside of Texas, (2) that the visual depictions were found outside of Texas as recently as 2010, and (3) that each of the videos was currently available on the internet, and all of them had been available since at least 2007. It was undisputed that all the videos had been found on electronic media outside the state of Texas, including in Arizona, Maryland, New Jersey, Indiana, and Australia.

At the conclusion of the Government's case, Diehl moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, on the grounds that the Government had failed to provide sufficient evidence to establish a nexus to interstate commerce. The District Court denied the motion.

The District Court found Diehl guilty on all ten counts. The District Court found beyond a reasonable doubt that the videos "clearly established" § 2251(a)'s "visual depiction" and "sexually explicit" elements. The District Court also found that the facts showed beyond a reasonable doubt that the production of the child pornography occurred within Texas and that it appeared in other states on the internet, which was sufficient to show a nexus to interstate commerce under § 2251(a).

At the sentencing hearing, the District Court heard extensive argument and testimony relevant to the Guidelines calculations, the 18 U.S.C. § 3553(a) sentencing factors, and the appropriate sentence. The court also heard statements from the mother of one of the victims and from Diehl. The court granted two of Diehl's objections to Guidelines sentencing enhancements and overruled three other objections, none of which Diehl challenged on appeal.

The District Court determined that the advisory imprisonment range under the 2000 Sentencing Guidelines was 210 to 262 months of imprisonment. The statutory maximum sentence was 20 years of imprisonment on each of the ten counts, or 200 years of imprisonment.

The court imposed a total sentence of 600 months of imprisonment and described the reasons for the sentence on the record. Diehl's counsel objected to the sentence as being substantively and procedurally unreasonable. Diehl filed a timely notice of appeal and elected to proceed *pro se* on appeal.

On appeal, Diehl alleged his indictment was untimely, his trial counsel was ineffective for failing to raise a statute of limitations defense[1], there was insufficient evidence to prove interstate commerce, and his sentence was procedurally and substantively unreasonable. The Fifth Circuit ruled against Diehl on all points and affirmed his conviction and sentence.

The Supreme Court denied Diehl's petition for writ of certiorari. Dkt. #190.

## II.   SUMMARY OF PENDING MOTIONS

A slew of motions are now before the court. Diehl's regular filing of substantially long motions, along with his appeals on various issues, his motions for reconsideration, and the other cases on this court's docket, have delayed the court's ability to reach his motions.

The Government filed a motion for return of discovery materials and for discovery protective order, seeking the return of all discovery materials provided by the Government to Diehl in this case and the prohibition from such materials being disseminated or transferred to Diehl's or any third party's control. Dkt. #202. The District Court referred this motion to the undersigned for a report and recommendation. Dkt. #204. Diehl opposed the motion and filed a motion for *in camera* review, asking the court to segregate out any attorney-client materials. Dkt. #208. As part of the briefing process on the Government's motion, the Government submitted a descriptive inventory of the discovery items at issue. Dkt. #215. Because the inventory contained minor-victims' identifying information, the Government did not serve Diehl with its inventory. The undersigned then reviewed the inventory, redacted the sensitive information,

---

[1] Diehl replaced his trial counsel before he was sentenced. Dkt. #106; Dkt. #107.

served Diehl with the redacted version, and ordered him to respond to the inventory with specificity as to why each individual item was needed, the anticipated use of the item in the future, and what good cause exists to release the item to Diehl. Dkt. #216. Diehl objected to that order, and the District Court overruled his objections. Dkt. #220, 221. Diehl then appealed that order to the Fifth Circuit, who dismissed the appeal for lack of jurisdiction. Dkt. #223, 236. Diehl also appealed to the Supreme Court, which denied his petition for a writ of certiorari. Dkt. #244.

Meanwhile, Diehl filed his motion to vacate under 28 U.S.C. § 2255, which was also referred to the undersigned for a report and recommendation. Dkt. #209. Diehl then filed numerous motions related to his 2255 motion—a motion to stay the 2255 motion, a motion for discovery, a motion to appoint counsel, a motion to supplement the record, and a motion to unseal the record. The Government filed its response to Diehl's 2255 motion, and Diehl filed a reply brief. Dkt. #218, #225. Diehl asserts the following grounds for relief in his 2255 motion:

1.      The statute of limitations was expired on all counts, and 18 U.S.C. § 3283 does not apply to the offenses.
2.      Counsel was ineffective for his failure to know the law, resulting in a wrongful conviction, specifically relating to the differences between the 1999 and 2008 versions of 18 U.S.C. § 2251(a).
3.      Counsel was ineffective for failing to object to the indictment being amended.
4.      Counsel was ineffective for failing to object to 18 U.S.C. § 2251(a) (2008) being applied to the case.
5.      Counsel was ineffective for failing to argue an appropriate defense.
6.      Trial counsel was ineffective for making a Rule 29 motion at trial.
7.      Trial counsel was ineffective for failing to subject the Government's case to meaningful adversarial testing, specifically counsel's advice to stipulate to all essential facts was per se ineffective.
8.      *United States v. Austin*, 432 F.3d 598 (5th Cir. 2005) has been abrogated by the Supreme Court.
9.      Counsel was ineffective for his failure to object to a pretrial order stating the courtroom would be closed when non-minors testified.
10.     The cumulative effect of prosecutorial misconduct at the grand jury proceedings, pretrial, trial, in the PSR, and on appeal resulted in a manifest

miscarriage of justice, contributing to the wrongful conviction and thirty-year upward variance.

Dkt. #209 (2255 Motion) at 4-7 (paraphrased in parts).

Despite his own motion to stay consideration of his 2255 motion and his untimely appeals relating to the Government's motion for return of its discovery materials, Diehl has also filed letters indicating his dissatisfaction at the timeliness with which the undersigned has addressed his motions. Nonetheless, the Supreme Court has now denied review of Diehl's appeal related to the Government's motion, and Diehl has finally filed the reply brief in response to the Government's inventory. Dkt. #244, 246 & 252 (Duplicate). Accordingly, the court now turns to the pending motions.

## III. MOTIONS RELATED TO DIEHL'S 2255 MOTION[2]

As stated above, Diehl has filed an inordinate number of motions related to his 2255 motion. The court addresses them below before addressing the merits of his 2255 motion.

### A. Government's Motion for Return of Its Discovery Materials (Dkt. #202), Diehl's Motion for *In Camera* Review (Dkt. #208), and Diehl's Motion for Reconsideration (#246 & #252[3])

The Government seeks return of the material it provided to Diehl's counsel to fulfill the Government's discovery obligations. The Government contends the materials were loaned to Diehl for use during his criminal case but belong to the Government or the agency from which the evidence originated. The Government also contends much of the materials contain information relating to child victims and are protected by 18 U.S.C. § 3509(d)(1)(A).

Diehl argues that the materials should no longer be protected under § 3509 because the victims are no longer minors. He also argues that he needs the materials to prove his

---

[2] As the Government Motion (Dkt. #202) and Diehl's 2255 motion were referred to the undersigned, the undersigned has authority to rule on the related motions.
[3] Dkt. #252 is a duplicate filing of Dkt. #246, which was filed under seal.

prosecutorial misconduct claims. Diehl offers no authority that the protections given by §
3509(d)(1)(A) expire when the victim reaches the age of majority. Nor does the statute provide
for such a result.

As described below, the majority of Diehl's habeas claims involve purely legal issues, to
which the materials are not relevant. To the extent the claims contain arguments that are not
purely legal, the court has considered those claims in conjunction with Diehl's request and Diehl
has not shown he is entitled to the materials as issue. Diehl contends he needs these materials
because "[s]evere prosecutorial misconduct has occured [sic] in this case, and this court should
not alow [sic] this evidence to be withheld." Dkt. #246 at 2. However, the material at issue in
this motion was all in Diehl's attorneys' possession during his prosecution, trial, sentencing, and
appeal. Diehl has not shown why his arguments relying on this information could not have been
made at trial or on appeal. Like his discovery requests discussed below, Diehl's arguments are
an improper attempt to reopen and retry his case. Additionally, Diehl provides no explanation as
to why some items listed in the Government's inventory are necessary to him. *See* Dkt. #246 at
2-4 (failing to respond to some inventory items). According, the undersigned recommends that
the Government's motion (#202) be granted.

Diehl moves the court for an *in camera* review of the materials claiming the materials
sought are privileged and do not fall within the scope of 18 U.S.C. § 3509(d). Dkt. #208.
Although *in camera* review may be warranted when there is a risk of ordering disclosure of
privileged materials, no such risk is present here. The materials at issue were provided to Diehl's
counsel by the Government. Accordingly, there is no potential privilege claim. To the extent
Diehl argues the "prisoner mail from Mr. Diehl" itemized in the Government's inventory may
contain attorney-client protected conversations, *see* Dkt. #246 at 4, Diehl's attorney was in

possession of this information and in a position to make any privilege claim during Diehl's trial, sentencing, or appeal.  This motion (Dkt. #208) is denied.

During the briefing process related to the Government's motion (Dkt. #202), Diehl filed a Motion to Compel United States to Respond (Dkt. #217) because he did not receive the Government's response.  As described above, the Government did not serve the response with inventory on Diehl because of the sensitive victim material in the response.  Instead, the court served Diehl with a redacted version of the response and inventory.  Accordingly, this motion (Dkt. #217) is denied.

Diehl also filed a Motion for Reconsideration of the Court Order Entered December 7, 2016 (Dkt. #246 & #252).  In the December 7, 2016 Order (Dkt. #221), the District Judge overruled Diehl's objections to the undersigned's order that Diehl respond to a redacted Government inventory of the discovery at issue.  However, Diehl's current Motion for Reconsideration is not a motion at all, but is a response to the redacted inventory.  Accordingly, it was considered in the court's analysis above.  Diehl's Motion for Reconsideration (Dkt. #246 & #252) is dismissed as it is not actually a motion.

## B.      Motion for Discovery (Dkt. #240)

"'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'"  *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014), as revised (Sept. 2, 2014) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).  Rule 6 of the Rules Governing Section 2255 Proceedings provides that a party may conduct discovery if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("HABEAS RULES") 6.  A party requesting discovery must provide reasons for the request, and the

request must include the proposed discovery.  *Id.* at 6(b).  A party "demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  *Fields*, 761 F.3d at 478 (quoting *Bracy*, 520 U.S. at 908–09).  However, Rule 6 "'does not authorize fishing expeditions.'"  *Id.* (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Diehl seeks discovery related to his statute of limitations claims, including deposition of his trial counsel; "work product between Matt Devlin and Child Exploitation division of Justice Dept."; all notes, memos, reports, briefs, opinions in the possession of the Executive Office of the U.S. Attorney office and exploitation division, and the deposition of Daniel Collins, Deputy A.G.  Dkt. #240 at 25 of 57.  Related to his jurisdictional arguments, Diehl seeks a declaration from the District Judge concerning his exact findings; inspection of all confiscated disc drives and computers; disclosure as to what effort went into decrypting any encrypted drives; notes, memorandum, and correspondence between state police, NCMEC, the FBI, and the U.S. Attorney's Office; inspection of disc drives seized in Austin, Texas; "complete FBI disclosure of all child pornography files that they themselves have distributed"; all FBI 302's and any other notes, memorandum, summaries, reports, work product concerning his case; a deposition of an FBI representative; a list of international partners referenced in Grand Jury transcripts because "these government agencies and international partners are transporting child pornography all over the world";  and information concerning an uncharged video count because it "serves as an example of how stipulated charged counts most probably were transported in interstate commerce."  *Id.* at 27-30.  Diehl also seeks to take the deposition of his trial counsel concerning the transport issue and why the stipulation of facts was signed before trial.  Diehl argues §

2251(a) requires proof that the visual depiction crosses state lines, not use of a facility (the internet) for transport and that his trial counsel did not understand Diehl's jurisdictional argument.  Diehl also contends his trial counsel was really working against Diehl's interests at trial.  *Id*. at 36.   Related to his claim that his sentence violated the Ex Post Facto clause, Diehl seeks NCMEC reports; a deposition of Dawn Ego who provided the reports; "full discovery concerning the FBI's distribution of child pornography, and their practice of illegally breaking into computers using viruses."  *Id*. at 52.

In considering Diehl's direct appeal, the Fifth Circuit conclusively rejected Diehl's statute of limitations argument, his jurisdictional argument, and his argument that his sentence violated the Ex Post Facto clause.  *Diehl*, 775 F.3d at 719-24.  As discussed below, those grounds offer Diehl no habeas relief, and therefore any discovery on these issues is unnecessary.

Diehl also seeks various discovery related to Ken Courtney, who testified against him at trial.  Diehl alleges that the FBI showed Courtney the visual depictions at issue, Courtney testified falsely, and that Diehl's trial counsel did not effectively cross-examine him at trial.  He seeks all FBI 302's concerning any and all conversations with Courtney or his attorneys, including rough notes, emails, other documents, or proffer sessions; all information concerning Courtney's discussions with Florida state investigators about his arrest; the deposition of FBI Agent Sean Mullen concerning whether Courtney was shown charged visual depictions; a deposition of Diehl's trial counsel concerning his cross examination of Courtney; and a deposition of Courtney concerning his testimony.  Dkt. #240 at 44.

Diehl also wants discovery related to "prosecutorial misconduct" concerning Courtney. Diehl alleges that Courtney was offered immunity from prosecution when the FBI said to him they had no interest in his case and that cooperation included altering Courtney's testimony in

substantial ways.  Specifically Diehl requests answers from the FBI as to whether Courtney has ever been a confidential informant; the date of all conversation between Courtney, his attorneys, and law enforcement concerning Diehl; whether law enforcement explained to Courtney his exposure to federal charges to which he admitted guilt during his testimony; all conversation notes concerning Courtney's immunity requests; depositions of Courtney, the FBI agents that interviewed him, and Courtney's attorneys; and Courtney's hard drives, phones, and emails. Related to his claims of prosecutorial misconduct concerning false statements that were made by the Government, Diehl seeks a finding of fact entered by the court for each item listed in his 2255 motion section K(a)-(c).

Rule 6 "'does not authorize fishing expeditions.'"  *Fields*, 761 F.3d at 478 (quoting *Ward v. Whitley*, 21 F.3d at 1367).  A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted. *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996) (citing *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (en banc)).  Diehl's motion improperly seeks to reopen and retry his case. Accordingly, the motion (#240) is denied.

### C.  Motion to Stay (Dkt. # 214)

Diehl moves to stay resolution of his 2255 motion until he receives the discovery materials at issue in Dkt. #202.  Having found Diehl not entitled to these materials, the motion (#214) is denied.

### D.  Motion to Supplement the Record (Dkt. #238)

Diehl moves the court to supplement the record with his "Final Reply brief on Appeal" filed in the Fifth Circuit in or around June 2014 and a "Motion in Support of Motion for Independent Investigation of Corruption on the Part of the United States and Steve Orr" filed

around June 20, 2014 in the Fifth Circuit, which he complains the Government did not attach to its response.

The Government was only required to attach briefs or transcripts of the prior proceedings that are not available in the court's records and that the Government refers to in its response. HABEAS RULE 5(c). Accordingly, the Government was not required to attach these documents to its response. The court also notes that the Fifth Circuit denied his motion for an independent investigation as "wholly speculative and unsupported by the record." *United States v. Diehl*, No. 11-51076, Doc. #00512894340, (5th Cir. Jan. 8, 2015).

This court does not sit as an appellate court to the Fifth Circuit. This motion (#238) is denied.

### E.      Motion for Appointment of Counsel (Dkt. #239)

Diehl moves for the appointment of counsel to assist him in his habeas petition under 28 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed for a person seeking relief under § 2255 when justice so requires. 28 U.S.C. § 3006A(a)(2)(B). "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." HABEAS RULE 8(c). Diehl had already filed his 2255 motion before seeking the appointment of counsel, and the court finds an evidentiary hearing is not necessary. Diehl has not shown justice requires that counsel be appointed. This motion (#239) is denied.

### F.      Motion to Unseal Documents (Dkt. #243)

Diehl moves to unseal all sealed records and documents in this case. Diehl argues "[a]t this point in time there are no minors to protect in this case," but he fails to provide any legal authority that the protections offered to minor victims expire when they reach majority. This motion (#243) is denied.

**IV.**     **2255 MOTION**

The court previously listed Diehl's grounds for relief in his 2255 motion.  Those grounds can generally be placed into three categories: issues raised on direct appeal, ineffective assistance of counsel, and a general argument of prosecutorial misconduct.

**A.     Standard of Review**

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). More specifically, § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—
> > (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000).

## B.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal case reasonably effective assistance of counsel. U.S. CONST. amend VI; *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, movant must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must demonstrate counsel's performance fell below an objective standard of reasonableness. *Id.* Under this standard, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, movant must prove he was prejudiced by counsel's substandard performance. *Strickland*, 466 U.S. at 687. "[T]o prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Conley*, 349 F.3d at 841-42. When a movant fails to meet either requirement of the *Strickland* test, his ineffective assistance of counsel claim is defeated. *See Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1993). "'[A] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance.'" *Fields*, 761 F.3d at 453 (quoting *Strickland*, 466 U.S. at 689)). Additionally, courts presume that counsel's "challenged action might be considered sound trial strategy." *Belyeu*, 67 F.3d at 538 (citing *Strickland*).

Whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the record. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (citing *Byrne v. Butler*, 845 F.2d 501, 512 (5th Cir. 1988)). If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. *Id*. (citing *Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir. 1980)). If the record is clearly adequate to dispose fairly of the allegations, the court need not inquire further. *Id*. "A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' and when he does not offer 'detailed and specific facts' surrounding his allegations." *Id*. (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)).

### C.     Issues Raised on Direct Appeal

In its review of Diehl's direct appeal, the Fifth Circuit addressed many of the issues Diehl now raises. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *see also United States. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

First, Diehl contends the statute of limitations was expired on all counts and 18 U.S.C. § 3283 does not apply to his offenses. The Fifth Circuit squarely addressed the statute of limitations issue when Diehl claimed on appeal that his trial counsel was ineffective for failing to raise the statute of limitations as a defense. *Diehl,* 775 F.3d at 719-721. The Fifth Circuit

reached not only the effectiveness of counsel issue, but also reached the issue of the appropriate statute of limitations for the charges brought against Diehl. *Id.* "[Section] 3283 is the statute of limitations applicable to Diehl's sexual exploitation of a child/production of child pornography charges under § 2251(a). Because it is undisputed that none of Diehl's minor victims had attained the age of 25 at the time of the indictment, Diehl's indictment was timely." *Id.* at 721 (internal citations omitted). This is the very issue Diehl asserts here. Accordingly, despite Diehl's repeated reassertions of the same rejected points, the Fifth Circuit has unequivocally decided the statute of limitations issue against Diehl.

Diehl argues that since he committed his crimes while the Sentencing Guidelines were still mandatory, it is an Ex Post Facto violation to sentence him higher than the Guideline range in effect at the time he committed his crimes. Diehl argues the Fifth Circuit's reliance in his direct appeal on *United States v. Austin*, 432 F.3d 598, 599 (5th Cir. 2005), to hold otherwise was misplaced because that case has been abrogated by *Peugh v. United States*, 569 U.S. 530 (2013), and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). On his direct appeal, the Fifth Circuit directly addressed and rejected Diehl's argument that his sentence is a violation of the Ex Post Facto clause. *Diehl*, 775 F.3d at 724. The Fifth Circuit issued its opinion after the *Peugh* case on which Diehl relies, and *Molina-Martinez* did not announce a new rule that has been made retroactive on collateral review. Accordingly, neither case offers Diehl any relief.

Diehl also raises issues relating to the version of the statute under which he was convicted under the guise of ineffective assistance of counsel. Diehl argues his counsel was ineffective for failing to properly argue Diehl's jurisdictional defense, i.e., that the court does not have jurisdiction over this crime unless the Government proves the created images were transported across state lines. Diehl similarly argues that his counsel was ineffective for failing

16

to object to the indictment "being amended" and for the 2008 version of the relevant statute being applied to his case.

The Fifth Circuit rejected these arguments in its direct review. Diehl argues his trial counsel argued the court lacked jurisdiction because Diehl lacked the necessary *mens rea* that the images would be transported in interstate commerce. Diehl contends his counsel should have argued the court lacked jurisdiction because the evidence was insufficient that the created images were transported in interstate commerce. However, the Fifth Circuit rejected the argument Diehl contends trial counsel should have been made. "The fact that the videos that were created in Texas and found in multiple other states, together with the witnesses' testimony supporting the district court's findings, is sufficient to satisfy the interstate commerce nexus requirement." *Diehl*, 775 F.3d at 722. To the extent Diehl contends interstate movement of a tangible object was required, the Fifth Circuit also affirmed that the "the record includes specific evidence from which the district court could reasonably infer that Diehl himself transported the images across state lines, both physically and via the internet." *Id*. The Fifth Circuit also rejected Diehl's contention that the wrong version of the statute was applied and that indictment was amended during trial to use a later version of the statute. *Id*. at n.2 ("the district court correctly identified the issue and the government's burden, and expressly found that the government had proven that the videos actually moved in interstate commerce, as required by the applicable version of § 2251(a)").

Diehl is not entitled to relief on any of these grounds. The Fifth Circuit rejected the merits of these arguments. Diehl cannot now show his counsel was ineffective and he was prejudiced by that ineffectiveness for failing to make arguments the Fifth Circuit has rejected.

*See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

**D.      New Ineffective Assistance of Counsel Issues**

Diehl also argues his trial counsel was ineffective for making a Rule 29 motion at trial, advising him to stipulate to essential facts and failing to test the Government's case, and failing to object to the courtroom's closure when non-minors testified.

At the close of the Government's evidence, Diehl's attorney moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that federal jurisdiction was lacking because there was no adequate interstate nexus.  Dkt. #91 (Trans. Day 1) at 149:16-22. Diehl contends the motion was ineffective because it was not necessary during the bench trial and it was prejudicial because it caused the District Judge to state that he found Kenneth Courtney's testimony credible to the extent relevant to the Rule 29 motion.  *See id.* at 157:14-25. Diehl also argues the District Judge used an evidentiary standard that was not beyond a reasonable doubt to decide the Rule 29 motion.  *See* Dkt. #209 (2255) citing Dkt. #91 (Trans. Day 1) at 185:22-186:5.  Diehl contends this harmed him on appeal because the Fifth Circuit referenced Courtney's testimony and stated, "the record includes specific evidence from which the district court could reasonably infer that Diehl himself transported the images across state lines, both physically and via the internet."  *Diehl*, 775 F.3d at 722.

Diehl's argument misrepresents the record and is without merit.  First, there is no evidence the District Judge applied a lower standard in ruling on the Rule 29 motion.  The District Judge stated he could not find that there was no reasonable trier of fact that could not convict under the facts presented.  Dkt. #91 (Trans. Day 1) at 157:21-24.  A reasonable trier of fact could only convict if the evidence proved Diehl guilty beyond a reasonable doubt.  The later

reference in the transcript to a "preliminary ruling" was to a pretrial motion to dismiss filed much earlier in the case.  *Id.* at 185:22-186:5; *see* Dkt. #45.  The District Judge stated he previously "ruled that you had enough to get this case to trial."  Dkt. #91 (Trans. Day 1) at 185:24-25.  This obviously cannot be a reference to a motion made *during* trial.  Additionally, the District Judge found Diehl guilty beyond a reasonable doubt, and there is no evidence that he would have reached a different determination if there had been no Rule 29 motion.  Finally, when the Fifth Circuit found the District Judge could have inferred sufficient jurisdictional evidence from Courtney's testimony, it did not rely on the District Judge's statements denying the Rule 29 motion.  Rather, it did so because of its own standard of review:

> In reviewing the sufficiency of the evidence following a bench trial, we ask "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir.2003) (quoting *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir.1998)). We must "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court." *Id*. at 720–21.

*Diehl*, 775 F.3d at 721, 722.  Accordingly, even assuming counsel's performance fell below an objective standard of reasonableness in making the Rule 29 motion,[4] Diehl has not shown counsel's Rule 29 motion caused him any prejudice.  *See Conley*, 349 F.3d at 841-42 (requiring both Strickland prongs be met to succeed on an ineffective assistance of counsel claim).

Next, Diehl contends his counsel was ineffective for advising him to stipulate to essential facts and failing to test the Government's case.  Diehl contends he agreed to the stipulation, in part, because his trial counsel assured him that the Government would have to prove he transported or caused to be transported the visual deprecations he produced.  Dkt. #225 (Reply)

---

[4] Although Diehl has shown a Rule 29 motion is not necessary in a bench trial, he has not shown that such a motion falls below an objective standard of reasonableness.  *See United States v. Traweek*, 707 Fed. App'x 213 (5th Cir. 2017) (counsel made similar motion at a bench trial).

at 10.  Diehl contends his counsel was ineffective because the Government used the stipulation to prove all elements of the offenses and had Diehl realized that would be the effect of the stipulation, he would not have entered into it.  In the stipulation, the parties agreed the evidence established beyond a reasonable doubt the first and second elements of Counts 1-10.  Dkt. #78.  The stipulation expressly did not concede the third element: that the visual depiction was mailed or actually transported in interstate or foreign commerce.  *Id.* at ¶¶ 16, 19.  As described above, the jurisdictional nexus issue was vigorously litigated at trial and on appeal.  In return for the stipulation, Diehl's Offense Level was reduced two levels for his acceptance of responsibility.  Dkt. #219-1 (PSR) at ¶ 131.  Given the overwhelming evidence against him, Diehl cannot show counsel's advice to agree to the stipulation in exchange for a two Offense Level reduction fell below an objective standard of reasonableness or had a prejudicial effect on his trial.  *See Fields*, 761 F.3d at 453; *Belyeu*, 67 F.3d at 538.

Finally, Diehl contends his counsel was ineffective for failing to object to the courtroom's closure when certain witnesses testified.  Diehl contends the courtroom's closure "altered the defenses [sic] trial strategy contributing to the disasterous [sic] bench trial finding of guilt."  Dkt. #209-1 at 25.  Diehl also argues that when his own son testified, the District Judge denied defense counsel's request to close the courtroom.  *Id*.  The court notes Diehl did not raise the closing of the courtroom on appeal, and the issue here is whether counsel was ineffective.

Diehl has not shown his trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by such unreasonable representation.  First, Diehl's basis for ineffective assistance is baseless—Diehl's trial counsel *did* object to the courtroom being closed when minor victims testified.  The Government's Motion to Protect the Privacy of the Juvenile Victims and Witnesses (Dkt. #61) was heard at a December 21, 2010 hearing.  *See*

Dkt. #134 (Dec. 21 Trans.).  Diehl's counsel objected to the Government's motion and argued against it.  *Id.* at 22:14-20, 23:2-5, 26:2-5, 26:10-15.  Additionally, Diehl offers no specific prejudice from the order that the courtroom would be closed during minor-victims' testimony.[5] Finally, the District Judge denied the request to close the courtroom when Diehl's minor son testified because counsel represented his testimony would not involve testimony of his abuse. Dkt. #91 (Trans. Day 1) at 147:7-148:21.  The District Judge stated he would reconsider that decision if the testimony was going to discuss the son's abuse.  *Id*. at 148:22-24. Diehl has not shown ineffective assistance of counsel as to this issue.

### E.      Prosecutorial Misconduct Issue

Finally, Diehl argues "[t]he cummulative [sic] effect of prosecutorial misconduct at the grand jury proceedings, pretrial, trial, in the PSR, and on appeal resulted in a manifest miscarriage of justice, contributing to the wrongful conviction and thirty-year upward variance." Dkt. #209 (2255) at 7.  "Under the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness." *Fields*, 761 F.3d at 483 (quoting *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009)). "Where the district court does not commit an error, there can be no cumulative error."  *Id*.

Diehl lists a series of "material misstatement of law and fact," *see* Dkt. #209 (2255) at 31-33, but many of the statements Diehl allegedly quotes from the Sentencing Transcript cannot be found in the Sentencing Transcript and several other references are to statements the Government made during his appeal.  Diehl also attacks statements made by the Government during sentencing, *see* Dkt. #209 (2255) at 34-35, but several of these alleged statements cannot be located in the record and the remaining are fair attorney argument.  This case was tried to the bench, and therefore the District Judge was fully knowledgeable about the evidence.  Even if

---

[5] Review of the trial transcript shows that no minor victims were called during trial.  *See* Dkt. #91 (Trans. Day 1).

Diehl were to show any of the statements were improper, he has not shown that they unfairly prejudiced the District Judge.

Diehl also argues the Government withheld exculpatory evidence concerning Kenneth Courtney's previous out of court statements and agreements Courtney had with the Government regarding his testimony against Diehl.  In his argument, Diehl references inconsistent statements made by Courtney, but Diehl never states how he became aware of those statements.  The Government contends the statements are contained in an FBI interview summary of Courtney, which was produced to Diehl before trial.  Dkt. #218 (Resp.) at 22-23.  Diehl does not rebut this assertion in his reply, but instead argues the Government "gave a jail house snitch five years off his sentence to lie."  Dkt. #225 (Reply) at 17.  Diehl has not shown any constitutional errors relating to his trial, much less conduct that would result in a miscarriage of justice.  *See Fields*, 761 F.3d at 483 (requiring constitutional errors that violate the trial's fundamental fairness).

The court also notes Diehl did not raise these issues in his direct appeal[6] and did not offer any arguments as to why he could not have done so.  *See Smith*, 32 F.3d at 196; *Shaid*, 937 F.2d at 232.  Diehl has not shown that he is entitled to habeas relief on these issues.

### F.      Request for an Evidentiary Hearing

An evidentiary hearing is not necessary to resolve Diehl's 2255 Motion, and Diehl's request for an evidentiary hearing should be denied.

### V.    ORDERS AND RECOMMENDATION

As stated above, the court **DENIES** Diehl's motions related to his 2255 motion (Dkt. #208, 214, 217, 238, 239, 240, 243) and **DISMISSES** Dkt. #246 and #252.

---

[6] As stated above, in his appeal, Diehl did file a motion for an independent investigation into possible corruption on the part of the Government and his trial counsel, which the Fifth Circuit denied as "wholly speculative and unsupported by the record."

For the reasons stated above, the court **RECOMMENDS** the Government's Motion for Return of Discovery Materials and Discovery Protective Order (Dkt. #202) be **GRANTED**.

For the reasons stated above, the court also **RECOMMENDS** Diehl's motion for relief under section 2255 (Dkt. #209) be **DENIED**.

## VI.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

In this case, reasonable jurists could not debate the denial of Petitioner's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the District Court not issue a certificate of appealability.

**VII.   OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).


SIGNED October 23, 2018

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE