RECEIVED
NOV 19 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

# In The United States District Court For The Western District of Texas Austin Division

David A. Diehl
    Petitioner / Defendant

v.

United States of America
    Respondent / Plaintiff

No. A-10-CR-297-1-LY
A-16-CV-1124-LY

## Petitioner's Objections To Order And Report And Recomendation Of The United States Magistrate Judge

Comes Now, David A. Diehl Petitioner, pro se in the above numbered and styled cause, who now submits his objections to Magistrate Lane's Report and Recomendation filed 10-23-2018. Please file the enclosed petitioner objection.

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

David A. Diehl *(signature)*
David A. Diehl
11-9-2018

## Certificate of Service

I David A. Diehl swear under the penalty of perjury, that on November 9th, 2018 I placed a self addressed pre-paid envelope containing my objections to Magistrate Lanes Report And Recomendations in the prison mail. The envelope was addressed to

> Clerk, U.S. District Court
> Western District of Texas
> United States Courthouse
> 501 W. 5th Street, Suite 1100
> Austin, TX   78701

The United States was <u>not</u> served seperatly as they are electronic filers.

*David A Diehl*
David A. Diehl
11-9-2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN TEXAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| Plaintiff,Respondent§ | | |
| V. § | A10-CR-297-LY | |
| § | | |
| DAVID ANDREW DIEHL, § | A16-CV-1124-LY-ML | |
| Defendant/Petitioner§ | | |

OBJECTION TO ORDER AND REPORT AND RECOMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

**COMES NOW** David A. Diehl petitioner in the above numbered and styled case, proceeding pro-se, with a response to Magistrate Mark Lanes "ORDER AND REPORT AND RECOMENDATION OF THE UNITED STATES MAGISTRATE JUDGE.

Defendant Diehl objects to the report on the following grounds

I. GENERALLY

Finding Diehl procedurally bared on his three primary §2255 counts (Statute of limitations, Federal Jurisdiction of the case, and the Ex Post Facto sentence) magistrate Lane denies an evidence hearing, attorney, and access to Diehl's Client-Attorney file. In his 28 U.S.C. §2255 submission however Diehl demonstrated that he is not procedurally bared through the presentation of detailed, seperate arguments. The interstate nexus argument for instance was broken down into 7 different sub-arguments. Magistrate Lanes failure to address the arguments seperately leads to confusion.

It is also noted here that Diehl filed a motion to recuse Magistrate Lane, and a pending motion for reconsideration of that

motion, which is as of this date still pending. Diehl therefore on 10-29-2018 filed a motion to withdrawl and rescend the October 23-2018 Report and Recomendation (Doc 253) that Diehl now responds to. A motion to Amend Diehl's §2255 was also immediately filed in response to Magistrate Lanes decision herein to lift the Stay pending discovery (§214)

## II. §2255 COUNT 1 Statute Of Limitations

Magistrate Lane finds regarding the Statute Of Limitations (herein after SOL) argument raised in Count 1 of Diehl's §2255 that the Fifth Circuit reached both the ineffective counsel issue and reached the conclusion that 18 U.S.C. §3283 does include 18 U.S.C. §2251(a). On §2255 Diehl argues that there are really two different issues here, and even if §3283 does include §2251(a) Diehl's Six Amendment rights concerning the SOL were violated. Diehl also argues that §3283 does not include any exploitation offenses including §2251(a) and that the Fifth Circuit's finding on Diehl's appeal concerning the issue violates the Fifth Circuit prior En Banc Precident, and Supreme Court precident on statutory interpretation.

Diehl argues that the record was not develped on appeal for the Fifth Circuit to have considered the SOL argument, and that it was an error for that court to have done so. In Diehl's SOL argument he made continueing allegations of corruption and ineffective counsel. Diehl also submitted a "Motion In Support of Motion For Independant Investigation Of Corruption On The Part Of The United States and Steve Orr", Filed on 12-20-14, (Herein Corruption Motion). Magistrate Lane's only reference to that motion is in an unrelated section of the R&R - Section D, "Motion To Supplement the Record" (Dkt. §238), R&R page 11. The merits of the corruption motion are not considered in the R&R. The Fifth Circuit themselves did not

2.

evaluate the Corruption Motion because the record did not support the accusations.

At this point the record is further developed to include Steve Orr's affidavit, Grand Jury transcripts, FOIA information, more legislative history, and further briefing.

## B.

The case used to justify hearing the SOL issue on appeal was United States v. Roselez-Orose, 707 F.2d 132 (5th Cir. 1983). See Diehl Id. 719. Roselez-Orose states that an ineffective counsel claim should only be heard on appeal, if the record contains all of the evidence of in-effective counsel. Id. 138. Also see United States v. Freeze, 707 F.2d 132, 138 (5th Cir. 1983) (Refusing to hear I.C. on appeal because, "the court could only speculate as to why trial counsel had failed to argue the issue;") United States v. Moody, 664 Fed. Appx. 367 (5th Cir. 2016) (Declining to hear I.C. issue on appeal citing Freeze and United States v. Isgar, 739 F.3d 829, 841 (5th Cir. 2014) citing United States v. Aguilar, 503 F.3d 431, 436 (5th Cir. 2007) (denying I.C. on appeal because the district court had not held a hearing, and the record did 'not provide sufficient detail about trial consels conduct and motivations to allow this court to make a fair evaluation of the merits of the [appellants claim.']). Thats clearly the case in Diehl's case. Steve Orr's affidavit was not even made available until now, and unfortunately, its void of any detail. His deposition must be taken. Moody cites United States v. Massaro, 538 U.S. 500 (2003) as a guidance as to when I.C. claims should be heard on appeal, but Massaro says, "certain questions may arrise in subsequent §2255 proceedings concerning the conclusiveness of determinations made on claims raised on direct appeal." See Diehl's petition for Discovery motion, page 5, discussing Steve Orr's apparent complete lack of research into the mysterious SOL at §3283. See below.

Massaro also recognized that many times defendants raise ineffective counsel issues on appeal, despite the record not being fully developed, for no other reason than "[the] threat of a procedural bar ...." Citing United States v. Galloway, 56 F.3d 1239 (10th Cir. 1955). And this is why Diehl had to challenge the SOL on appeal. See United States v. Coutentos, 651 F.3d 809 (8th Cir. 2011) (successfuly challenged SOL on appeal), but also see United States v. Arcky, 938 F.2d 579, 582 (5th Cir. 1991) (per curium). It just wasn't clear when the SOL had to be raised. Current precedent is not for appeal courts to hear the issue on appeal. See Mussachio v. United States, 136 S.ct. 709 (2016).

In fact Steve Orr trial counsel was ineffective for not challenging the SOL at trial or pre-trial regardles of any ultimate decision on what offenses 18 U.S.C. §3283 includes in its vague and ambiguous language[1]. As is demonstrated in Diehl's §2255 Final Reply Page 1-2, even challenging the issue has apparently provided benefit to defendants in other cases. See Diehl's Request For Discovery motion, page 8 citing the Panner and Gool cases. An evidentiary hearing will likely show that the government is well aware that §3283 does not include Chapter 110 - exploitation offenses. Mark Lane is wrong to dismiss the SOL issue, without considering that the ineffective counsel issue is divorced from the §3283 offense inclusion issue. See United States v. Nyhuis, 211 F.3d 1340 (11Th Cir. 2000) (Outragous government misconduct is substantially different from the claim previously resolved,) referenced from Diehl's §2255 Final Reply §2, and Rule 6 discovery motion (Request For Discovery) @2.

## C.

There is no doubt the government in these §3283 cases has engaged in misconduct. The Corruption Motion itself highlights disturbing examples of evidence tampering and manuevering aimed at avoiding §3283 altogether, and instead using 18 U.S.C. §3299.

----------
1, See Petition For Discovery page 7 for details on Steve Orr's lack of research and effort. See 2255 Section A for efforts that went into obtaining discovery prior to §2255

The mistatements of facts and manevuering around §3283 are intended to explain away the fact that §3283 does not reference any §3509(a) definitions. See 18 U.S.C. §2258 in contrast which does. Section A of Diehl's §2255, subsection O explains some of the lies told in Diehl's case to use the §3509(a) definitions. The Fifth Circuit itself went so far as to say §3509(a) definitions ions were defined "in" §3283. Diehl asks this court to allow supplemental briefing where Diehl will show why §3283 doesn't rely on §3509(a) definitions, and why the government has done what it has in these cases. The numerous mistatements of facts are a violation of law. In <u>Nix V. Whiteside</u>, 473 U.S. 157, 167 (1986) the Supreme Court ruled, an attorney cannot, "conceal or knowingly fail to disclose that which he is required by law to reveal, knowingly use perjured testimony or false evidence, or knowingly make a false statement of law or fact." There can be no doubt the government has knowingly made false statements of law and fact with regard to §3283. As Diehl has shown they went so far as to mislead the Grand Jury in this case to get the indictment and arrest. Mysteriously Steve Orr, won't challenge the SOL issue at trial.

In Diehl's Petition For Discovery he has asked for specific evidence that will be used to prove that if §3283 is a criminal statute of limitations to be applied to perpetrators of sex crimes at all, it doesn't apply to exploitation offenses.

Diehl has shown grounds for an evidentiary hearing for this SOL argument. This court is not precluded from developing the record and in fact it will be necessary so that when Diehl applies for the Certificate of Appealability, the Fifth Circuit will have access to the additional information. An en banc hearing may be required to maintain the Circuits precident as described below.

<u>D.</u>

The significant problems associated with the Fifth Circuit's decision to interpret §3283 to include "exploitation" through

the use of §3509(a)(8) include the following.

1. Congress purposely did not reference the "Child Abuse" definitions located at §3509(a)(3) from §3283. Doing so violates Korman Assoc Inc. V. United States, 527 F.3d 443 (5th Cir. 2008) (" courts are authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of congress.") Taylor V. United States 109 LED2D 607, 625 ( " The record of the hearing and floor debates disclose that congress made no attempt to define the term 'bribery,' but relied on the accepted contemporary meaning.") And this is also the case with the phrase "sexual or physical abuse." in the Victim Of Child Abuse Act. Comineti V. United States, 61 LED 442, 242 US 470 ("Statutory words are uniformly presumed unless contrary appears to be used in their ordinary and usual sense..." And, "Omission of pre-existing definitions of a term often indicate congresses intent to reject that definition", INS v. Cardoza-Fonseca, 480 US 421, 432 (1987). The SOL originally at §3509(k) was apparently misplaced from the start. "Proper statutory construction requires considering a phrases placement and purpose in the statutory scheme," Bailey v. United States, 516 U.S. 137, 145 (citing Brown v. Gartner, 513 US 115, 118 (1994). SOL belongin Chapter 213 not Chapter 223. "The Statute of limitations at 3509 does not provide a procedure that is necessary to the proper functioning of other components of 3509," United States v. McElaney, 54 M.J. 120, 126.

2. Using §3509(a)(8) to add exploitation makes the term superflous at §3509(a)(2) which is the primary definition of §3509. Lockhart V. United States, 136 S. Ct. 958 (2016)(avoiding superfluity without even evaluating the underlying terms); Whatever "sexual or physical abuse" is, it excludes "exploitation" which includes all child pornography offenses. See Diehl's Petition For Discovery page 14-16.

6.

3. The doctrine of In Pari Materi does not apply to a SOL, versus courtroom procedures, See <u>United States v. Mills</u>, 850 F.3d 693 (4th Cir. 2017) ( refusing to apply §3509(a)(6) exploitation to §2251(e), and instead defining exploitation); <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 316 (2006) (subject matter jurisdiction and venue were 'not concepts of the same order."). The SOL at §3283 and §3509 "Superficially relate", <u>United States v. Brouncheau</u>, 645 F.3d 676, 685 (4th Cir. 2011) ( in general).

4. The Fifth Circuit forbids the definition of §3509(a)(8). <u>Contreras v. Holder</u>, 754 F.3d 286 (5th Cir. 2014) ( §3509(a)(8) is "directly contrary to the definitional method mandated in our circuit" citing <u>United States v. Rodriguez, 711 F.3d 541</u>, 550 (5th Cir. 2013) (en banc) (Choosing plain meaning over various federal statute definitions). And see <u>United States v. Najera-Najera</u>, 519 F.3d 509 (5th Cir. 2008) (" That we in Zavalia-Sustaita expounded the generic meaning of sexual abuse of a minor necessarily means that the resultant definition cannot be deemed statute specific."

5. Congress uses the phrase "Sexual Abuse or Exploitation" to include both categories of crime. <u>United States v. Pharis</u>, 176 F.3d 434 (8th Cir. 1999); 42 USC §§608, 3796aa-8, 671.

6. The legislative history of The Victim Of Child Abuse Act directly contradicts that the SOL originally at §3509(k) included any offenses other than those in Chapter 109A, which was enacted in the 1986 Sexual Abuse Act, which is the "comprehensive" definition of sexual abuse in federal code. As five years was approaching in 1990, the SAA was in immediate need of a SOL increase. Chapter 110 was enacted in 1977 without ever having a SOL increase. And, 18 U.S.C. §3299, enacted in the Adam Walsh act was obviously added to add new offenses.

7. Lienancy and strict interpretation principles were ignorred by the Fifth Circuit. See <u>Kokesh v. SEC</u>, 137 S.Ct.1635 (2017)

## II. INTERSTATE NEXUS

### A.

On page 16 of the Report And Recomendation (R&R), Magistrate Lane dismissed nearly all of Diehl's §2255 counts associated with the jurisdictional nexus. This includes the indictment amendment, and ex post facto counts,[1] Count 3 and 4. Two related ineffective counsel (IC) claims (Count 2 and 5) were also not independantly considered. A related prosecutorial misconduct claim at §2255 section K(D) (§2255 page 36 and Final Reply p.16) accused the government of presenting knowingly false testimony. This argument was not addressed in the R&R. A related claim regarding a witness's immunity, Count 10 K(E) was also not directly addressed. Diehl objects to all of these dismissals.

### B.

Diehl argues below that the record was never fully developed for the Fifth Circuit to have evaluated any indictment amendment, and the seperate ex post facto argument. Diehl is therefore not barred from developing the record on §2255. See SOL section herein discussing this same topic, and §2255 memorandum P. 15-16, Final Reply P.6. Furthermore, changing the argument from, the meaning of visual depiction, to one of mens-rea, at trial, prejudiced Diehl, and was IC. See §2255 memorandum P. 13, Final Reply P.7.

### =C.

An indictment amendment occurs when the government through its presentation of evidence or its argument, or the district court through its instructions to the jury, or both, broadens the base for the conviction beyound those in the indictment. <u>United States v. Randall</u>, 171 F.3d 195, 203 (4th Cir. 1999). In Diehl's case, the only direct evidence of interstate transport was a stipulatoin signed by Diehl.[2] But, the stipulation was insufficient to convict along according to the R&R. See R&R p.20.

-----

1. The Rule 29 count 6, and Stipulation Count 7 were not alleged to be procedurally barred.
2. The CMEC reports are actually hearsay, See Diehl's proposed §2255 amendment.

Likewise, an expost facto violation occurs when the evidence required to convict is reduced. See §2255 Section D, P. 24. The Fifth Cir. certainly did not hear this on appeal. The Fifth Circuit infact never considered §2255 counts 2,3,4,5,6,7, or 10.

### D.

1. Mark Lane's primary basis for refusing Diehl's nexus arguments on §2255 is:

   "The district court correctly identified the <u>issue</u> and the governments <u>burden</u>, and expressly found that the government had proven that <u>the videos</u> actually moved in interstate commerce as required by the <u>applicable version of §2251(a)</u>"
   R&R p. 17; 5th Cir. opinion P.8. Underline not in original (UNIO)

Note that "the videos" is a short cut for §2251(a)'s "visual depiction". That definition itself changed in the year 2008 to include transmitted data that had never been made fixed or permanent. That version is not applicable to Diehl. The version of §2251(a) applicable to Diehl concerns matter and mediums. See §2255 memorandum Section E, P.19. This was known prior to signing the stipulation. There was never any proof that Diehl's visual depictions were transported in interstate commerce. And, the burden of proof concerning interstate transport changed according to which version of §2251(a) is being applied. The "issue" is different. In Diehl's trial the version being evaluated ~~with~~ was constantly changing. See Trial Trans. Vol 1: P.177,180, 182, VOL2: 4-7. The Fifth Circuit mistakingly said the incorrect language was used "[only] when anouncing its verdict." The Fifth Circuit also mistakinly said the amended language was "contained in both the 2000 verssion, and the 2008 version. The Fifth Circuit therefore could not have evaluated the indictment amendment and ex post fact violations. Only the 2008 version of §2251(a) contains the transmit, use of a factility, and in or effecting interstate commerce language. These were substantive statutory changes to §2251(a).

2. It isn't relevant whether the district court only applied the wrong statutory language, "when anouncing its verdict."

   "When a constructive amendment is found, the error is fatal

9.

and reversable per se when not preserved by objection."
United States v. Redd, 161 F.3d 793, 795 (4th Cir. 1998); United States v. Hoover, 467 F.3d 496, 502 (5th Cir. 2006); Stirone v. United States, 361 U.S. 212, 219 (1960). And Diehl's §2255 memorandum p. 15-16.

3. Mark lane also relied on the following Fifth Circuit comment to dismiss all of Diehl's independant Nexus claims:

> "The record includes <u>specific evidence</u> from which the district court could reasonably infer that Diehl himself transported the images across state lines, both physically and via the Internet."
> R&R p. 19.

This specific evidence was provided by government witness Ken Courtey who said Diehl transmitted un specified videos over IRC (§2255 B(M), B(O),) and on Courtney saying that Diehl showed him Count One. See Fifth Circuit Opinion p. 8. See also B(U),(Z),(AA),(AB),(AC).

However, See Rule 29 section below concerning the evidence standard used when Judge Yeakel was evaluating Courtney's testimony, §2255 Section C, page 23 for Judge Yeakels narrow finding, and Diehl's Petition For Discovery at page 22. A close examination of the record shows that Judge Yeakel refused to rely on Ken Courtney's testimony beyond a reasonable doubt. And, at the very most the trial court found that either Courtney or Diehl used "the internet" to transport visual depictions, relying on <u>Carrolls</u> "tantamount" findings. See §2255 Facts(S) page 20-21. Courtney was credible "as to that part," referencing <u>Runyan</u>. See §2255(D), page 24.

For the above reasons, Diehl asked that in Rule 6 discovery Judge Yeakel clarify his findings and any dependency on Courtney. Diehl also asked to depose Courtney, Steve Orr, and to examine exculpatory evidence known to exist. See Petition For Discovery. All of these evidence requests are proper under §2255 Rule 6. See <u>Massaro</u> (supra).

### E.

The specific evidence that the district court allegedly used to infer physical and elctronic transport is also insufficient to establish interstate transport using the correct version of §2251(a). The Fifth Circuit cited two seperate statements made by Ken Courtney as the inferred evidence. First, using IRC Diehl would "entice other people on the internet to make or provide new child pornography in

10.

exchange for material ~~for material~~ from Diehl." However even assuming Judge Yeakel relied on Courtney's testimony, the use or IRC doesn't imply interstate transport. That still has to be proven. See <u>United States v. Wright</u>, 625 F.3d 583 (9th Cir. 2010). See §2255, section E, page 20. Second, the Fifth Circuit assumes that if Diehl has Count one, then it was driven from Texas. The government propogated this incorrect logic at trial. See Trial Transcript §152. But of course according to CMEC, Count 1 was widely available on the Internet, where like Courtney, Diehl could have obtained it. What we have here is inference upon inference, upon inference. And, the record does not support the fact the Court inferred any physical transport at all.

In Diehl's Petition for discovery he seeks to examine his own confiscated hard drives, Courtney's drives, and other evidence that Steve Orr should have examined per 18 U.S.C. §3509. The R&R effectively robs Diehl of his ability to examine exculpatory evidence, and to clarify the record on this criticle issue, which was the only issue trial counsel challenged.

### F.

Diehl also challenged Ken Courtney's entire testimony on §2255 which the Fifth Circuit used exclusively to uphold Diehl's conviction while relying on mistatements of fact. See above. Courtney's testimony as FBI 302's show was constantly changing from one interview to the next. And there is new evidence showing that Ken Courtney was actually shown the tent video, or images from that video prior to trial. See Petition For Discovery Page 33-40. Magistrate Lane alleges that Diehl was not prejudiced because Diehl's ineffective counsel had access to the expulpatory evidence. This is irrelevant because the evidence is highly relevant to the indictment amendment, ex post facto, and other IC claims. Its also independantly relevant to the prosecutorial misconduct claims. <u>Brady v. Maryland</u> and <u>Alcorta v. Texas</u> (See Petition For Discovery § p. 36) were violated here. See 2255 K(E), page 38 and Petition For Discovery p.42.

III. STIPULATION

Diehl strongly objects to Magistrate Lanes findings concerning the stipulation. R&R P. 19-20. Diehl first agrees that "the stipulation expressly did not conceed the third element: that the visual depiction was mailed or actually transported in interstate or foreign commerce. Id at ¶¶16,19." But, this is true only if the correct §2251(a) (2000) language had been used throughout Diehl's trial, which unfortunatly it was not. As previously stated "the videos actually moved in interstate commerce, as required by the applicable version of §2251(a)." See R&R p. 17. The problem is that an incorrect defnition of "visual depiction" can be used to superceed the limitations imposed by the nexus language itself. See <u>United States v. Sturm</u>, 672 F.3d 891 (10Th Cir. 2012) (desent opinion) (explaining this phenomenon).

Steve Orr was abreast of the <u>Schaefer</u>, <u>Write</u>, and <u>Lewis</u> findings prior to pre-trial. This is why Mr. Orr sought clarification of the meaning of visual depiction by filing a "First Amended Motion For Bill Of Particulars ..." (Doc 57). But at the pretrial hearing on December 21, 2010 (p.6) Mr. Orr instead changed the argument to on of duplicious counts. Page 6:5 and p. 9:12. The indictment itself only spoke in vague terms regarding the meaning of visual depition: "for the purpose of producing a visual depiction ... which visual depiction was transxported ...." The stipulation also talks about visual depictions generically: "... defendant Diehl recorded, created, and produced the visual depictions ...." Page 5. Stipulation, Jan 31, 2011, and "that each of the visual depictions contained in the video exhibits was found in digital format stored on one or more computers hard drives ...." Stipulation P. 10.

Thourghout the trial visual depition is used without ever being defined, Judge Yeakel: "you will admit that <u>it</u> was located in another state ?" And, Yeakel: "however you want to refer to it." It appears the Fifth Circuit itself relied on the Post 2008 version of visual depiction. Recomending the stipulation without

defining visual depiction, and "producing" was IC, and Diehl was prejudiced. See United States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006) ("that language directs the word produced to media containing illegal images, rather than some abstract conception of images divorsed from the media." citing Untied States v. Angles, 234 F.3d 326, 341 (7th Cir. 200-0); United States v. Dickson 632 F.3d 186 (5th Cir. 2011).

The R&R says at page 20, "Given the overwhelming evidence against him, Diehl cannot show counsels advice to agree to the stipulation in exhange for two offense level reduction, fell below an objective standard of reasonableness, or had a prejudicial effect on his trial" citing Fields, and Belyeu. This is completly false and Diehl objects to Magistrate Lanes Findings. Diehl stipulated because the government never proved how reproductions of visual depictions arrived in other states, or who produced those visual depictions. There are many ways those reproductions could have arrived in other states, including being transmitted, or becaue the FBI is transporting visual depictions in interstate commerice, and this is an unfortunate fact. This is outlined in some detail in Diehl's Petition Foir Discovery.

## IV.

Rule 29 - 2255 ground 6

On page 29 of the R&R, Magistrate Lane dismissed Diehl's Rule 29 claim. See §2255 Ground 6, P. 26. Diehl's argument has implications related to the sufficency of evidence needed to convict at a bench trial. See R&R P.19 citing Turner, and Mathes.

Diehl argues that subsequent to the Rule 29 motion (starting at trial transcript 149:18, Ending 157:25) Judge Yeakel made clear to the government that what evidence he would consider i.e. "evidence sufficient to justify the trial judge, as trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." R&R § 19 )was still, up to that point, undecided. Magistrate Lane disagreed, and quotes a fragment of something Judge Yeakel said. in

Magistrate Lane says Judge Yeakels statement refered only to pre-trial evidence and not statements made in the Motion 29 renewal. But, what Judge actually said was "It was not necessary in the inquiry, because theres always a different slant to it after I have had an opportunity to hear all of the evidence other than what was <u>just presented</u> for the purpose of a preliminary motion. The burden were now at is reasonable doubt stage, <u>which is different than earlier</u>." [Trial Trans 185:25 - 186:5] This is an important fact because of the dialog that had just taken place, subsequent to the Rule 29 renewal. See Trial Trans. 182:4 through 184:20. Its clear that Judge Yeakel sought to elliminate any dependency on government witness Courtney. This was accomplished by getting Steve Orr to agree that finding videos in other states was sufficient evidence. See 182:7. At 183:25 Steve Orr did agree saying "Yes Sir." This was based on bizare testimony regarding electrons. The entire debate at this point is relying on amended language of §2251(a). In any case Steve Orr did recover and insist that actual transport detail still had to be proven. He was right. See <u>United Stateks v. Biyikiogue</u>, 2016 BL 191197 (5th Cir. No 14-31003, 6-15-16)

<u>V. Ex Post Facto Sentence</u>

On Page 16 of the R&R, Mark Lane denied Diehl's §2255 Sentence Ex Post Facto argument which Diehl based on <u>Peugh v. United States</u>, 569 U.S. 530 (2013) and <u>Molina martinez v. United States</u>, 136 S.ct. 1338 (2016). See R&R P.16. Mr. Lanes grounds for denying Diehl's argument were as follows:

1. The Fifth Circuit's opinion was issued after the Puegh decision. But, there is no indication whatsoever that the 5th Ciruit considered Puegh as not a word about Peugh is mentioned.
2. Mr. Lane found that "The Fifth Circuit directly addressed and rejected Diehls argument that his sentence is a violation of the ex post fact clause: citing Diehl, 775 F.3d at 724. But to be exact the Fifth Circuit said:

14.

"Diehl appears to argue that becaues the Guideliøns were mandatory in 2000, when he committed his offenses, the district court was obligated to impose a Guidelines sentence and that failure to do so amounted to a violation of the ex post Facto clause. This court has already rejected this argument . See United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005)

The context of this statement was in response to a substantive reasonableness argument proposed by Diehl on appeal. See Diehl's appeal brief at P. 50-54. Peugh is not mentioned in Diehl's appeal brief at all, because Diehl's brief was filed on 3-29-2013 before Peugh was publisøhd. On February 26, 2013 Diehl filed a "Motion To Stay Appeal Pending Supreme Court Decision In Puegh ...." On March 5, 2013 that motion was denied. SEE ATTACHED.

It is not until the submission of his §2255 that Diehl has been able to challenge his sentence as a violation of his Fifth Amendment Rights and as an illegal sentence cognizable under §2255. The argument is firmly based on the changes brought about by Peugh. Peugh applies ex post facto to ~~legislative~~ Judicial actions like the Guideline change that took place in Booker. Peugh asks the question was the sentence "likely." On §2255 Diehl presented cases and statistics (which Peugh also uses) to demonstrate that his sentence was not at all likely.

Diehl is not procedurally bared from raising this argument on §2255 because in light of Puegh his 50 year sentence, which was not at all likely when the crime occurred in 1999, was an illegal sentence post peugh. Diehl also requests permission from this honorable court to file a supplemental brief considering this important argument.

15.

REPORT AND RECOMENDATION MOTIONS

The following motions were dismissed which were related to Diehl's §2255.

A. Client-Attorney File (Doc #202)
   Diehls Habeas claims as shown are not purerly legal issues (R&R p.7), and the previously released discoveryis important to several of the issues. Diehl submitted additional amendments to his §2255 on October 29, 2018. Portions of discovery received thus far have provided very valuable. Diehl has debated the government concerning this file already through his motion to the district court, on appeal, and in a Supreme court cert. Diehl will not argue further here. Diehl did provide the court with the justification it asked for.

B. Motion For Discovery (Dkt §240)
   Diehl has demonstrated good cause for discovery per Rule 6. Diehl has requested specific items that are relevant to his arguments. For example Steve Orr's deposition for the Statute Of limitations argument is important. His affidavit is void of information. The deposition of Daniel Collins of the DOJ would also provide valuable given the false statement concerning §3283 made across federal districts, and the magnitude of the harm done by misapplying §3283. As shown §3509(a)(8) can not be used as a definition of sexual abuse to include "exploitatoin."

   Evidence is required to disclose whether Diehl's computer hard drives contain charged visual depictions. This is the entire basis of the Fifth Circuits upholding Diehl's conviction. CMEC reports and their HASH verification are important. FBI 302, and all other documentation concerning the testimony of Ken Courtney should be dislosed

C. Motion To Stay (Dkt §214)
   The motion to stay also was a motion to amend. Since it was finally lifted, Petitioner should be granted consideration to amend the §2255.

1.

D. Motion To Appoint Counsel  (Dkt    )
   This case involves complex legal issues and co-counsel is needed becaues Diehl is not an attorney. An evidentiary hearing is needed to develope the record, and an attorney will be required. Knowone has been convicted in the manner Diehl was from a jurisdictional Nexus point of view. Diehl was tried using varying Nexus language. Diehl was given a 30 year sentence variance on 10 year old, likely expired charges. Peugh is highly relevant to this case. There are good reasons to appoint counsel to this case, and to conduct an evidentiary hearing.

E. Motion To Unseal Documents (Dkt §243)
   Diehl feels strongly that certain very powerful senators have created a modern day witch hunt concerning sex crimes. This case exemplifies the environment where a defendant does not stand a chance of a legitimate trial. The public has a right to examine these cases, which in large part serve as justification for huge budgets. The Center For Missing Children and Exploitation for example in Diehl's opinion is engaged in outright propoganda and a misinformation campaign. There statistics on recidivism, are highly contradictory with the medical comunity. The Department Of Justice is writing "victim" testimonies like novels. The number of lies told in my PSI alone reaches upward of 30.
   There are no children in this case, and no examination of the victims was ever taken to assess trama. The government has sealed documents, requested the courtroom be closed, denied discovery ect, on barely tenuable grounds. All documents should be unsealed in this case. An exception for the file names should be made, and their names should remain redacted.

*[handwritten: Motion to Substitute being Considered.]*

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

*[handwritten: Peugh]*

March 05, 2013

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 11-51076    USA v. David Diehl
               USDC No. 1:10-CR-297-1

The court has taken the following action in this case:
The Appellant's motion to stay the case pending Supreme Court Case No. 12-62, <u>USA v. Peugh</u>, is hereby DENIED.

Also, we have filed Appellant's motion to waive requirements for filing record excerpts, and the motion has been submitted to the Court.

And, lastly, Appellant's motion to accept the brief as submitted on February 12th has been filed as a <u>motion to substitute</u> Appellant's brief. We are currently awaiting a response to this motion. Upon expiration of the deadline, the motion will be submitted for consideration.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Mary Frances Yeager, Deputy Clerk
                                504-310-7686

Mr. David Andrew Diehl
Mr. Joseph H. Gay Jr.

P.S. to Mr. Gay: A response to Appellant's motion to file substitute brief is due for filing on March 18, 2013. In light of this pending motion, the briefing deadline for Appellee has been suspended. You will be advised once it is resumed.