Rt

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN TEXAS DIVISION

FILED
JAN 11 2019
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff/Respondent) | § | |
| V. | § Case: | |
| DAVID ANDREW DIEHL | § | A10-CR-297-LY |
| Defendant/Petioner | § | A16-CV-1124-LY-ML |
| | § | |

PETITION FOR IN CAMERA INSPECTION BY SPECIAL MASTER
OF ALL WORK PRODUCT CONCERNING THE STATUTE OF LIMITATIONS

**COMES NOW** David A. Diehl, Petitioner in the above numbered cause, proceeding pro-se, who asks this court to assign a special master to conduct an in-camera inspection of documentation in the possession of the United States, as described in Exhibit A. Exhibit A describes the consultation that took place between Mathew Devlin, AUSA, and the DOJ Child Exploitation and Obscenity Section, regarding the applicable statute of limitation (SOL) governing petitioners charges.

On 28 U.S.C. §2255, petitioner has made allegations that the United States has engaged in fraud on the court, magistrate (arrest), and grand jury (indictment). These allegations are outlined in detail, in Diehl's appellant brief, a motion to investigate corruption, filed with the Fifth Circuit, in Diehl's §2255, and in the petitioner's objection to Mark Lanes Report and Recomendation.

In discovery (Rule 6), Petitioner requested this information, but Magistrate Lane denied all discovery, alleging Diehl was attempting to re-raise his SOL argument in violation of collateral estoppel doctrine. As explained in petitioner's reply to the Report and Recomendation, this is not the case. First, petitioner is not barred from continuing the SOL argument, and second, Diehl is challenging the issue as a Fifth Amendment "outragous conduct" violation to his due process rights to a full and fair trial.

On page 7 of Mark Lanes' Report and Recomendation, he says "Although in camera review of the materials may be warranted when there is a risk of ordering disclosure of privilaged materials, no risk is presented here. The materials at issue were provided to Diehl's counsel by the government. Accordingly, there is no privilage claim." Page 7. The SOL informatoin sought herein was never disclosed to petitioner's attorney. Furthermore, the issue is not one of privilage regarding redaction for §3509 privacy protection.

The requested information was used by the United States to get an indictment, to have petitioner arrested, to justify the search warrant, and in the governments appeal response brief filed with the Fifth Circuit. This is a voluntary disclosure and waives any protection. At a minimum the issue is debatable until the district court has been exposed to the contested document and specific facts.[1] In addition, Diehl is invoking the crime-fraud exception here. Diehl has made a prima facial showing of fraud. Section 18 U.S.C. §3283 does not include "exploitation" offenses, nor does it reference any 18 U.S.C. §3509(a) definitions. These two things are true on the face of §3283. In addition, the legislative history of the SOL originally at 18 U.S.C. §3509(k) shows clearly that sexual exploitation was removed from the SOL. As shown in petitioner's briefs, statutory doctrine, and Supreme Court precident are clearly in favor of §3283 NOT including Chapter 110 offenses.

As petitioner's briefs show, it is effectively impossible for anyone to say what 18 U.S.C. §3283 is for. See attached Appendix-A.

---

1. In re itron, Inc, 883 F.3d 553, (5th Cir. 2018) (voluntary disclosure waives work product privilage)
2. See United States v. Kallen-Zury, 710 Fed. Appx. 365 (11th Cir. , 2017)


David A. Diehl  
Federal Correctional Complex  
USP Coleman II  
PO Box 1034  
Coleman, FL 33521

Respectfully,

*David A. Diehl*

Exhibit A

foreign places.

    a.    18 U.S.C. § 2423(b) prohibits a person from traveling in interstate commerce or traveling into the United States, or a United States citizen or an alien admitted for permanent residence in the United States from traveling in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person.

    b.    18 U.S.C. § 2423(c) prohibits any United States citizen or alien admitted for permanent residence from traveling in foreign commerce, and engaging in any illicit sexual conduct with another person.

## APPLICABLE STATUTE OF LIMITATIONS

11.    To the best of my knowledge and belief, as set forth later in this Affidavit, there is probable cause to believe that the earliest known child pornography offense under investigation occurred in or about 2000. Although nearly 10 years has passed since the earliest known offense, the statute of limitations has not yet expired for that or subsequent offenses. In the course of this investigation, I have consulted with Assistant United States Attorney Matthew Devlin, Assistant United States Attorney, Western District of Texas, about the applicability of the statute of limitations to this case. As a result of AUSA Devlin's own legal research and consultation with the Department of Justice's Child Exploitation and Obscenity Section regarding the applicable statute(s) of limitations, AUSA Devlin provided me with the following "timeline" of amendments to the statute of limitations applicable to child pornography offenses (the dates indicate the effective date of applicable amendments):

    a.    **Prior to November 29, 1990** – Statute of limitations was five years.

    b.    **Effective November 29, 1990** – Statute of limitations for an offense that

*[handwritten margin note: "want all documentation"]*

APPENDIX A

In order to truely understand the statute of limitations (SOL) at 18 U.S.C. §3283, one has to examine the legislative history of the Crime Control Act.[1] As shown previously, the final House version of the SOL was targetted for Chapter 213, had no relevant definitions (except child), and excluded exploitation offenses. Congressman Dewine's second proposal applied only to "federal law," and ran the "element" test on §3283's plain language. The final senate proposal on the other hand requires studying to understand it. As a backdrop, the senate was proposing to "federalize child abuse violations occurring in conjunction with drug activity."[2] And, "... S.1970 as amended established a new felony offense for drug related child abuse ...."[3] Presumably, the sentate's proposed SOL would apply to these drug related offenses which in fact were "in violation of state law." See (§116(a)).[4] The proposed SOL was "... a sex crime involving a child victim regardless whether the crime involved force or resulted in serious physical injury or death." Sex crime in turn was defined at

---

1. Senate bill S.1970 passed July 11, 1990 with fourty titles, and House bill H.R. 5269 passed October 23, 1990 with approximately twenty six titles. They were submitted to a conference committee on Oct 24, 1990 to produce a comprimize bill, S.3266 on Oct 27, 1990.

2. Orrin Hatch cong. rec. Senate June 28, 1990. P. 16289

3. July 11, 1990 Cong. Rec. Senate P. 16929

4. "a crime of violence defined as a felony sex offense." See U.S. Sentencing Guidelines 2L1.2 "murder... kidnapping, aggravated assault, forcible sex offense, statutory rape, sexual abuse of a minor... or any state or federal law that has an element, the use, attempted use, or threated use of physical force."

   Note also that Crime Of Violence is a definition that has been the subject of a great deal of recent litigation, with parts of the defnition being found unconstitutional. See Dimaya, finding 18 U.S.C. §16 unconstitutional in part.

1.

§3509(a)(9) as "an act of sexual abuse that is a criminal act."[1] Importantly, Title VI "Chapter 1: Drug-Related Child Abuse" which "made it a felony to commit a crimeof violence against a person under the age of 18, if the offense was committed as part of a violation of the CSA or the Controlled Substance Import and Export Act, Subject to Certain Condictions,"[2] didn't get through the conference. The §3509(a)(9) sex crime definition serves as the only reminder. The fact that it didn't get removed shows the importants of the §3509(a) definitions. Notice that §3283 superceeds other SOL, but not 18 U.S.C. §3282 specifically. It was for state SOL. A Freedom of Information Act response from the Executive Offices Of The United States Attorney's confirms it was for state SOL. Notice also that the SOL defines child itself, independant of §3509(a)(2). Notice that §3283 does not name a single federal chapter or offense. It seems then that 18 U.S.C. §3299, passed in 2006 was the first SOL to include federal offenses, but it only applies to offenses back to July 2001.

    Why congress left the SOL in the courtroom procedure section of the VCAA (Chapter 223) can not be known.[3] Perhaps because it wasn't a normal federal criminal SOL. One thing is for sure and that is its almost impossible to believe the SOL offense conduct would have changed, while in conference, from Crime Of Violence, to conduct listed at §3509(a)(8) - and then §3509(a)(8) not be referenced during the 1994 "technical correction." That 1994 "conforming repeal is totally without legislative comment. If the SOL was repurposed, it seems, that was never voted on.

    The Houses language "sexual or physical abuse" was choosen by the conference, and it never relied on any definitions of its terms.

1. July 11, 1990 Cong. Rec. Senate P. 16961
2. Summary: s.1970 "passed senate amended 7/11/1990" p.3113.
3. With regard to the Crime Control Act in general: "... and we should not have expected a conference that was not appointed until 3 weeks after we finished the bill to be able to work its way through a process like this in two days. It is outrageous that we let that happen." Congressman McCollum, Cong. Rec. House, Oct 27, 1990.

THE FEDERAL SEX OFFENSE STATUTE OF LIMITATIONS AT 18 U.S.C §3283

### I.

Whether of not the United States has an unlimited amount of time to indict a person for a Chapter 110 exploitation offense past July 27, 2001,[1] depends on how the statute of limitations (hereinafter SOL) at 18 U.S.C. §3283 is interpreted. Section 3283 applies to "... any offense involving sexual or physical abuse or kidnapping ...."

The interpretation of §3283's "sexual abuse" term has been confounded as a result of being misplaced into Chapter 223 of Title 18, where a set of irrelevant definitions, including sexual abuse, exist.[2] Criminal SOL consistently reside in Chapter 213 of Title 18. See United States v. Countentos, 651 F.3d 809 (8th Cir. 2011) (Using §3509(a)(8) to define sexual abuse for §3283 to include sexual exploitation of a minor, 18 U.S.C. §2251(a), but not §2252 possession of child pornography); United States v. Carpenter, 680 F.3d 1101 (9th Cir. 2012) (Relying on §3509(a)(8) to avoid that a sexual act did not take place for §2251(a) charge); United States v. Diehl, 775 F.3d 714 (5th Cir. 2015) (Relying on Coutentos, and Carpenter to avoid any independant analysis.)

Relying on the §3509(a)(8) definition to determine when to extend the SOL at §3283 has led to false convictions.

### A.

Importantly, the §3509(a) definitions are labeled "For the purpose of this section," i.e. Section 225 of the Victim of Child Abuse Act (VCAA). Section 225 governs courtroom trial procedures and has nothing in common with the SOL enacted as 18 U.S.C. §3509(k). See United States v. McElhaney, 54 M.J. 120, 126, "The statute of limitation in §3509 does not provide a procedure that is necessary to the proper functioning of other components of §3509." In 1994 congress corrected the misplacement, moving the SOL from the first sentence of §3509(k), to 18 U.S.C. §3283 in chapter 213. They did not reference the non-applicable §3509(a) definitions.[3]

---

1. Five years prior to the enactment of 18 U.S.C. §3299
2. Section §3509(k) was a grab bag of apparently unrelated federal rules. All of §3509 was originally proposed as federal rules.
3. Violent Crime Control and Law Enforcement Act of 1994, Title XXXIII, Section 3300018 "Repeal of superfluous statute of limitations ...."

1.

---

Congress continued not to reference §3509(a) definitions when §3283 was amended in both 2003 and 2006. See 18 U.S.C. §2258 in contrast, which does reference similar definitions, but from Title 42 not §3509.

To utilize the non-applicable definitions courts have cited factually incorrect statements. For example in Diehl the court said, "Congress later recodified the sections [alluding many different SOL were involved] as part of an effort to consolidate various statutes of limitations in a single chapter," Citing Carpenter, "it makes little sense to detach the statutory definitions in a way that would have the opposite effect of congress'es consistent efforts to extend the statute of limitations for criminal sexual abuse against children." But, the SOL was repealed not just recodified, there was no general consolidation effort at all, and the only offense category ever added to the SOL was kidnapping, which is not even defined in §3509(a). This is the kind of statutory interpretation typical in federal sex case prosecutions.

In 1990 all VCAA proposals except S. 1965 (1989, Joe Biden) placed the SOL in its own independant section. See S. 1923 (1990)(Reid) for example, or the Final House bill, Report 101-681 to accompany H.R. 5269. The final senate bill's SOL doesnt rely on definitions and was worded "a sex crime." See Cong-Rec-Senate July 11, 1990, page 16963. So although the SOL was enacted as part of section 225 of the VCAA, this was clearly a mistake.

> "Where congress includes particular language in one section of an act [§3509(a)], but omits it in another section of the same act, it is generally presumed congress acts intentionally." Russellow v. United States, , 464 U.S. 16, 23 (1983); United States v. Wong Kim, Bo, 472 S.Ct. 720 (5th Cir. 1972)

But for the misplacement, the above applies. This doctrine is applicable to both the proposals, and the 1994 correction. The §3509(a) definitions are for the purpose of section 225 as opposed to the whole act.[1]

### B.

Not only are the §3509(a) definitions not applicable to all VCAA sections, but some of the definitions are not even applicable to all the rules in §3509 itself. For example the §3509(a)(2) Child definition and the §3509(a)(3) Child Abuse definitions are fundamentally incompatible and therefore must be specific to particular rules. Child contains three offense categories, but Child Abuse contains five. The actual ____ categories of crime in-part are also different. The Child

---

1. See 8 U.S.C. §1101(a) in contrast headed with "As used in Act"

2.

---

definition contain sexual abuse, exploitation, and physical abuse, the Child Abuse definition has no physical abuse, but includes mental and physical injury and neglect. The Child definition is primary for Alternatives To Live In Court Testimony (§3509(b)) which makes an undocumented distinction between a victim and a witness. See Cong. Rec. House Oct 27 1990, Page 13296. The Child Abuse definition is used as a subdefinition of the Multidisciplanary Child Abuse Team (MDCAT), which relies on "child abuse" and its five subterms. The §3509(g) MDCAT rule was also proposed as an independant VCAA section since it also has little to do with actual courtroom procedures. See Final House bill cited above. These child abuse definitions are tied to reporting laws. See 42 U.S.C. §13032 which is the only place they are actually used in the context of Tort law. See Ibarra v. HOlder, 736 F.3d 903, 911 (10th Cir. 2013) (discussing civil adjudication, reporting laws and the difference in civil and criminal definitions.) The §3283 SOL is not worded Child Abuse, and certainly does not include neglect. There is no reason to believe any of the sub-definitions apply to the SOL at §3283.

### C.

The fact that no §3509(a) definition is applicable to §3283 is further cemented by physical abuse, and kidnapping not being defined at §3509(a). Kidnapping could be either defined by Chapter 55 of Title 18 (§§1201-1204) or generically, See United States v. DeJesus Ventura, 565 F.3d 870, 876-77 (D.C. Cir. 2009) (generically defining kidnapping).

If §3283's language "sexual or physical abuse" (1990) is not considered as a standalone phrase, then physical abuse would have to be generically defined. Child itself is defined by §3283 independant of §3509(a).

### D.

Despite having similar language, §3509(a)(8) does not include 18 U.S.C. §2251(a) in any case because §2251(a) requires any "use" of a person be for the production of a visual depiction. This qualifier is the difference between sexual abuse and sexual exploitation of a minor (§2251). See 42 U.S.C. §5106G which is very similar to §3509(a)(8) but has the qualifier. A person can be charged with both sexual abuse and §2251(a).

3.

---

### E.

Using 18 U.S.C. §3509(a)(8) to include §3509(a)(6), exploitation (see Diehl) causes "exploitation" to be superfluous at both §3509(a)(2) Child, and (a)(3) Child Abuse. "Its a cardinal principle of statuary construction that if it can be prevented no clause, sentence, or word shall be superfluous, void, or insignificant." TRW Inc. V. Andrews, 151 LED2d 339; Lockhart v. United States, 136 S.Ct. 958 (2016) (avoiding superfluity without even evaluating any underlying definitions); Williams v. Taylor, 529 US 362 (2000) (a cardinal rule).

Moreover "exploitation" was removed from the SOL prior to the enactment of the SOL. See H.R. 3958 (1990)(Dewine), and S. 1923 (1989) (Reid).

Sexual abuse and exploitation are two distinct categories of crime, compare 8 U.S.C. §1101(a)(43)(A) with (I), See United States v. Ketcham, 80 F.3d 789, 794 (3rd Cir. 1996); See history of Fed. R. Cr. P. 32 not treating §2251-2257 as crime of violence or sexual abuse until 2002.

In Diehl the Fifth Circuit relies on both §3509(a)(8) and (6), but fails to explain how the later gets included. In this manner they completly avoid the "cardinal principle violation." Note that prostitution is listed in §3509(a)(8) and (6), but "child pornophraphy" offenses are only listed in §3509(a)(6) which isn't included in §3283.

In United States v. Posadas, 296 US 497, 8 L.E.D. 351 the Supreme Court while evaluating how to treat subsequent amendments to an act said:

> We have repeatedly stated ... that absent a clearly expressed congressional intention ... an implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict' or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute.

The 1994 "technical correction" was a conforming repeal. The §3509(a) definitions were simply never relevant to the misplaced SOL. Section §3283's "sexual or physical abuse" is not defined at §3509(a), and furthermore, sexual abuse is well defined in federal code. See below. Section §3283 includes the "whole subject." As shown §3509(a)(8) doesn't include Chapter 110 offenses anyway, and §3283 doesn't include exploitation.

Proper statutory construction requires considering a phrase's placement and purpose in the statutory scheme." — Bailey v. United

4.

States, 516 U.S. 137, 145 (1995) Citing Brown v. Gartner,513 US 115, 118 (1994). There can be no doubt that the SOL was originally misplaced in 18 U.S.C. §3509(k). Why it was misplaced can not be determined.

In United States v. Mills, 850 F.3d 693 ( 4th Cir. 2017 ) the Court found §3509(a)(6)'s definition of exploitation didn't apply to 18 U.S.C. §2251(e) because §3509(a)(6) doesn't define criminal wrongdoings. The Mills court found that the "doctrine of in pari materia is inapplicable when statutes have different purposes." Id 699, citing Wachovia Bank v. Schmidt, 546 U.S. 303, 316 (2006) ( finding subject matter jurisdiction and venue were "not concepts of the same order." In Dewsnup v. Timm, 410, 417-20 (1992), the court found that a phrase in one section of the bankruptcy code should be given its traditional longstanding meaning, even though this differed fromthe definition given to the same phrase in another section of the Bankruptcy code. The court in that case found that the two different statutes "superficially relate to similar subjects, but a finer examination reveals that the purposes underlying the laws vary," Citing United States v. Brouncheau, 645 F.3d 676, 685 (4th Cir. 2011) (Quoting Firstar Bank, N.A. v. Faul, 253 F.3d 982, 990 (7th Cir. 2001). The §3509(a)(3) Child Abuse definitions, apparently brought in by the MDCAT definition,and a criminal SOL superficially relate. As does the federal Tort law exception at 18 U.S.C. §2258 and 42 U.S.C. §13031. They are not concepts of the same order.

## II

"Absent a clearly expressed legislative intention to the contrary the language [of a statute] must ordinarily be regarded as conclusive." Consumer Product Safety Commission et, all. v. GTE Sylvania Inc. et. all, 447 U.S.102 (1980); Korman Assoc. Inc. v. United States, 527 F.3d 443 (5th Cir. 2008) (Courts are authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of congress.) Id. 451. In the case of §3283 it's obvious that congress intended a plain language interpretation. Nowhere did congress debate the the meaning of "sexual or physical abuse" in the legislative history of the VCAA. See Taylor v. United States, 109 LED2D 607, 625 citing

5.

Perrin v. United States, 444 US 37 (1979) ("The record of the hearings and the floor debates disclose that congress made no attempt to define the term 'bribery,' but relied on the accepted contemporary meaning.")

In Esquivel Quintana v. Sessions, 137 S. Ct. 1562 (2017) citing Lopez v. Gonzles, 549 U.S. 47, 53 (2006) the court said that it is appropriate to define terms when a statute in play [§3283 here] does not define the term ...." In United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000) the court said, "... absent sufficient indication to the contrary, congress intends the words of its enactments to carry their ordinary, contemplorary, common meaning." quoting Pioneer Inv. Servs. Co. v. Brunswich Assoc. LTD. Partnership, 507 U.S. 380, 388 (1993 ). In United States v. Rodriquez, 711 F.3d 541 (5th Cir. 2013) (defining minor), the court used the contemporary meaning because the term was not defined in 2L1.2 of the U.S. Sentencing Guidelines. The phrase "sexual or physical abuse" is not defined in the Guidelies. It should be noted that "sexual abuse" is defined, which references Chapter 109A offenses only.

With 18 U.S.C. §3283, courts have not even weighed the option of defining "sexual or physical abuse," and kidnapping - which is not defined at all in §3509(a). Mills (supra) defined sexual exploitation as "The use of a person, especially a child in prostitution, pornography, or other sexually manipulative activity." As noted in Esquivel-Quintana (Supra), a dictionary definition of sexual abuse requires either a sexual act, or sexual contact, citing Merium Webster (1996), and Blacks Law (1990). Title 18, Chapter 109A which was enacted in the 1986 Sexual Abuse Act as the "Comprehensive" definition of federal sexual abuse,[1] also requires a sex act or sexual contact.

Note that no Chapter 110 offense, including 18 U.S.C. §2251(a) requires a sexual act take place.

> The United States Supreme Court has defined lascivious exhibition of genitals or public area broadly to include images of minors that focus on genitals when wearing clothing, US v. Knox, 32 F.3d 733 (3rd Cir. 1994). .... These legal decisions and statutory proscriptions mean that images do not have to depict sexual activity, child sexual abuse, nudity, or children under the age of consent to qualify as child pornography.... Varities of Child Pornography, based on findings from National Juvinile Victimization Study (1995)

1. Report 99-594, May 9, 1986 to accompany H.R. 4745, Page 71. Note, As of 1990 §3282 would expire

6.

As shown,using §3509(a) to define sexual abuse at §3283 causes super-superfluity. The sexual abuse definition at §3509(a) is also at odds with contemporary definitions of sexual abuse, which require a sexual act or sexual contact. "Absent 'clear' evidence of congressional intent to the contrary, we must assume that a crime listed by Congress in a federal statute has one generic meaning that is not 'at odds with the generally accepted contemporary meaning of this terms'", Taylor , 495 U.S. at 596 (citing Perrin v. United States,444 U.S. 37, 49 ( 1979).

## B.

Courts have also struggled with §3283's "offense involving" language. Several courts have found that the phrase applies to a perpetrators conduct instead of the elements of a statute. In Diehl, the court relying on Carpenter (supra) avoided the entire problem saying, "the plain language of the statutory definitions contradict Diehl's assertion." Id. 721. But it's the plain language of §3283 that is dispositive. United States v. Bridges, 346 US 209 (1953) is directly on point, finding "offense involving fraud" requires fraud to be an essential element of the offense to qualify for inclusion by the extended SOL. Bridges finds support in other Supreme court cases including United States v. Noveck, 70 L. Ed. 904 (1926) (perjury would require fraud as an essential element of the offense . The principle is still relevant, see Olivas-MOtta v. Holder, 746 F.3d 907, 915 (9th Cir. 2013); United States v. Rosenthal, 805 F.3d 523, 533 (5th Cir. 2015) (applying 18 U.S.C. §2516 (1)(b), "... any offense which involves ... extortion..." to 18 U.S.C. §1951, - Interfearance with Commerce, by testing the statue for "extortion."

So, not only is there precedent resolving the issue, but it must also be recognized that it is just another way of adding "exploitation" back into §3283 - which congress removed from §3283 before it was enacted.[1]

1. Congress would not be so cryptic about adding sexual exploitation offenses to 18 U.S.C. §3283. In fact congress uses the phrase "sexual abuse or exploitation" when it wants to include both types of crime. See United States v. Pharis, 176 F.3d 434 (8th Cir. 1999). The common phrase is also used at 42 U.S.C. §§§ 608, 3796aa-8, 671, and 5101.

7.

Several courts have tried to distinguish §3283 from Bridges on the basis that "the WSLA [Wartime Suspension Limitations Act] targetted a narrow category of crimes and was intended to be narrowly applied,"[1] See , United States v. Schneider, 801 F.3d 186 (3rd Cir. 2015). Obviously §3283 also targets a "narrow" set of circumstances and there is no evidence that §3283 requires a court to go on a fact finding mission. Schneider relies on United States v. Dodge, 587 F.3d 1347 (11th Cir. 2010) (applying SORNA registratáon to an obscenity case). As we see, a Supreme court case directly on point is being usurped by an Agency case.

The Dodge court does not evaluate "offense involving" language at all, and reaches its non-categorical approach based on many different factors.[2] The Schneider court ignored this and cherry picked Dodges observation that congress often uses the word "conviction" and "element" i.e. "any conviction which has an element of fraud," to test the statute,instead of conduct. Note that the Bridges court relied on no such logic.

Ultimately, the Dodge courts "elements" observation has its root in United States v: Sherbondy, 865 F.2d 996 (9th Cir. 1988) (evaluating if 924(e) (ii) "any crime ... or otherwise involves conduct ..." applies to the statute or to a defendant's conduct).

Its not clear that a categorical analysis is equivelent to Bridge's essential element test which is specific to SOL. Assuming it is, its still not clear §3283's lack of the word "element" makes it non-categorical.

In Sherbondy the court found the word "crime" ambiguous and turned to the legislative history of 924 for guidance. The court did say that "The word [crime] could be used in a generic sense, referring to an offense described in a statute or common law ...." The court concluded that if crime meant the offense, then they would be "compelled to use the same procedure for determining offenses under subsection II, as we would under subsection I.," which uses "element". I.D. 1007. Section §3509(a)(2) applies to "victims of a crime of sexual abuse, physical abuse, or kidnapping.

1. The Schneider court conflates §3283's increases in SOL with offense breadth
2. Dodge mostly depended on the language "any conduct that by its nature is a sex offense against a minor" to determine the court could consider the facts of the offense to determine the age of the minor only. I.d. 1354.
Ultimately the court relied on 42 U.S.C.S. §16911(7)(H)-(I) "... use of the Internet to facilitate or attempt such conduct, and any conduct that by its nature is a sex offense against a minor..." for its conclusion.

8.

The legislative history of 18 U.S.C. §3283 in no way contradicts the finding in Sherbody. First, in 2003, Daniel J. Bryant Assistant Attorney General of the U.S. Justice Department recommended that congress add kidnapping to §3283, "since abductions of children by strangers are likely to be for the purpose of sexual abuse."[1] But if §3283 applied to conduct, that scenereo would have already been covered. In another report, the author concluded that" [3283] permits an indictment or information charging kidnapping, or sexual abuse or physical abuse."[2]

Congress knows how to indicate it is the conduct that counts, when they want to. See Nijham v. Holder, 557 U.S. 29 (using "in which"); United States v. Johnson, 681 Fed. Appx. 735 (11th Cir. 2017) ("relating to sexual abuse or abusive sexual contact or conduct involving a minor or ward").

Sherbondy says "where the language of a penal statute admits of more than one interpretation, courts should choose the least harsh construction, the one least likely to impose penalties Congress did not intend". Citing Bass, 404 U.S. 336, 347 (1971).

At the very least, the definition of Sexual Abuse in federal code is ambiguous. "An ambiguous statute should be resolved in the defendants favor," United States v. Marion, 404 US 307, 322 (1971).[3]

The fact is congress could have had good reason not to include Chapter 10 offenses in the §3509(k) (1990) SOL increase. For instance 18 U.S.C. 2251(a) affects the entire motion picture industry by forcing them to keep detailed age verification records. But, those records only need be retained for five years. A longer SOL could leave these companies liable to law suits. See Short v. Bellevile Shoe Mfg. Co., 908 F.2d 1385, 1394 "The suitability of one limitation over another is dictated by a host of conflicting considerations."

In Kokesh v. SEC, 137 S. Ct. 1635 (2017) the Supreme Court said "such limits are 'vital to the welfare of society' and rest on the principle that even wrongdoers are entitled to assume that their sins may be forgotten.'"

---

- Letter to Joe Biden in response to Bidems inquiry into the proposed "DNA Sexual Assault Justice Act of 2002" P. 9
- Congressional Research Services, Statute Of Limitations in Federal Criminal Cases: An Overview, October 1, 2012, Charles Doyle Senior Specialist in American Public Law (R1 31253)
- In United States v. Osborn, 551 F.3d 718 (7th Cir. 2009) the court found "sexual behavior is abusive if it is similar to one of the crimes denominated as a form of abuse elsewhere in Title 18."

9.

---

III.

The legislative history of the VCAA shows that begining in 1989 five different congressional proposals were submitted, three from the House, and two from the Senate.

In the House congressman Mike Dewine submitted H.R. 1303 in March 1989. The SOL was worded "any sex offense involving a victim under 18 years of age, regardless of whether it involves force or serious physical injury." P.3. Almost a year later Dewine submitted a H.R. 3958 including SOL language as "notwithstanding any provision of federal law there shall be no limitation of time within which a prosecution must be commenced for any offense of which an element is physical or sexual abuse, or sexual exploitation ...." Section 204, p.5. The SOL in H.R. 3958 was made independent of the Child Victims Right section, which itself was targeted for the Federal Rules of Crminal Procedures. The second House bill was authored by Congressman Levine on May 1, 1990 as H.R. 4688. The SOL language was "... any offense involving sexual or physical abuse ....," and was targeted for Chapter 213, the SOL chapter in federal code.

A final house report, 101-681, September 5, 1990 (to accompany H.R. 5269) defined the SOL in its own section and was targeted for Chapter 213. P.44. Notably the MDCAT section was also independent of the Child Victims Rights section. This final House bill used Levine's SOL language, and only defined child. Child was an individual under 15 or 18 with a development age less than 15.

The Senate had proposed two bills. On November 6, 1989 Senator Reid proposed S. 1923. The SOL included "... any felony child physical abuse, sexual abuse, or exploitation offense." P.12. The SOL was in its own independant section. On November 6, 1989 Joe Biden also proposed S. 1965 (as well as being a co-sponsor of S.1923). Bidens SOL language mirrored Congressman Dewines H.R. 1303 language, and was included in the Child Victims Right section.[1]

A July 11, 1990 congressional record senate report shows a slight change to the SOL language where "offense" becomes sex crime, but importantly there is a Section 655 (p. 16959) titled

---

1. This is mentioned because of the §3509(a) definitions being mistakingly associated with the misplaced SOL

10.

---

"Drug Related Child Abuse: Habitual Child Abuse Offense." This section is the only place that makes an attempt at defining what sexual abuse is. Section §116(a)(c)(2) applied to 1) a person who are atleast 18 years old and who are at least 4 years older than the victim, 2) a crime of violence, defined as a felony sex offense, a felony offense against a person that has an element the attempted use or threatened use of physical abuse. Section 655(c) and (d) direct the Sentencing Commission to increase sentences for offenses under 655(a)(c)(2).

The final Senate bill S.3266 enacted 11-29-1990 refers to these offenses as "sex crimes against children." Ultimately, the Sentencing Commission interpretted the §116(a)(c)(2) language as Chapter 109A only.[1]

There are two other legislative reports that speak of the SOL. The first is a CRS Report To Congress (91-69 Gov), January 11, 1991 which says the SOL only applies to physical abuse, and belonged to VCAA section 226, the reporting of abuse section ! The other report is a congressional summary S.1970 on 7-11-1990, and the corresponding final House report H.R. 5269 on 10-23-90.[2] In both, the language describing the SOL is "any sex offense," but the proposed Hearsay section is "sexual abuse, physical abuse, and exploitation." This seems to mean sex offense excludes exploitation. See S1970 report p.4.

In no place is there any indication Chapter 110 "sexual exploitation" offenses were included in the SOL. Nor is there any indication that the §3509(a) definitions applied to the misplaced SOL.

In a related SOL which applied to John Doe Indictments (18 U.S.C. §3282(b), congress said they only applied to Chapter 109A. This is important because §3283 only applied to the life of the child.[3] John Doe indictments were heavily debated in the 2003 Protect Act which modified §3283. At that time §3299 language was highly recommended.[4]

---

1. Implemented in the Child Protection and Penalties Act of 1990, subtitle B, titled "Sexual Abuse Penalty." See Guidelines amendment, Appendix B, Chapter 58, Section 994, "Duties of the commission". Enacted P.L. 101-647, Title II, Sec 321
2. The Crime Control Act came out of conference on 10-26-1990
3. Child Abduction Prevention Act Report to accompany H.R. 5422, October 7, 2002 H.R. report 107-723, Part 1, Page 69.
4. See Daniel J. Bryant Assistant A.G. letter to Joe Biden Jr. regarding DNA initiative. page 6-7, Bryant also argued the proposed new SOL would have to be made retroactive, presumably because it included new offenses.

11.

---

It doesn't appear that congress intended the VCAA to apply to the full gambit of federal offenses. Infact one month before the VCAA was enacted the House clarified its narrow objective:

> The Victim Of Child Abuse Act was for children who do enter the federal system through military basis, indian reservations and other federal lands and facilities. Legislation contained in Title XX [the VCAA] is not designed to harness any further jurisdiction over child abuse cases.[1]

And,

> The VCAA sets up some very good and tough reporting requirements, for any kind of child abuse that may occur on a federal enclave.[2]

The idea that congress could treat Chapter 109A (enclave) offenses differently than other federal sex offense crimes is easily demonstrated.

Statements by Daniel P. Collins, Associate Attorney General, made while reviewing the 2003 Protect Act include:[3] "Section 105, (Penalties Against Sex Tourism,) "were limited to offenses that would violate Chapter 109A only." And, "Section 103," (Sexual Abuse Penalties), "vary largely among substantially similar sex offenses, depending on the particular basis for the excersize of federal jurisdiction." And finally, "Section 106;" (Mandatory Life For Recidivist Child Molestors,) is "... inadequate however because its applicability depends on jurisdictional predicates which are narrowly defined, 18 U.S.C. 2422(b) and 2423 in particular are exempt." Again, rape and assault had a five year SOL on federal enclaves in 1989.[4]

There is simply no indication that 18.U.S.C. §3283 applies to Chapter 110 offenses. The wrongful convictions in Diehl, Coutentos, and Carpenter should be remanded and vacated.

---

1. H.R. 101-681(i), 1990, and United States v. Longstreath, 42 M.J. 806 (1995)
2. 136 Cong. Rec. H6572, Oct.3, 1990 Mike Dewine, VCAA sponsor
3. Comments concerning H.R. §5422 Comittee Hearing report "Child Abduction Prevention," October 1, 2002, before the House Judiciary Committee, Comments by Daniel P. Collins reviewer.
4. Chapter 110 was enacted in 1977 without ever having a SOL increase

APPENDIX A

In order to truely understand the statute of limitations (SOL) at 18 U.S.C. §3283, one has to examine the legislative history of the Crime Control Act.[1] As shown previously, the final House version of the SOL was targetted for Chapter 213, had no relevant definitions (except child), and excluded exploitation offenses. Congressman Dewine's second proposal applied only to "federal law," and ran the "element" test on §3283's plain language. The final senate proposal on the other hand requires studying to understand it. As a backdrop, the senate was proposing to "federalize child abuse violations occurring in conjunction with drug activity."[2] And, "... S.1970 as amended established a new felony offense for drug related child abuse ...."[3] Presumably, the sentate's proposed SOL would apply to these drug related offenses which in fact were "in violation of state law." See (§116(a)).[4] The proposed SOL was "....a sex crime involving a child victim regardless whether the crime involved force or resulted in serious physical injury or death." Sex crime in turn was defined at §3509(a)(9) as "an act of sexual abuse that is a criminal act."[1] Importantly, Title VI "Chapter 1: Drug-Related Child Abuse" which "made it a felony to commit a crimeof violence against a person under the age of 18, if the offense was committed as part of a violation of the CSA or the Controlled Substance Import and Export Act, Subject to Certain Condictions,"[2] didn't get through the conference. The §3509(a)(9) sex crime definition serves as the only reminder. The fact that it didn't get removed shows the importants of the §3509(a) definitions. Notice that §3283 superceeds other SOL, but not 18 U.S.C. §3282 specifically. It was for state SOL. A Freedom of Information Act response from the Executive Offices Of The United States Attorney's confirms it was for state SOL. Notice also that the SOL defines child itself, independant of §3509(a)(2). Notice that §3283 does not name a single federal chapter or offense. It seems then that 18 U.S.C. §3299, passed in 2006 was the first SOL to include federal offenses, but it only applies to offenses back to July 2001.

Why congress left the SOL in the courtroom procedure section of the VCAA (Chapter 223) can not be known.[3] Perhaps because it wasn't a normal federal criminal SOL. One thing is for sure and that is its almost impossible to believe the SOL offense conduct would have changed, while in conference, from Crime Of Violence, to conduct listed at §3509(a)(8) – and then §3509(a)(8) not be referenced during the 1994 "technical correction." That 1994 "conforming repeal is totally without legislative comment. If the SOL was repurposed, it seems, that was never voted on.

The Houses language "sexual or physical abuse" was choosen by the conference, and it never relied on any definitions of its terms.

---

1. Senate bill S.1970 passed July 11,1990 with fourty titles, and House bill H.R. 5269 passed October 23, 1990, with approximately twenty six titles. They were submitted to a conference committee on Oct 24, 1990 to produce a comprimize bill, S.3266 on Oct 27, 1990.

2. Orrin Hatch cong. rec. Senate June 28, 1990. P. 16289

3. July 11, 1990 Cong. Rec. Senate P. 16929

4. "a crime of violence defined as a felony sex offense." See U.S. Sentencing Guidelines 2L1.2  "murder... kidnapping, aggravated assault, forcible sex offense, statutory rape, sexual abuse of a minor... or any state or federal law that has an element, the use, attempted use, or threated use of physical force."
   Note also that Crime Of Violence is a definition that has been the subject of a great deal of recent litigation, with parts of the defnition being found unconstitutional. See Dimaya, finding 18 U.S.C. §16 unconstitutional in part.

---

1. July 11, 1990 Cong. Rec. Senate P. 16961
2. Summary: s.1970 "passed senate amended 7/11/1990" p.3113.
3. With regard to the Crime Control Act in general: "... and we should not have expected a conference that was not appointed until 3 weeks after we finished the bill to be able to work its way through a process like this in two days. It is outrageous that we let that happen." Congressman McCollum, Cong. Rec. House, Oct 27, 1990.

1.

2.

and Certificate of Service

Clerk of Court,

Please file the enclosed Petition and the accompanying attachments in the Captioned Case.

The United States was <u>not</u> seperatly served since they are electronic filers.

Note: Outstanding are the following which I filed but received no response.

1. Amended 2255. *Gov. brief past due.
2. Petition To File Supplemental Brief Concerning Statute of Limitation Corruption, And Ex Post Facto Sentence (Briefs included)
3. First Petition For Particular FBI Report

Sincerely
1-7-2019
David A Diehl

David A. Diehl 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521.

SCREENED BY CSO

JAN 11 2019

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
501 W. 5th Street, Suite 1100
Austin, Texas 78701

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521