IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN TEXAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, Respondent<br>V.<br>DAVID A. DIEHL<br>    Defendant, Petitioner | §<br>§<br>§ A-10-CR-297-LY<br>§<br>§ A-16-CV-1124-LY-ML<br>§ |

AMENDED
OBJECTION TO ORDER AND REPORT AND RECOMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Comes now David A. Diehl petitioner in the above numbered and styled case, proceeding pro-se, with a response to Magistrate Lanes "ORDER AND AMENDED REPORT AND RECOMENDATION OF THE UNITED STATES MAGISTRATE JUDGE." Petitioner Diehl objects on the following grounds.

BACKGROUND

<u>Page 3, ¶3</u> : Diehl objects to "Diehl further admitted that: (1) each of the videos was found ... outside of Texas...." It's important to note the stipulation didn't define video's. What was fond was reproductions which were produced by other people not Diehl.

<u>Page 4, ¶1</u> : Diehl objects Diehl objects to "The District Court found beyond a reasonable doubt that the videos "clearly established" §2251(a)'s "visual depiction...." Pre 2008, §2251's visual depition refered to the material containing the visual depiction that had been transported in interstate commerce. It also included computer data that had been stored on material that was transported in interstate commerce. These details are important, and Steve Orr was ineffective for not defining them.

<u>Page 4, ¶3</u> : Diehl objects to the statement "The Fifth Circuit ruled against Diehl on all points." The Fifth Circuit did not consider the Due process violation concerning the outrageous conduct that took place involving the application of 18 U.S.C. §3283. See below. The Fifth Circuit did not consider the ex post facto sentencing

1

error that took place in light of Peugh. The Fifth Circuit did not consider the ex post facto error that applied to Petitioners Nexus claims, or Diehls other multitude of nexus claims. The Fifth Circuits finding of fact on the amended indictment nexus claim is fatally flawed (see below).

Page 5, ¶1 : Diehl objects to the statement "Because the inventory contained minor-victims identifying information, the Government did not serve Diehl with its inventory." This does not accurately reflect what happened. That was one of many reasons they stated. Diehl countered their statements in detail. See all Client-Att file filings. Most of the information has no minor information, there are no minors, and Diehl cant print the information if its on DVD.

Page 5, ¶1 : Diehl objects ~~that~~ following the appeal concerning the Client-Att file, he responded to the courts request to justify each inventory item.

Page 6 ¶1: Diehl objects to the summation of Count 2. Steve Orr made a whole series of mistakes leading to the conclusion that he either didn't understand §2251(a)'s nexus clause, or more likely just didn't care. His affidavit says he felt there wasno way to win, no matter what strategy was employed. He put no effort into defending his client. That is why he didn't bother to challenge the Statute of limitations.

## DISCOVERY MOTIONS RELATED TO DIEHL"S §2255 MOTION

Page 7 ¶2:  Diehl objects to the denial of all discovery. Diehl provided a detailed 50 page Petition For Discovery outlining all details. Diehl's request is not vague or conclusory. The discovery is required for a fair and meaningful evidentiary hearing. Specific allegations have been detailed, including constitutional violations. Stricklands prejudice standards have been met.

## FIRST PETITION FOR PARTICUALR FBI REPORT

Page 9 ¶1 :  Diehl objects, Diehl is not on a **fishing trip**. The

2

credibility of Ken Courtney becomes a critical issue, if the district court now relies on the Fifth Circuit's credibility inference regarding government witness Ken Courtney. Diehl has provided good caues as stated already, and further stated below..

## ISSUES RAISED ON DIRECT APPEAL

<u>Page 12, ¶1</u> : Diehl objects to being procedurally bared. Kalish, Jones and Seglar do not categorically apply to bar under the circumstances outlined in Diehl's case. There are also specific exceptions for collateral estoppel which are not considered.

<u>Page 12, ¶3:</u>  Diehl objects to statements that the Fifth Circuit considered Diehl's ex post facto sentence argument in light of <u>Peugh v. United States</u>, 569 U.S. 530 (2013)

1. The Fifth Circuits opinion in Diehl's case was issued after the Peugh decision, but there is no indication what so ever that the Fifth Circuit considered the complex legal issues discussed in Peugh.

2. The Fifth Circuit did not address and reject Diehls ex post facto arguments. The Fifth Circuit say's the ex post facto application of advisory guidelines was already address by the Fifth Circuit in light of United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005), but Peugh makes findings of law that abrogate Austin. Also the Fifth Circuit did not consider the argument in the context of a constitutional challenge, the court in effect made a comment while considering Diehl's substantial reasonableness argument.

3. In Diehl's appeal brief, Peugh is not even mentioned, because it was filed on 3-29-2013, before Peugh was even published. So they Fifth Circuit could not have considered any argument involving Peugh.

4. On February 26, 2013 Diehl filed a "Motion To Stay Appeal Pending Supreme Court Decision in Peugh ...." But on March 5, 2013 that motion was denied.

5. United States v. Austin, is also a case where a Guideline sentence or near guideline sentence was given. That case has nothing in common with the circumstances in Diehl

Page 12, ¶2 : Diehl is not procedurally barred from having this court consider the statute of limitations (SOL) argument, which was heard on appeal, for the following reasons:

I. The record was not sufficiently developed, and the issue is not a pure matter of law.

Fifth Circuit precident on when to challenge innefective Counsel (IC) claims is <u>United States v. Rodriquez</u>, 582 F.2d 1015, 1016 (5th Cir. 1978) which says clearly IC claims should be considered on §2255 not direct appeal. Rodriguez makes no mention of exceptions. However, in Diehl's case, the Fifth Circuit made an exception citing, <u>United States v. Roselez-Orese</u>, 707 F.2d 132, 138 (5th Cir. 1983), which made an exception for cases in which the record contained <u>all of the evidence.</u> Roselez cites <u>United States v. Freeze</u>, 707 F.2d 132, 138 (5th Cir. 1983) which refused to hear the IC issue on appeal itself, because, "the court could only speculate as to why counsel had failed to argue the issue." Diehl argues Steve Orr, trial counsel purposely didn't challenge the SOL so that the government had time to establish precident against Diehl. In particular <u>United States v. Coutentos</u>, and <u>United States v. Gool</u>; both of these cases were being decided as of Diehl's trial. Steve Orr was fired over this issue. The record needs developed. Discovery was always going to be needed in this case. Diehl had also made corruption allegations in the appeal, and seperately in a corruption motion.[1]

It appears that the Fifth Circuit in the past has made exceptions to Rodriguez, but on rare occasions, and never under similar circumstances. See <u>United States v. Brown</u>, 591 F.2d 307, 310 (5th Cir. 1979) (determining if a defendant had a right to a particular appointed attorney); <u>United States v. Pringler</u>, 765 F.3d 445 (5th Cir. 2014) (If defendant was harmed by his attorney failing to raise a Rule 29 at trial); <u>Bosami v. Comm'r</u>, 661 F.3d 250 (5th Cir. 2011) (SOL bared de novo review); Here however, Diehl

---

1. See Supplemental Brief filed in this case, "Statute Of Limitations Corruption" (Doc 269, 1-7-2019), See also "Petition For In Camera Inspection by Special Master Of All Work Product Concerning the SOL," and SOL corruption motion filed with the Fifth Circuit.

provided solid evidence of cross circuit prosecutorial misconduct. Diehl provided §2255 exhibits of evidence showing that 18 U.S.C. §3283 does not include Chapter 110 exploitation offenses, Diehl provides documentation on the bizare legislative history of the §3283 SOL, Stever Orr's affidavit is now available, Grand Jury transcripts are now available, which show it was misled when the forman asked a direct question on the SOL.

See United States v. Aquilar, 503 F.3d 431, 436 (5th Cir 2007) (declining tohear I.C. on appeal, because the district court had not held a hearing, and the record did not provide sufficient detail about trial consels conduct and motivatoins to allow this court to make a fair evaluation of the merits of the claim;); United States v. Wunder, 919 F.3d 34,37 (6th Cir. 1990) (Record must be adequate to assess the merits of defendants allegation); United States v. Fish, 851 F.3d 402 (5th Cir. 2017) (Declining to hear IC on appeal because its not possible to have meaningful review); United States v. Botsvynyuk, 552 Fed. Appx. 178 (3rd Cir 2013) (Rusing to hear SOL on appeal); United States v. Litwork, 611 Fed. Appx. 12 (2nd Cir. 2015) (refused to hear SOL on appeal); United States v. Villar, 729 F.3d 62 (2nd Cir. 2012) (Refusing to hear IC claim on appeal due to no comment from attorney and complexity of case).

II. The misconduct / corruption issue is furthermore not bared because its not based on the same facts and legal issue. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (acknowleding that there was a seperate due process issue to consider), Here Diehl has identified specific items in his Petition For Discovery that will allow for a more complete record. See Ochoa v. United States, 569 Fed. Appx. 843 (11th Cir. 2014) ("At most prior decision denied only part of petitioners IC claim."); United States v. Pitcher, 559 F.3d 120, 124 (2nd Cir. 2008) (reversed) (Discussing the meaning of a ground citin United States v. Khedri, 343 F.3d 96 (2nd Cir. 2003). The misconduct claims in Diehl are not predicated on the same facts, and do not rest on the same legal grounds. Mui v. United States, 614 F.3d 50 (2nd Cir. 2009) citing Pitcher.

5

III. Diehl's challenge to 18 U.S.C. §3283 was taken on appeal, because of conflicting precedent and to avoid later procedural default. In <u>United States v. Massaro</u>, 538 U.S. 500 (2003) the court recognized that often defendants raise IC claims on appeal, despite the record not being develped for no other reason than '[the] threat of a procedural bar ...." Citing <u>United States v. Galloway</u> 56 F.3d 1239 (10th Cir. 1955). Coutentos had just been heard on appeal in the 8th Circuit. But see <u>United States v. McDuff</u>, 639 Fed. Appx. 978, 981 (5th Cir. 2016). <u>United States v. Arcky,</u> 938 F.2d 579, 582 (5th Cir. 1991); Massaro does not preclude further evaluation of a issue on §2255.

IV. The Fifth Circuit decision is clearly erroneous, and would work a manifest injustice. See in general <u>White v. Murtha</u>, 377 F.2d 428 (5th Cir. 1967). Admittingly this is a tough standard to meet. The legal error made in a prior proceeding must be "beyond the scope of reasonable debate, where the error would likely change the outcome of the case." See <u>Lincoln Nat'l Life Ins. Co. v. Roosh,</u> 306 F.2d 110, 143 (5th Cir. 1962). The prior decision must not seem a reasonable outcome, <u>Cox Enters v. News Journal Corp,</u> 794 F.3d 1259 (11th Cir. 2015).. In this case, the Fifth Circuit's decision is a manifest injustice. First, the decision rests on false facts. For this reason alone the decision can not be trusted. A potent example of the mistatement is that §3509(a)(8) is defined "in" 18 U.S.C. §3283. This lie had been propogated in case after case. Congress themselves chose not to reference or include the §3509(a) definitions in §3283. The Fifth Circuit has no right to usurp congress. Notice physical abuse, and kidnapping were never defined at §3509(a), and child is defined at the SOL. Second, the Fifth Circuit's decision is completely bereft of any legal principles on which to justify their conclusions. The closest the court comes to stating a legal principle is that the SOL and §3509(a) were passed in the same act in 1990. Perhaps the court is relying on the Implied Repeal Doctrin. See <u>United States v. Arif</u>, 897 F.3d 1 (1st Cir. 2018) citing <u>Posadas v. Natn'l City Bank of N.Y.,</u>, 296 U.S. 497,503 (1996). But, the SOL originally at §3509(k) was repealed, and the technical correction in the 1994 act represented the "whole subect"

Congress may well have found a "possitive repugnancy" between the

misplaced SOL and §3509(a). See 18 U.S.C. §2258 which does reference the Child Abuse definitions, but from Title 42. Note that §3509(a)(8) causes superfluity in §3509(a)(2).

In the opionion of the 5th Circuit there was an "abscence of any disagreement on controlling legal principles," Lincoln Nat'l Life, because the 5th Circuit stated no legal principles. Diehl contends that this leaves the entire matter, "beyond the scope of reasonable debate." See Marrow v. Dillard, 580 F.2d 1284, 1290 (5th Cir. 1978) citing White v. Murtha (Supra) id. 428.

The Fifth Circuits decision also violates Supreme court doctrine on statutory interpretation in that it causes superfluity as described above, and it violates foundational rules on SOL interpretation, "Criminal statutes of limitations are to be liberally interpreted in favor of repose, United States v. Marion, 404 US 307 (1971). The Fifth Circuit violates their own precedent on rules governing when plain language is to be applied, and not to use §3509(a)(8) as a definition of sexual abuse. See below.

V.   Diehl is also not procedurally barred, because controlling authority has since applied a contrary point of applicable law to the issue: How to define sexual abuse.

As demonstrated, 18 U.S.C. §3283 simply has to be interpreted using a plain language approach, Korman Assoc Inc. v. United States, 527 F.3d 443 (5th Cir. 2008) ("Courts are authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such interpretation would defeate the intent of congress.") The plain intent of congress is not to reference §3509(a)(8), and kidnapping and physical abuse can only be defined via plain language. Furthermore, congress uses "sexual abuse or exploitation" to include both. This is a common expression. in federal code.

In Diehl's briefs he hasn't addressed the meaning of sexual abuse, because Child at §3509(a)(2) treates exploitation seperate. Furthermore, the legislative history of the Victim Of Child Abuse Act shows that "sexual exploitation" was removed from the SOL early on. In Esquivel Quintana v. Sessions, 137 S.Ct. 562 (2017) (deciding the meaning of minor) the Supreme Court discussed the

7

meaning of Sexual Abuse of A Minor in the context of the INA. Esquival is instructive to the interpretation of §3283. First 8 U.S.C. §1101(A)(43)(a), like §3509(a)(2) treats §2251 and §2252 seperate from sexual abuse. Both of these exploitation offenses are at 8 U.S.C. §1101(A)(43)(i). In <u>Shroff v. Sessions</u>, 2018 U.S. App. Lexis 12579 (5th Cir. 2018) (online solicitation of a minor) (reverse remand) Shroff argued that per Esquivel, sexual abuse requires contact. The Fifth Circuit disagreed saying Esquivel did not make an express holding on that. Other Squpreme Court observation however are very relevant to §3283 however. First the Supreme Court pointed out that Sexual Abuse of a Minor was used in the context of extremely serios crimes like rape and murder. Based on this the Shroff court concluded "If sexual intercourse is not expecially egregious, then neither is online solicitation." Other courts have reversed using the same logic. Of course §2251(a) includes 17 year olds, who can even be married to the perpetrator. Section 2251(a) has no requirement at all for sexual contact, a sex act, or any special relationship. In fact masochistic displays apply to convict. See Sexually Explicit Conduct definition and know that it is interpretted according to the DOST test.[1] Section 3283 itself has sexual abuse listed with physical abuse (assault) and kidnapping - extremely serious offenses.

The Esquivel court also took note that the federal definition of SAM at 18 U.S.C. §2243 should be influential in any interpretation of the term. As shown in Diehl's briefs, Chapter 109A which was enacted in the 1986 Sexual Abuse Act, is the comprehensive definition of sexual abuse, and §3283 is a pure federal SOL. Finally, The Fifth Circuit has refused to use §3509(a)(8) as a definition of SAM. See <u>Contreras v. Holder</u>, 754 F.3d 286 (5th Cir. 2014)

VI, "In every case [the district court judge] has the power, constrained only by his sound descretion, to receive evidence bearing upon the applicants constitutional claim." <u>Townsend v. Sain</u>, 372 U.S. 293, 318 (1963). In <u>Davis v. United States</u>,[2] the court found that manifest injustice does not only apply to constitutional claims but also "laws of the United States."

---

1. Suspect focal point, un-natural pose, suggestive clothing ect.
2.

8

<u>Page 13, ¶1,2</u> : Diehl objects that the Fifth Circuit considered Diehl's Nexus Amended Indictment count because first of all, that court found that it only happened one time, "while anouncing the verdict," and, the post 2008 and 2000 versions of 18 U.S.C. §2251(a) are the same. These factual errors would greatly effect any decision. As shown below it was also an error for the Fifth Circuit to have made witness credibility decisions that the trial court record shows the trial court was not willing to make itself. See below.

<u>Page 14, 5</u> :  Diehl objects that "the district court correctly identified the issue and the government's burden, and expressly found that the government had proven that the videos actually moved in interstate commerce as required by the applicable version of §2251(a)". This is wrong because both the issue and burdern change depending on what version of §2251(a) is being applied. At Diehl's trial that version was continuously changing. Trial counsel failed to object one single time. See Trial Trans. Vol1: P.177, 180, 182, Vol2: 4-7.

<u>Page 14 ¶3:</u> Diehl objects to the statement "... it was prejudicial because it caused the District Judge to state that he found Keneth Courtney's testimony credible to the extent relevant to the Rule 29 motion." But, the Rule 29 motion was not relevant to a bench trial at all, and the government doesn't refute this; in this case it was prejudicial. Also, Judge Yeakel qualified the part of Courtney's testimony that he found credible. That "part" was clearly based on Runyan's "tantmount" finding. The argument concerned how much evidence is needed to prove interstate transport when the <u>perpetrator</u> uses the Internet. That case is flawed in that it doesn't consider how the "facility" clause effects the analysis. But more importantly here, ultimately Judge Yeakel found that reproductions found in another state was sufficient, and that was all of the evidence he needed. This elliminated even Runyan as a factor. The finding was based purely on the stipulation. All of this is cleary reflected in the record and examined in Diehl's 2255.

9

Page 15, ¶1 : Diehl objects to the statement "... there is no evidence the District judge applied a lower standard [of evidence] in ruling on the Rule 29 motion." The rule 29 motion lasted from Trial Trans page 149 until 157. Much later, and after considerably more analysis, AUSA Devlin challenged Judge Yeakel with "Mr Orr had filed a motion to dismiss the indictment based on the commerce clause, and you had ruled." Judge Yeakel interrupted at this point and said "... there's always a different slant to it after I have had an opportunity to hear all of the evidence other than what was <u>just presented</u> for purposes of a preliminary motion. The burden, were <u>now at</u> a reasonable doubt stage, <u>which is different than earlier</u>." Trial Trans. 186:1-5. Magistrate Lane says "this obviously cannot be a reference to a motion made during trial." But, surely it is : "just presented."

    Diehl also objects to "Additionally, the District Judge found Diehl guilty beyond a reasonable doubt, and there is no evidence that he would have reached a different determination if there had been no Rule 29 motion." Page 15, ¶1. But, the Fifth Circuit found on appeal that judge Yeakel could have inferred government witness was credible as to statements he saw a visual depiction on Diehl' computer in Florida, and that this would proove Diehl physically transported charged counts in interstate commerce. Only in the Rule 29 motion did judge Yeakel make any witness credibility determination. As shown Judge Yeakel later decided he did not need to make a credibility determination at all. He relied on the stipulation only. Judge Yeakel said specifically "... And I reject the defenses argument that it takes more ... the facts are clear beyond a reasonable doubt that the production of the child pornography occurred within the state of Texas and that it appeared in other states and, therefore, the court finds that is enough that it had been transported or transmitted using any means or facility of interstate or foreign commerce." This is also an amendment to the indictment as facility, and transmitted dont apply to Diehl. Also consider that the new case United States v. Biyiklioglue, 2016 U.S. App. Lexis 6341 (5th Cir. 2016) requires that transport details be proven. Like §2251(a) (2000), 18 U.S.C. §1343 lacks "facility."

These statements by Judge Yeakel stand as a finding of fact despite trial counsels not asking for one per Fed. R. Cr. P. Rule 23(c). See United States v. Traweek, 707 Fed. Appx. 213 (5th Cir. 2017) (Rule 23(c) detailed the stipulation of fact, testimony of government witnesses, and evidence."); United States v. Rivera, 444 F.2d 136 (2nd Cir. 1971); United States v. MOrriss, 263 F.2d 594 (7th Cir. 1959) (Rule 23(c) indicates the proper procedure by which a defendant may preserve a question of law for the purpose of appeal, citing Cesaro v. United States, 2000 F.2d 232, 233 (1st Cir. 1952)); Also United States v. Acosta-Sierra, 690 F.2d 111 (9th Cir. 2011) ("... if a party requests before the finding of guilt or not guilty the court must state its specific finding of fact in open court or in a written decision or opinion.") Judge Yeakel did make his SPECIFIC decision on the record, and it inferred nothing of government witness Courtney's testimony. Finally, "It is the function of the trial court, not the reviewing court to weigh the evidence, determine the credibility of witnesses, and find the facts. Wright, Supra §374, P. 315. The trial court as trier of fact is entrusted the function of selecting from among conflicting inferences as to which reasonable minds could differ," United States v. Jennings, 726 F.2d 189 (5th Cir. 1984), citing Pits, 428 F.2d 536 Supra.

## STIPULATION

Page 16, ¶1 : Diehl objects to the statement that "The stipulation expressly did not concede the third element: that the visual depiction was mailed or actually transported in interstate or foreign commerce." By failing to define visual depiction, and allowing amended §2251(a) language the third element is conceeded. Consider that §2251(a)'s "in or effecting" clause requires no transport at all to trigger federal jurisdiction. See United States v. Sturm, 672 F.3d 891 (10th Cir. 2012) (descent) (explaining how not defining visual depiction can expand federal jurisdiction.)[1]

---

1. See pre-trial "First Amended Motion For Bill Of Particular, where Steve Orr tries to define visual depiction, but at the hearing changes course. Visual depiction is used as "it" at trial.

<u>Page 16 ¶ 1</u> : Diehl objects to the statement "Given the overwhelming evidence against him, Diehl cannot show counsel's advise to agree to the stipulation in exchange for a two offense level reduction fell below an objective standard of reasonableness or had a prejudicial effect on his trial." Citing Fields, Belyev. Three seperate Circuit Courts as of Diehls trial had found that interstate transport must be proven. Even the Fifth Circuit has found so, See <u>Biyiklioglue</u> supra. The stipulation requires the correct nexus argument (not mens-rea), and the proper §2251(a) nexus language be used.

AMENDED MOTIONS INNEFF#ECTIVE ASSISTANCE OF COUNSEL ISSUES

<u>Page 16 ¶1</u> : Hard Drive inspection. Diehl objects to the statement that Steve Orr might have inspected Diehl's confiscated equipment. Section §3509(m)(2)(B) requires that a motion be filed, which does not exist on the record.

Diehl also objects that "[Diehl] cannot demonstrate that if the inspection had occurred, the outcome of his trial would have been different, citing Conley, 349 F.3d at 841-42." Diehl only has to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Diehl herein and in his §2255 motion meets that standard. Consider the Fifth Circuit's finding Diehl @ 5, "The computer contains an encrypted hard drive that investigators have been unable to subject to forensic analysis," and, "Diehl showed him [witness Courtney] his [Diehl's] collection of Child Pornography which Diehl had stored on a hard drive of his desktop computer." Diehl's Petition For Discovery makes a request for the governments forensic analysis becaues they may well have decrypted any encrypted hard drive. And assuming the other hard drive truely was deleted (as they say it was), foresic analysis can still be preformed. Diehl had a procedural right to have inspected this equipment per §3509(m)(2)(B). Steve Orr could easily have elliminated this means of interstate transport. See in general <u>United States v. Gonzalez</u>, 2018 U.S. App. Lexis 25421 (3rd Cir. 2018) discussing unanimity verdicts, and mixed questions of law.

Page 18, ¶1 : Diehl objects to the statement "The hard drive was not offered into evidence at trial." It was ineffective for Steve Orr not to have inspected it per §3509, and offered it into evidence as exculpatory evidence himself.

Diehl was prejudiced per Strickland. Consider the governments promise "I think its a fair inference that the video exhibits -- and, again, Im using them collectively[1] -- were stored on computers owned and maintained by him, and were so transported with him in interstate commerce during each of his moves." Trial Trans. 153: 13-16. This mirros the Fifth Circuits physical transport inference.

Note that in the governments appeal brief at Page 52 they say "Diehls counsel told the district court that the password for the hard drive [was] very long and complicated written password thathad not been memorized ...." But knowhere does §3509(m) require the defense to disclose this private information as a condition for inspecting the euipment. Furthermore at most, Diehl said he might not be able to access the encrypted hard drive. The hard drive here becomes pivitol, because as stated in the brief, all other transport means are effected by the indictment amendment error.

NCMEC

Page 19, All : Diehls Count 12 cites that trial counsel was ineffective for his failure to object to any and all NCMEC reports and statistics regarding interstate transport of charged visual depictions. Magistrate Lane misinterprets the significance of these reports, and how the FBI depends on NCMEC for evidence of interstate transportation. First of all the reports are based on a non-disclosed Hash algorithm. This itself can lead to false results. Second the FBI most probably doesn't inspect seized equipment itself, so an agent saying a series was found in their case, is based on CMEC. Also NCMEC and the Internet Crimes against Children Task Force (ICAC) distribute Child Pornography seized in cases to law enforcement all over the world. A single comprimize to this system can result in a series "going viral." This is why transport of visual depictions must actually be proved. There are other reasons outlined in Diehl's §2255 motion. Never is it said where the CBaby series found. It could have been found in Texas.

## SEARCH WARRANT

<u>Page 20, ¶1</u> : Diehl objects to the entire search warrant section in the Report and Recomendation. Kerry Jenkins did not know Ken Courtney's name and didn't know him. She learned his name from someone. It is completely unknown how Ken Courtney was actually discovered, it MAY have been by illegally accessing Diehl's IPhone. If Judge Yeakel on 2255 confirms physical transport was not a factor in his decision, then Diehl may not be harmed from the false testimony of Ken Courtney. However if this court fails to clarify the finding, then discovery should be permitted, and the May FBI 302 should be disclosed along with the Al Danna suppeona, and all other discovery concerning government witness Courtney.

Steve Orr was in any case ineffective concerning the search warrant, because the government said they had no plan to introduce evidence from the search warrant, and then did just that. As shown they promised the seized hard drive contained charged counts, and was transported in interstate commerce. It is unexplainable why trial counsel failed to object to this, and didn't inspect the computer equipment himself to elliminate this interstate transport means.

## PROSECUTORIAL MISCONDUCT

<u>Page 21, ¶1</u> : Diehl objects to the case law Magistrate references as relevant to Diehl's misconduct claims, I.e. Fields, and Stephens. Relevant case law concerning knowingly false testimony is <u>Napue v Illinois</u>, 360 U.S. 264 (1959). Ken Courtney's testimony was false, the false testimony occured on direct examination, and AUSA Devlin had to know it was false since it was continuously changing to meet the needs of the government. See also <u>United States v. Wallah</u>, 935 F.2d 445 (2nd Cir. 1991) citing <u>United States v. Hickson</u>, 611 F.3d 1098 , ("Star witness was utterly unworthy of being believed becaues he lied consistently ....")

Matt Devline also misled the Grand Jury by saying "Distribution is to give to somebody else ...." These people are not children, and asked a legal question that required a direct, accurate response. See <u>United States v. Bonds,</u> 784 F.3d 582, (9th Cir.

14

PETITION TO FILE SUPPLEMENTAL BRIEF CONCERNING STATUTE OF
LIMITATION CORRUPTION AND EX POST FACTO SENTENCE (Dkt. #269)

<u>Page 23, ¶1</u> : Diehl objects to the statement the two relevant briefs "have already been before the court." It is Diehls understanding per federal rules a §2255 brief can only be 50 pages. Any previous amendment request for the original §2255 is not relevant to the request to file this supplementals. These supplementals were provided for the courts benefit. These are serious constitutional issues. The thirty year upward variance that took place under mandatory quidelines was a life sentence on this first time offender. Moreover as the supplemental shows mandatory really means mandatory, not mandatory sometimes. <u>Peugh</u> is seriously analyzed in the ex post facto supplemental and will be used used to justify a COA if necessary. Diehl prays this court, as the sentencing court will give the upmost consideration to the facts in this supplemental.

Finally, 18 U.S.C. §3283 doesnt include Chapter 110 offenses, is vague and ambiguous, doesn't depend on §3509(a)(8), and the legislative history indicates that at most its for Chapter 109A "sexual abuse" offenses. There is every reason to believe the government always knew this. It is unexplainable why Steve Orr trial counsel failed to challenge this issue.

The supplemental SOL brief exhibits clearly how in case after case the U.S. attorneys have deceived courts with false statements concerning §3283. This is done to justify the use of §3509(a)(8) which does not apply to §3283. In Diehl;s case his attorney could never have known what offenses §3283 includes. Diehl has shown that Steve Orr trial attorney refused to challenge the SOL when there was no precident in the Fifth Circuit on the matter. Diehl has shown that the Grand Jury was mislead about the SOL when they asked a specific question on the matter. Diehl has submitted a "Petition For In Camera Inspection By Special Master Of All Work Product Concerning the SOL," Doc 272. This document will tell the true story about what the Justice Department known about §3283. The legislative history of the SOL is convoluted to say the very least.

CERTIFICATE OF SERVICE

The United States were not served a copy of this amended objection to the amended report and recomendation because the United States are registered electronic filers.

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, Fl 33521

David A. Diehl

*David A Diehl* (signature)

Proceeding Prose

1-25-2019

RECEIVED
FEB 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

1:10-CR-297

Clerk of Court,

Please file this Amended objection to Magistrate Lanes Amended Report And Recomendation (Doc 270). His report was received at Coleman II and handed to me Jan 17, 2019.

Please notify me of any problems at the below address.

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman FL 33521

David A. Diehl
/s/ David A. Diehl

1-25-2019