IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DAVID ANDREW DIEHL, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. 1:16-CV-1124-LY |
| § | CAUSE NO. 1:10-CR-297-LY-1 |
| UNITED STATES OF AMERICA, § | |
| DEFENDANT. § | |

FILED
FEB 4 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

## ORDER ON REPORT AND RECOMMENDATION

Before the court is the above-styled and numbered cause. On December 17, 2018, Diehl sought leave to amend an existing Section 2255 Motion, and the Government filed no opposition to his motion for leave. (Dkt. No. 263). On January 7, 2019, this court: (1) granted leave to amend; (2) dismissed previous Section 2255 motions as moot; (3) referred the amended Section 2255 Motion (Dkt. No. 266) and several discovery motions (Dkt. Nos. 202, 267, 269) to United States Magistrate Judge Mark Lane for resolution or report and recommendation (Dkt. No. 265).

Now before the court are Motion for Return of Discovery Materials and Discovery Protective Order filed August 25, 2016 (Dkt. No. 202), Amended Motion to Vacate Under 28 U.S.C. § 2255 filed January 7, 2019 (Dkt. No. 266), First Petition for Particular FBI Report filed January 7, 2019 (Dkt. No. 267), Petition to File Supplemental Brief Concerning Statute of Limitation Currption [sic] and Ex Post Facto Sentence filed January 7, 2019 (Dkt. No. 269), and Petition for In Camera Inspection by Special Master of All Work Product Concerning the Statute of Limitations filed January 11, 2019 (Dkt. No. 272).

On January 11, 2019, the magistrate judge filed a report and recommendation (Dkt. No. 270), recommending that the court grant the government's motion for return of discovery

materials, deny Diehl's motion for an FBI report and his motion to file a supplemental brief, deny Diehl's amended Section 2255 motion, and deny a certificate of appealability.

A party may serve and file specific, written objections to the proposed findings and recommendations of the magistrate judge within 14 days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the District Court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). The parties were properly notified of the consequences of a failure to file objections. The report and recommendation was sent by certified mail on January 11, 201. The record reflects that the parties received the report and recommendation on January 17, 2019 (Dkt. No. 273). Diehl filed objections on February 1, 2019 (Dkt. No. 274).

In light of the objections, the court has undertaken a *de novo* review of the motions, responses, replies, objections, applicable law, and entire record in the cause. The court is of the opinion that the objections do not raise any issues that were not adequately addressed in the report and recommendation, and finds that the magistrate judge's report and recommendation should be approved and adopted by the court for substantially the reasons stated therein.

**IT IS THEREFORE ORDERED** that Diehl's objections to the report and recommendation of the United States Magistrate Judge are **OVERRULED**.

**IT IS ORDERED** that the report and recommendation of the United States Magistrate Judge filed January 11, 2019 (Dkt. No. 270) is **ACCEPTED AND ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Motion for Return of Discovery Materials and Discovery Protective Order filed August 25, 2016 (Dkt. No. 202) is **GRANTED**.

**IT IS FURTHER ORDERED** that First Petition for Particular FBI Report filed January 7, 2019 (Dkt. No. 267) is **DENIED**.

**IT IS FURTHER ORDERED** that Petition to File Supplemental Brief Concerning Statute of Limitation Currption [sic] and Ex Post Facto Sentence filed January 7, 2019 (Dkt. No. 269) is **DENIED**.

**IT IS FURTHER ORDERED** that Amended Motion to Vacate Under 28 U.S.C. § 2255 filed January 7, 2019 (Dkt. No. 266) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

Diehl also asks this court to allow a special master to review all work product in the possession of the United States concerning the statute of limitations (Dkt. No. 272). Diehl made a substantively similar request on October 3, 2016 (Dkt. No. 208). In response to his 2016 request, Diehl was served with a redacted version of the materials he sought and ordered by the magistrate judge to respond with specificity as to why each individual item was needed, the anticipated use of the item in the future, and what good cause existed to release the item to Diehl (Dkt. No. 216). Diehl objected to that order, and this court overruled his objections. (Dkt. Nos. 220, 221). Diehl appealed that order to the Fifth Circuit, which dismissed the appeal for lack of jurisdiction. (Dkt. Nos. 223, 236). Diehl also appealed to the Supreme Court, which denied his petition for a writ of certiorari. (Dkt. No. 244). Diehl provides no new grounds upon which to reconsider his request that have not been considered by the magistrate judge, by this court, or by the Fifth Circuit. Accordingly,

**IT IS FURTHER ORDERED** that Petition for In Camera Inspection by Special Master of All Work Product Concerning the Statute of Limitations filed January 11, 2019 (Dkt. No. 272) is **DENIED**.

SIGNED this **4th** day of February, 2019.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE