UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff. § | |
| § | |
| v. § | CRIMINAL NO. A-10-CR-297 LY |
| § | |
| DAVID ANDREW DIEHL, § | |
| § | |
| Defendant. § | |
| § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TEMPORARILY STAY THE RETURN OF DISCOVERY MATERIALS**

The United States of America, by and through undersigned Assistant United States Attorney for the Western District of Texas, hereby files this response to Diehl's Motion to Temporarily Stay the Return of Discovery Materials (Doc. No. 288) (hereinafter "Motion to Stay"), and would respectfully show the Court as follows:

On August 25, 2016, the United States filed its Motion for Return of Discovery Materials and Discovery Protective Order (Doc. No. 202) (hereinafter "United States' Motion"). On February 4, 2019, this Court granted the United States' Motion (Doc. No. 275, adopting magistrate court's recommendations filed in Doc. No. 270) (hereinafter the "Order"). On February 22, 2019, Defendant filed a Notice of Appeal of the Order (Doc. No. 282), and the appeal is currently pending before the 5th Circuit. On June 17, 2019, Defendant filed his Motion to Stay, seeking a stay of the Order.

Although Defendant's appeal of the Order is pending, Defendant is not entitled to a stay of the Order. A stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant. . . . The parties and the public, while entitled to both careful review and a meaningful

decision, are also entitled to the prompt execution of orders that the legislature has made final." Nken v. Holder, 556 U.S. 418, 427 (2009) (internal citation omitted).  A court considers four factors in determining whether to grant a stay of an order:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties ...; and (4) where the public interest lies." Nken, 556 U.S. at 426 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

**Defendant has made no showing that he is likely to succeed on the merits**.

Defendant has made no showing – let alone a strong showing – that he is likely to succeed on the merits of his appeal.  The United States' Motion, and Defendant's response thereto (including his counsel's response) were thoroughly considered by both the magistrate court and the district court.  In a detailed opinion, adopted by the district court, the magistrate court set forth the reasons why the government's motion was meritorious.  Defendant offered no legal argument whatsoever supporting his opposition to the United States' Motion; he merely made a specious allegation of "prosecutorial misconduct" as the basis for retaining discovery.  As the Court noted, all other reasons he asserted to retain discovery were rejected by the Court and the Fifth Circuit or were otherwise legally baseless.

Defendant offers nothing in his Motion to Stay to show, strongly or otherwise, that the district court's well-reasoned and thorough opinion is wrong or that the Court's findings of fact are clearly erroneous. As such, Defendant has not shown a strong likelihood of success on the merits.

**Defendant has not shown that he will be irreparably injured absent a stay**

Defendant has exhausted his appellate rights.  He has filed a 2255 habeas corpus motion that has been denied in full by the district court, and is now pending before the Fifth Circuit.  Defendant's 2255 motion raised only legal issues, not factual issues, and those legal issues had been considered and rejected by the Fifth Circuit on direct appeal.

A defendant has no right to discovery in connection with a 2255 motion.  "'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'"  United States v. Fields, 761 F.3d 443, 478 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)).  Since he has no right to discovery, Defendant cannot show – and certainly has presented nothing in an effort to show – that he would be injured, let alone irreparably injured, if the Order is executed and discovery materials are returned to the United States.

Moreover, in the highly unlikely event that Defendant's appeal of the Court's denial of his 2255 motion is granted in part or in full, such that further proceedings are ordered that may trigger Defendant's discovery rights, Defendant can file a request for discovery at the appropriate time.


**A stay would be detrimental to other parties interested in the proceeding, and is no longer justified under the circumstances.**

Defendant, through his various counsel, has had possession of the discovery materials in this case for more than *nine* years.  The United States filed its Motion for Return of Discovery Materials in August 2016, and the Court issued its Order in February 2019.  Given the amount of time that discovery has been in the possession of Defendant's attorney(s), extending the delay in executing the Court's Order would likely not cause detrimental harm to the United States.  That said, however, the United States does have a substantial interest in having its discovery returned

at the earliest opportunity. Much of the discovery consists of sensitive materials concerning minor victims of Defendant's child exploitation crimes. For that reason, it is important that discovery for this case be relinquished as soon as possible.

Additionally, a stay will prolong Defendant's former counsel's burden and responsibility to safeguard the discovery materials in his possession. The United States believes that the discovery materials provided to Defendant are currently in the possession of E.G. (Gerry) Morris, Esq., the most recent attorney who represented Defendant at sentencing and on appeal, based on his sealed filing of September 13, 2016 (Doc. No. 203).[1] Because Mr. Morris is no longer representing Defendant, Mr. Morris should not be in the position of being responsible for possessing any discovery in this case. Granting Defendant's Motion for Stay would require Mr. Morris to continue to maintain a substantial collection of discovery, much of which constitutes sensitive discovery. Accordingly, a stay may substantially injure the interests of Mr. Morris by prolonging his responsibility to store and safeguard discovery.

The FBI is also an interested party, since the FBI is the source of most of the discovery materials in this case, which include various reports, summaries of interviews, and evidence obtained during the investigation. The FBI certainly has a cognizable interest in having its materials returned at the earliest possible opportunity to avoid possible inadvertent dissemination or disclosure.

Accordingly, a stay would be detrimental to several interested parties.

---

[1] Mr. Morris entered an appearance in this case on July 20, 2011, prior to sentencing (Doc. No. 106). After sentencing, Mr. Morris moved to withdraw from representing Defendant (Doc. No. 132), but the Court denied his motion and appointed him to represent Defendant on appeal (Doc. No. 133). Since Defendant's appeal rights have been exhausted, it would appear that the Court's appointment of Mr. Morris as Defendant's legal counsel has expired, although Mr. Morris has not formally withdrawn from Defendant's representation since his appeal was denied. In his sealed response to the United States' Motion (Doc. No. 203), Mr. Morris referred to himself as "former[] counsel" for Defendant.

**The public interest weighs in favor of denying a stay**

The discovery materials in this case are particularly sensitive and concern details of Defendant's child exploitation crimes.  Most of the discovery materials have not been made public, because they contain information directly or indirectly affecting victims and witnesses who were minors.

Federal law provides for protections for minor victims and evidence pertaining to minor victims.  See, e.g., 18 U.S.C. § 3509.  Even though such persons may no longer be minors, they remain entitled to the protections of federal law.  Id.  When discovery materials pertaining to minor victims are disclosed outside of prosecution or law enforcement control, there is a greater danger of dissemination or disclosure to unauthorized persons.  While the United States believes that Mr. Morris has taken, and will continue to take, appropriate steps to prevent unauthorized disclosure, the longer he remains in possession of these materials, the greater the danger becomes that unauthorized disclosure may occur.  It is in the United States' – and, thus, the public's - interest to return control of those materials to the government and the appropriate law enforcement agencies to eliminate the likelihood of unauthorized disclosure.

## CONCLUSION

The primary purposes of discovery are to inform Defendant of the nature and extent of the evidence supporting the charges against him, allow Defendant to mount an adequate and appropriate defense, and, upon conviction, to give notice to Defendant of the facts supporting his sentence.  Once sentencing occurs, Defendant has no further need for or right to retain discovery materials.  He was allowed, through counsel, to retain such materials through appeal, which has

now concluded. It is long past time that Defendant and his counsel return all discovery materials to the United States.

Based on the foregoing, the United States respectfully requests the Court to deny Defendant's Motion for Stay (Doc. No. 288).

                                              Respectfully submitted,

                                              JOHN F. BASH
                                              United States Attorney

By:                  /s/ *Matthew Devlin*
                                              _____
                                              MATTHEW DEVLIN
                                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I further certify that I have provided a copy of the document to the following non-CM/ECF participants in accordance with the provisions of Fed. R. Crim. P. 49:

David A. Diehl
Reg. No. 53214-018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, Florida  33521
*Defendant, pro se*

/s/ *Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff. | § § | |
| v. | § § | CRIMINAL NO. A-10-CR-297 LY |
| DAVID ANDREW DIEHL, | § § § | |
| Defendant. | § § § | |

**ORDER**

Came on to be considered Defendant's Motion to Temporarily Stay the Return of Discovery Materials (Doc. No. 288), and the United States' Response in opposition thereto, and, having considered said filings and the record in this cause, the Court finds Defendant's motion to be without merit. Accordingly,

IT IS ORDERED that Defendant's Motion to Temporarily Stay the Return of Discovery Materials (Doc. No. 288) be, and is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant, through his counsel, return to the United States all discovery materials provided to Defendant in this cause, within 14 days of this Order, as previously ordered by this Court (Doc. No. 275).

SIGNED on this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE