In The United States District Court
For The Western District of Texas
Austin Division

FILED
DEC 07 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States of America
          Plaintiff

vs

David A. Diehl
          Defendant

Case 1:10-CR-297-1

Motion For Disclosure And Return
of all Petitioner's Personal Belongings
And Incorporated Memorandum Of Law.

Comes now, Petitioner David A. Diehl Defendant in the above styled and numbered cause, proceeding pro se and respectfully moves for the return of all of his illegally seized personal belongings in violation of the Fourth Amendment. Petitioner seeks the return of his personal belongings under Fed. R. Cr. P 41(g).

# memorandum

## Relevant Facts

### Arrest

On 4-5-2010 Western District of Texas (Austin) Magistrate Robert Pitman signed petitioner David A. Diehl's arrest warrant for a 10 year old charge of 18 U.S.C. §2251(a). One day later petitioner was arrested in Jacksonville Florida. Unbeknost to petitioner a search warrant was denied by the Florida Magistrate. Petitioner paid his attorney to liquidate his most valuable property. Petitioner's attorney also gathered petitioner's computers, cameras, sons personal belongings ect, and sent them to petitioner's son who petitioner had full custody of in Texas.

Unbeknost to petitioner the FBI was conspiring with, and at the same time intimidating, Keri Jenkins to circumvent the Jacksonville Florida magistrates search warrant denial.

On May 8, 2010 Keri Jenkings gave the FBI permission to ~~search through~~ take the personal

the mailed items. This resulted in additional counts. She according to FBI testimony also alowed them to take the computer and two hard drives. On May 18, 2010 Keri Jenkins allegedly gave the FBI permission to search the drives. On June 29, 2010 magistrate Robert Pitman granted a search warrant.

Petitioner argues Keri Jenkins had no legal right to give petitioner's personal property away, and petitioner would have never spent a considerable money to send it, had he known she was conspiring with the FBI.

The FBI tried to hide all of this from the Petitioner.[1] Although the district court did not rely on the hard drives in its decision, the Fifth Circuit did on appeal. FOIA evidence seems to show that the hard drives were decrypted, and this exculpatory evidence was withheld.

---

[1] The search warrant requests a seal for this purpose, and they had petitioners son lie.

## Pre-Trial

Prior to pretrial on December 21, 2010 Counsel Steve Orr challenged the validity of the search warrant. At pretrial he raised the issue arguing there was no evidence the warrant was sufficient. The government said they had no intent to introduce evidence from the search. The court granted a motion in limini, P.4.

Note that the FBI retained the equipment and counsel did not object despite the government could not prove that the equipment was involved in any crime. As the facts show just having the hard drives got the case upheld on appeal based "false statements by AUSA Matt Devlin.

## Trial

Given the prosecutors promises at pre-trial counsel had no incentive to examine the equipment prior to trial per 18 USC

3509(m).

During trial however AUSA Matt Devlin began to promise the hard drives contained charged counts. Trial Trans 153. Counsel Steve Orr failed to object. He also failed to inspect the equipment, and petitioner was not required to provide the government a password.

At trial the court entered into a specific finding that visual depictions found outside of Texas was enough to convict, and it didn't take anything else. Given this finding there was no justification for keeping the equipment. The Court clearly relied only on charged scenes being found outside of Texas and on the Internet.

### Sentencing

Despite there being no forfeiture count in the indictment, and the narrow finding above (which had no dependance on computers) Judge Yeakel ordered the equipment seized. No objection was made. This was ineffective counsel.

### Appeal

In the government appeal brief they

argued that the hard drives contained charged counts. Document 218-6 p. 30: "The record demonstrates the encrypted hard drive contained contraband and that Diehl relinquished his possessory rights to the equipment." This however was not any finding of the trial court, and at best indicates counsel was ineffective for not objecting to the prosecutors promises at trial.

## 28 USC 2255

On 2255 Petitioner challenged the search warrant under Ground 13. See subsection K, L, and prosecutorial misconduct §2255 Ground 10 Subsection 7,8 p. 33-34. Ground 13 also requested an evidentiary hearing to determine what property was confiscated and whether the disk drives were decrypted.

The magistrate did not say Petitioner was procedurally barred from challenging the search and seizure 2255 Count 13. He however doesn't address the seizure at all. See R&R p. 20.

_____

1  This promise led to the Fifth Circuit's use of the disk drives. <u>Diehl</u> 775 F.3d 714 p11.

On p.18 he states himself that the district court did not rely on the hard drives. This means the Fifth Circuit changed the factual finding of the trial court under the guize of a sufficiency of evidence finding. AUSA recomended this act in his appeal brief.

On 2255 petitioner challenged the search warrants validity. See Count 13 (M),(N),(T),(V).

### Rule 6

In a 50 page Rule 6 motion petitioner requested an evidentiary hearing to present the disk drives as esculpatory evidence. Magistrate (ex U.S. Attorney Lane) denied the opportunity. P10 ¶ 2, P11.

### Motions

Petitioner filed numerous motions concerning the seizure. See DKT 159, Motion to Return Property dated 3-13-2013, Motion For Inventory of Seized Property filed 4-15-14 DKT 176, motion to Return One Black Computer 4-25-14, denial DKT 166. All motions were denied.

## Legal Analysis

### A. Indictment

At sentencing Judge Yeakel ordered the forfeiture of petitioner's computer equipment as described below. Despite the equipment not being in the indictment, Defense attorney Gerald Morriss failed to object. The forfeiture is a substantive change in the indictment. <u>Caplin & Drysdale chartered v. United States</u>, 491 U.S. 617, 628 N.5 1322 N.5 (1989), <u>United States v. Cauble</u> 706 F.2d 1322 (5th Cir. 1983). An objection that an indictment fails to state an essential element of a crime may be raised at <u>any time</u>, <u>United States v. Wilson</u>, 884 F.2d 174, 179 (5th Cir. 1989), Fed. R. Cr. Pr. Rule 12(b)(3)(B). Petitioner is thus not procedurally barred from making this claim.

Despite the indictment clearly not containing any forfeiture counts the trial court added a forfeiture.

In its judgement the court ordered the forfeiture of (a) one custom built black computer contained a Seagate Barracuda 7200, 250 GB, hard drive, serial number 6RY5KCF8; (b) one custom black computer, (c) Maxtor Diamond Max 21, 500 GB hard drive, serial number 9QG2Y6DO and (D) media storage devices and other computer accessories. The second superseeding Indictment alleged only the substantive violations of 18 USC 2251(a). Neither the indictment or the two previous indictment which it superseded contained any request by the government for forfeiture or any identification of property to be forfeited as is required by Fed. R. Cr. Pro. Rule 32.2(a). The indictment therefore "fails to state an offense" as it relates to forfeiture, because it fails to state the essential element of the offense and fails to give any notice whatsoever that a forfeiture may occur. United States v. Puma, 937 F.2d at 156. Accordingly the indictment cannot support a forfeiture.

### A. There were no grounds to have seized equipment they were not used at trial and have nothing illegal.

At pretrial Judge Yeakel allowed the government to keep petitioner's illegally seized equipment[1] despite the fact the government said that they had no intention to use any seized item in their case in chief at pretrial.

In the Report and Recommendation the magistrate confirmed that the trial court did not rely on the hard drives in its finding.

According to a FBI FOIA response the drives may have been decrypted.

This exculpatory evidence has been withheld from petitioner. See also "O" report, from Client-Att suit.

### B. Affidavit was not made in good faith

The warrant was issued because the FBI misled Magistrate Pitman. The FBI did not act in good faith. A Franks hearing is appropriate. <u>Franks v. Delaware</u>, 438 U.S. 154 (Acted knowingly and recklessly to deceive). The warrant had already been denied by a federal judge in Jacksonville, FL. There was no

---

[1] which they eventually decrypted it appears

change in the affidavit. No possessory rights were forfeited. See United States v. Leon, 104 S.Ct. 3405 (1984). The burden to show good faith is on the government. Id 3422.

C. Warrant was stale

The warrant was stale. See Andressen v. Maryland, 96 S.Ct. 2737, 2747 N.9, 427 U.S. 463, 478 (1976). There was never any evidence that petitioner engaged in criminal activity past 2010. No evidence ever linked petitioner to any possession, distribution, or receipt of child pornography. See United States v. Barfield, 507 F.2d 53 (5th Cir.) cert denied, 421 U.S. 950 (1975)

No Other Adequate Remedy of Law

Fed R. Cr. P 41(g) is unavailable if the litigant has other legal remedy's and will not suffer irreperable injury if relief is denied. Industrias Cardoen, LTDA vs United States, 983 F.2d 49, 51-52 (5th Cir. 1993) Cited by Judge Yeakels Order. Doc 178.

of the hard drives if necessary, and the hard drives act completly independant of the computer.

Section 41(g) "Contemplates judicial action that will respect both law enforcement interests and individual interests in seized property <u>Koch Foods of Mississippi... v. United States, 2020 U.S. Dist. Lexis 134865 (5th Cir. 2020)</u>. The search warrant itself considers returning the property.

## Conclusion

Petitioner seeks a hearing to determine if the hard drives were decrypted, and to determine the role of Keri Jenkins in surrendering Petitioner's property.

Petitioner seeks an FBI disclosure of all equipment and other belongings in their posession.

Petititioner seeks the return of all of his personal belongings.

David a Diell

Petitioner chose not to raise the equipment seizure on appeal due to space limitations and having for more important issues.

On §2255 the search and seizure was raised as shown, but only the Iphone / Courtney part was discussed, not the hard drives and other personal belongings. NO other remedy exists

## F.R. Crim. P. 41(g)

Given these facts Fed. R. Crim. P 41(g) is the correct tool to proceed to recover the unlawfully seized personal belongings. This includes computers, cameras, blankets and other items.

Section 41(g) should be construed as a civil complaint pursuant to the courts general equity jurisdiction under 28 USC §1331. Bailey v. United States, 508 F.3d 736, 738 (5th Cir 2007) Section 41(g) allows for the return of both legally and unlawfully seized property United States v. Ogbonna, 34 F. Appx 150 at #3 N.I.

The government can make bit copies

## Affidavit

I David A. Diehl do solemly swear that on 8-27-2020 I sent a letter to the below address requesting that the FBI return all of my illegally obtained personal belongings. They never responded.

> Federal Bureau of Investigation
> Austin Resident Agency
> 12515 Research Blvd. Bld 7 Suite 400
> Austin, TX 78759
> (case A-10-CR-297 (1)-(LY)

I declare under penalty of perjury that the foregoing is true.

*David A. Diehl*
David A. Diehl

12-1-2020

In the Western District of Texas
Austin Division

David A. Diehl (Petitioner)

v.

United States (Defendant)

## Proof of Service

I David A. Diehl do swear or declare that on the below date I served the enclosed motion on the United States of America at the below address

Mathew B. Devlin
Assistant United States Attorney
816 Congress Ave, Suite 1000
Austin TX 78701

*David A Diehl*
David A. Diehl
12-1-2020



Clerk of Court,

Please file the enclosed motion for consideration by the court.

David A. Diehl

12-1-2020

David A. Diehl 153214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

SCREENED BY CSO
DEC 07 2020

78701-381275

Clerk U.S. District Court
Western District of Texas
United States Court house
501 W. 5th St., Suite 1100
Austin, TX 78701

Legal mail

TAMPA FL
SAINT PETERSBURG
1 DEC 2020