# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S FIRST AMENDED MOTION FOR CONSIDERATION OF RULE 60(B) CLAIMS

The United States hereby responds in opposition to Defendant's First Amended Motion for Consideration of Rule 60(b) Claims (Doc. No. 300)[1] (Defendant's Motion), and would respectfully show the Court as follows:

### I.

In 2010, Defendant was charged with ten counts of sexual exploitation of a child/production of child pornography under 18 U.S.C. § 2251(a). *United States v. Diehl*, 775 F.3d 714 (5th Cir. 2015). Defendant was subsequently convicted and sentenced to 600 months' imprisonment. Id. Defendant appealed his conviction on the following grounds: (1) The statute of limitations had run prior to his indictment; (2) the "government failed to prove the required nexus between his offense and interstate commerce;" and (3) sentencing errors. Id. at 719–23. The United

---

[1] On April 27, 2021, Defendant filed a Motion for Consideration of Rule 60(b) Claims (Doc. 297). On May 18, 2021, this Court, via a text-only order, directed the United States to file a response to said motion by June 1, 2021. On May 26, 2021, the Court, via a text-only order, granted the United States' motion to extend time to file its response until July 1, 2021. On June 8, 2021, Defendant filed an Amended Motion for Consideration of Rule 60(b) Claims (Doc. 300), which appears to have added one claim to the original motion. The United States is responding to the Amended Motion.

States Court of Appeals Fifth Circuit affirmed the conviction and sentence. *Id.* Defendant then filed a 28 U.S.C. § 2255 motion (hereinafter referred to as a "2255 motion") to challenge the sentence, which was denied by this Court on February 4, 2019 (Doc. 275, 276).  The Fifth Circuit affirmed the denial of Diehl's motion for a certificate of appealability regarding this Court's denial of his 2255 motion.  *United States v. Diehl*, No. 19-50165 (5th Cir. May 6, 2020) (Doc. No. 00515406486).

Defendant's Motion rehashes numerous substantive complaints regarding Defendant's prosecution which Defendant previously raised on direct appeal, in his 2255 motion, and through various post-2255 motions, all of which Defendant now captures under the contrived umbrella of "Rule 60(b) claims," under the authority of Rule 60 of the Federal Rules of Civil Procedure.  As Defendant sets forth in the conclusion of Defendant's Motion, Defendant's "claims" appear to be: (1) that this Court and the Fifth Circuit failed to consider the government's alleged fraud regarding the statute of limitations applicable to his criminal charges and that he should be granted an evidentiary hearing; (2) that this Court and the Fifth Circuit ignored his claims regarding the establishing of the interstate nexus element of his criminal offenses; and (3) that this Court and the Fifth Circuit failed to consider the merits of Defendant's "ex post facto sentence," which appear to be related to his statute of limitations claims.

In particular, throughout Defendant's Motion, Defendant discusses many substantive complaints under the guise of "fraud" or that this Court and/or the Fifth Circuit "ignored" his claims raised in his 2255 motion.  His alleged "claims" include:  that his claims about the statute of limitations applicable to 18 U.S.C. § 2251 and his objections thereto were "ignored" and "not addressed" by this Court or the Fifth Circuit; that his counsel did not understand the law regarding the statute of limitations; that his claims about prosecutorial misconduct in connection with the

testimony of Kenneth Courtney, a witness at Defendant's bench trial, were ignored by the courts, including Courtney's "inconsistent statements" and the "immunity offers" allegedly made to Courtney; that his claim about the ex post facto application of 18 U.S.C. § 2251 to his case were not addressed; that his claim about 4th Amendment improprieties related to a seized computer were not addressed; that there was "fraud on the court" resulting from the "manufacturing of federal jurisdiction," apparently related to the interstate nexus element of the child pornography charges; that the United States failed to respond to one or more of the allegations in Defendant's 2255 motions and committed "fraud" upon the "2255 court"; and that his sentence violated the Constitution's *ex post facto* clause.

II.

ARGUMENT

Defendant's Motion was filed and captioned as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). For the reasons discussed below, Defendant's Motion should be denied because it is untimely; moreover, Rule 60(b) provides no relief to Defendant as to his criminal case and, as such, Defendant's Motion constitutes a second or successive 2255 motion that Defendant is not authorized to file.

Fed. R. Civ. P. 60(b) provides:

> **(b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)    mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Defendant's Motion is premised on Rule 60(b)(3) and (6).  Defendant's Motion, Doc. 300 at 22.

## A.     Factors Relevant to Court's Consideration of Rule 60(b) Motion

The factors which govern a court's consideration of a Rule 60(b) motion include the following:  (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether – if the judgment was a default or a dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.  *In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009); *see also Gallardo v. United States*, No. SA-08-CA-757-OG, 2016 WL 11640193, at *3 (W.D. Tex. June 24, 2016) (evaluating these factors in the context of seeking relief from a judgment on a 2255 motion).

## B.     Defendant's Rule 60(b) Motion is Untimely

Defendant filed Defendant's Motion by depositing it in the mail at his BOP facility on or about June 2, 2021, as indicated by the postmark on the envelope containing Defendant's Motion (Doc. 300 at 48).  Defendant's Motion was filed in this Court on June 7, 2021.

Defendant's Motion does not specify the judgment or order for which he is seeking relief under Fed. R. Civ. P. 60(b).  As best as can be interpreted, he appears to seek relief from the order issued by this Court denying Defendant's 2255 motion and denying a certificate of appealability (Doc. 276), which order was entered on February 4, 2019.  Defendant appealed that order, and on May 6, 2020, the Fifth Circuit affirmed this Court's order denying a certificate of appealability (Doc. 00515406486, No. 19-50165, 5th Cir.).  The Fifth Circuit's judgment/mandate was issued and filed with this Court on June 30, 2020.

Fed. R. Civ. P. 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Defendant attempts to couch his motion under Rule 60(b)(3) ("fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party") and 60(b)(6) ("any other reason that justifies relief").

The United States submits that Defendant's Motion is untimely.  This Court's order denying his 2255 motion and a certificate of appealability was issued on February 4, 2019, well over two years before Defendant's Motion was filed.  To the extent that Defendant's Motion is based on "fraud," Rule 60(b)(3), his filing is well beyond the one-year time limit under Rule 60(c)(1).  To the extent that it alleges "any other reason [justifying] relief," Rule 60(b)(6), it was not filed within a reasonable time.  The Fifth Circuit has ruled that a Rule 60(b) motion was not filed within a "reasonable time," even though it was filed within the one-year period prescribed by Rule 60(c). *See, e.g., Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (holding that Rule 60(b) motion was not filed within a "reasonable time" when the motion was filed almost eight months after relevant change in law to bring the Rule 60(b) motion); *see also Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 677-81 (S.D. Tex. 2011) (holding that four-month

delay in bringing Rule 60(b) motion was unreasonable).  Thus, the one-year filing period for some grounds for relief under Rule 60(b) is not a yardstick for what constitutes a "reasonable time" for other Rule 60(b) grounds.

As such, Defendant's Motion, whether seeking relief under Rule 60(b)(3) or (6), should be denied as untimely.

**C.    Defendant's Motion Raises No Claims of Defects in the Integrity of the Federal Habeas Proceedings in His Case, Because His Claims Were Previously Decided on Their Merits.**

Even if Defendant's Motion is deemed to be timely filed, his motion should still be denied because he raises no procedural claims warranting relief.

Rule 60(b) provides that the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for" any one of certain enumerated grounds, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  It was long held that Rule 60(b) does not apply to, and cannot provide relief in, criminal cases. *See, e.g., United States v. Rico,* 797 Fed. Appx. 176 (5th Cir. 2020) (unpub.); *see also United States v. O'Keefe,* 169 F.3d 281,289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case.").

In 2005, the Supreme Court ruled that a Rule 60(b) motion may proceed as long as it does not challenge the merits of a prior 2255 proceeding and focuses on "some defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).  Accordingly, "where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *Gonzalez,* 545 U.S. at 532 & n. 4 (involving § 2254 petition); *see United States v. Williams,* 274 Fed.Appx. 346,

347 (5th Cir.2008) (applying *Gonzalez* to § 2255 motions).  See also *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

In fact, this Court – both a magistrate judge and Your Honor, who presided over Defendant's bench trial – exhaustively considered the merits of Defendant's 2255 motion before denying it in its entirety.  Defendant not only filed his original 2255 motion, but was allowed to file an amended 2255 motion (Doc. 262, 263) which the Court considered.  The magistrate judge thoroughly vetted Defendant's the myriad claims contained in Defendant's 2255 motions, found them to lack merit, and reduced his findings to detailed reports and recommendations (R&R). (Doc. 253 and 270).  Defendant filed objections to the R&Rs (Doc. 259 and 274).  After carefully considering Defendant's 2255 original and amended motions, the magistrate judge's R&Rs, and Defendant's objections and amended objections to the R&R, this Court adopted the magistrate judge's findings and recommendations and denied Defendant's 2255 motion.  (Doc. 275 and 276). This Court denied a certificate of appealability, which was affirmed by the Fifth Circuit.  There were no procedural defects in the review and consideration of Defendant's 2255 motion.  Thus, there were no defects in the integrity of the federal habeas proceedings in Defendant's case.

The statute of limitations issue that Defendant seeks to relitigate has long been decided in the direct appeal to the Fifth Circuit Court of Appeals. *United States v. Diehl,* 775 F.3d 714 (5th Cir. 2015), *cert. denied* 577 U.S. 890, *reh'g denied* 577 U.S. 1024.  Defendant raised this issue on direct appeal, and the Fifth Circuit addressed it and ruled against him, specifically holding that "Section 3283 is the statute of limitations applicable to Defendant's sexual exploitation of a child/production of child pornography charges under § 2251(a)." *Id.* at 721 (citations omitted).

Having lost on direct appeal, Defendant then revived the same attack on the "statute of limitations" as part of his 28 U.S.C. § 2255 post-conviction litigation, requesting that this Court

"allow a special master to review all work product in the possession of the United States concerning the statute of limitations," in a filing titled "Petition for In Camera Inspection by Special Master of All Work Product Concerning the Statute of Limitations" filed on January 11, 2019. *Diehl v. United States,* Nos. 16-CV-1124-LY and 10-CR-297-LY-1, Dkt. No. 272 (W.D. Tex. 2019). In denying Defendant's petition, this Court specifically noted Defendant's litigiousness:

> Diehl made a substantively similar request on October 3, 2016 (Dkt. No. 208). In response to his 2016 request, Diehl was served with a redacted version of the materials he sought and ordered by the magistrate judge to respond with specificity as to why each individual item was needed, the anticipated use of the item in the future, and what good cause existed to release the item to Diehl (Dkt. No. 216). Diehl objected to that order, and this court overruled his objection. (Dkt. Nos. 220, 221). Diehl appealed that order to the Fifth Circuit, which dismissed the appeal for lack of jurisdiction. (Dkt. Nos. 223, 236). Diehl also appealed to the Supreme Court, which denied his petition for a writ of certiorari. (Dkt. No. 244). Diehl provides no new grounds upon which to reconsider this request that have not been considered by the magistrate judge, by this court, or by the Fifth Circuit.

*Id*. at Dkt. 275 at 3. This Court denied Defendant's second request for the statute of limitations "work product" as well as his 2255 motion, and the Fifth Circuit denied Defendant's certificate of appealability on, among other things, his "claim[] concerning limitations." *United States v. Diehl*, No. 19-50165, Dkt. No. 00515406486 (5th Cir. May 6, 2020). On February 4, 2019, this Court entered judgment, ending the case with finality. *Diehl*, Nos. 16-CV-1124-LY and 10-CR-297-LY-1, Dkt. No. 276.

Defendant has also exhaustively litigated the other issues he raises in Defendant's Motion – and lost each one of them on the merits.

Defendant does not – and cannot – claim that the order from which he is seeking relief was entered by default or dismissed without considering the merits. In fact, all of Defendant's claims were previously decided on their merits, either on direct appeal or in the order denying his 2255

motion.  Defendant contends that the courts "ignored" or "failed to address" the claims he raises, but only because those claims were decided unfavorably to him.  Defendant rehashes all of his claims invoking incantations of Rule 60(b) language in an effort to once again relitigate the substance of these claims.

Because Defendant's Motion alleges no defect whatsoever in the integrity of the federal habeas proceedings, Defendant's Motion must be construed as a second and successive 2255 motion.

## D.    Defendant's Motion Constitutes an Improper and Unauthorized Second or Successive 2255 Motion That Must Be Denied

A petitioner who has already filed a 2255 motion may not file a second or successive motion without first obtaining authorization from the circuit court of appeals by demonstrating that the motion involves (a) "newly discovered evidence" so compelling that "no reasonable factfinder would have found [him] guilty of the offense" had the evidence been previously known, or (b) a "new rule of constitutional law" that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. § 2255(h); *see also Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[a] new rule becomes retroactive ... by the action of the Supreme Court."; *Dodd v. United States,* 545 U.S 353 (2005) (holding that the statute of limitations runs from the date the Supreme Court first recognized the right, not the date when it was made retroactive to cases on collateral review).

Here, Defendant did not obtain approval from the Fifth Circuit to file his second or successive 2255 motion; thus, his motion must be denied. 28 U.S.C § 2255(h); *see also In re Bernard,* 826 Fed. Appx. 356 (5th Cir. 2020).

Finally, Defendant has not demonstrated "extraordinary circumstances," such as "the risk of undermining the public's confidence in the judicial process" or "the risk of injustice to the

parties," warranting the reopening of his 2255 proceeding as to any of his claims.  See *Buck v. Davis,* 137 U.S 759 (2017).

III.

CONCLUSION

For the foregoing reasons, Defendant's Motion should be DENIED.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By:        /s/ *Matthew Devlin*
_____
Matthew Devlin
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

On this same date, I hereby certify that I have provided a copy of the document to the following non-CM/ECF participant in accordance with the provisions of Fed. R. Crim. P. 49:

David A. Diehl
Register No. 53214-018
Federal Correctional Complex
USP Coleman II
P.O. Box 1034
Coleman, Florida 33521

/s/ *Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-10-CR-297 LY |
| | § | |
| **DAVID ANDREW DIEHL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**ORDER**

The Court, having considered Defendant's Amended Motion for Consideration of Rule 60(b) Claims (Doc. No. 300) and the United States' response in opposition thereto, finds said motion is untimely.  The Court further finds that even if said motion had been timely filed, it fails to demonstrate any defect in the integrity of the federal habeas proceedings in Defendant's case and, therefore, lacks merit and constitutes an unauthorized second or successive motion under 28 U.S.C. § 2255.  Accordingly,

**IT IS ORDERED** that Defendant's motion is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**SIGNED** this _____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE